## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JVIS-USA, LLC, a Michigan )
limited liability company )
       )
         Plaintiff, )     Civil Action No. 21-10801
       )
v. )     Hon.
       )
NXP SEMICONDUCTORS USA, INC., )
a Delaware corporation; AVNET, INC., )
a New York corporation; and FUTABA )
CORPORATION OF AMERICA, an )
Illinois corporation, )
       )
         Defendants )

## NOTICE OF REMOVAL

This Court has original jurisdiction of this matter under 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants NXP Semiconductors USA, Inc. ("NXP"), Avnet, Inc. ("Avnet"), and Futaba Corporation of America ("Futaba") therefore give notice of the removal of the above-captioned action, originally filed in the 16th Judicial Circuit Court, Macomb County, Michigan, as Case No. 21-001133-CB, to the United States District Court for the Eastern District of Michigan, Southern Division. Defendants file this Notice of Removal without waiver of any procedural or substantive defense, and expressly reserve the right to assert any such defense, including but not limited to lack of personal jurisdiction, improper venue, and *forum non conveniens*.

The grounds for removal are as follows:

**A.**    <u>**Removal to this Court is proper.**</u>

1.    28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2.    Plaintiff JVIS-USA, LLC ("JVIS") filed its Verified Complaint for Injunctive Relief, Specific Performance, Equitable Relief and Declaratory Relief (the "Complaint") in the 16th Judicial Circuit Court, Macomb County, Michigan.

3.    Macomb County, Michigan is within the Eastern District of Michigan, Southern Division.

4.    Accordingly, removal to this Court is proper.

**B.**    <u>**Removal is timely.**</u>

5.    28 U.S.C. § 1446(b)(1) provides in relevant part that a notice of removal of a civil action "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

6.    Plaintiff JVIS filed the Complaint on March 31, 2021.

7.    Defendants subsequently received a copy of the Complaint.

8.     Accordingly, removal is timely as it is made within 30 days of the filing and receipt of the Complaint.

**C.     This case is removable based on diversity of citizenship.**

9.     28 U.S.C. § 1441 provides for removal on the basis of diversity of citizenship. Diversity of citizenship gives rise to a district court's original jurisdiction where the amount in controversy, exclusive of interest and costs, exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a).

10.     The Complaint demands, among other relief, "[t]emporary, preliminary and permanent mandatory injunctive relief, under MCR 3.310(B), requiring Defendants to supply Plaintiff pursuant to the parties' agreements with necessary quantities of components to satisfy Plaintiff's requirements for the Vehicles." (Complaint, ¶ 43(b).). More specifically, Plaintiff seeks a preliminary injunction requiring Defendants to "continue to supply parts to Plaintiff under the quantity and supply terms described in the controlling Purchase Order and Releases and JVIS Terms and Conditions of Purchase." (Plaintiff's Proposed Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue (the "Proposed Order"), ¶2.)

11.     Pursuant to 28 U.S.C. § 1446(c)(2)(A), Futaba states that it is aware of the confidential and proprietary amounts in the redacted Purchase Orders attached

to the Verified Complaint and that the value of the injunctive and other relief demanded by Plaintiff JVIS based on those amounts alone (excluding Plaintiff's other requested relief) exceeds $75,000, exclusive of interests and costs. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347; 97 S. Ct. 2434; 53 L. Ed. 383 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

12.     Moreover, JVIS claims that the dispute involves exposing "JVIS to millions of dollars in liquidated damages." (Plaintiff's Verified Emergency and *Ex Parte* Motion for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion") at 2.) JVIS has thus placed substantially more than the jurisdictional minimum at issue in this matter.

13.     Defendant NXP is a Delaware corporation and has its principal place of business in Austin, Texas. Accordingly, NXP is a citizen of Delaware and Texas.

14.     Defendant Avnet, Inc. is a New York corporation and has its principal place of business in Phoenix, Arizona. Accordingly, Avnet is a citizen of New York and Arizona.

15.     Defendant Futaba Corporation of America is an Alabama corporation and has its principal place of business in Schaumburg, Illinois. Accordingly, Futaba is a citizen of Alabama and Illinois.

16.     Plaintiff JVIS is a Michigan limited liability company with its headquarters in Shelby Township, Michigan. (Complaint, ¶ 1.) Based on Defendants' investigation of publicly available documents and corporate information, it does not appear that any of JVIS's members are citizens of Delaware, Texas, New York, Arizona, Alabama, or Illinois. JVIS is therefore a citizen of Michigan and not of Delaware, Texas, New York, Arizona, Alabama, or Illinois.

17.     Accordingly, this case is removable based on diversity of citizenship, as the amount in controversy far exceeds the jurisdictional threshold and there is complete diversity of citizenship between Plaintiff and Defendants.

**D.     <u>All Defendants consent to removal.</u>**

18.     28 U.S.C. § 1446(b)(2) provides that where an action is removed based on diversity of citizenship, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *See, e.g., Klima Well Svcs. v. Hurley*, 2014 U.S. Dist. LEXIS 166570, Case No. 14-1250-SAC, at *3 (D. Kan. Dec. 2, 2014).

19.     All Defendants consent to removal of this action. In accordance with L.R. 81.1(b), Defendants state that the above facts in the above paragraphs support removal.

**E.**     **Other requirements are met.**

20.     In accordance with 28 U.S.C. § 1446(a), all process, pleadings, and orders received by Defendants are attached hereto as **Exhibit A** (Complaint); **Exhibit B** (Summons to NXP); **Exhibit C** (Summons to Avnet); **Exhibit D** (Summons to Futaba); **Exhibit E** (Motion); **Exhibit F** (Request for Hearing); **Exhibit G** (Certification of Counsel); **Exhibit H** (E-Filing Notice); and **Exhibit I** (Notice of Zoom Hearing).

21.     In accordance with 28 U.S.C. § 1446(d), promptly after filing this notice, NXP will give written notice to Plaintiff and shall file a copy of this notice with the clerk of the 16th Judicial Circuit Court, Macomb County, Michigan.

22.     All requirements for removal are met.

WHEREFORE, the above-captioned action, originally filed in the 16th Judicial Circuit Court, Macomb County, Michigan, as Case No. 21-001133-CB, is removed to the United States District Court for the Eastern District of Michigan, Southern Division.

Dated: April 9, 2021                     Respectfully submitted by:

/s/ Maxwell Goss
Maxwell Goss (P78594)
FISHMAN STEWART, PLLC
810 Tower Drive, Suite 610
Troy, Michigan 48098
Tel: (248) 594-0604
Fax: (248) 594-0610
mgoss@fishstewip.com

*Local Counsel for Defendant NXP*
*Semiconductors USA, Inc.*

Marc B. Collier (TX 00792418)*
Eric C. Green (TX 24069824)*
NORTON ROSE FULBRIGHT USA LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Tel: (512) 474-5201
Fax: (512) 536-4598
marc.collier@nortonrosefulbright.com
eric.green@nortonrosefulbright.com
*Lead Counsel for Defendant NXP*
*Semiconductors USA, Inc.*

*Application for admission forthcoming*


/s/ John Benko (w/ permission)
John Benko (P58874)
Michael Latiff (P51263)
Timothy Lowe (P68669)
MCDONALD HOPKINS, PLC
39533 Woodward Ave., Suite 318
Bloomfield Hills, Michigan 48304
Tel: (248) 220-1352
Fax: (248) 646-5075
jbenko@mcdonaldhopkins.com
mlatiff@mcdonaldhopkins.com
tlowe@mcdonaldhopkins.com
*Attorneys for Defendant Avnet, Inc.*


/s/ Dennis M. Barnes (w/ permission)
Dennis M. Barnes (P39401)
BARRIS, SOTT, DENN & DRIKER, PLLC
333 W. Fort St., Suite 1200
Detroit, Michigan 48226
Tel: (313) 596-9329
dbarnes@bsdd.com

45337519 v1

7

*Attorneys for Defendant*
*Futaba Corporation of America*

Bryan O. Balogh*
Jacob A. Burchfield*
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, Alabama 35203
Tel: (205) 251-3000
Fax: (205) 458-5100
bbalogh@burr.com
jburchfield@burr.com
*Attorneys for Defendant*
*Futaba Corporation of America*

*Application for admission forthcoming*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on April 9, 2021, the undersigned caused the foregoing

document to be served on counsel for all parties via email and U.S. mail:

/s/ Maxwell Goss

Maxwell Goss

# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

JVIS-USA, LLC, a Michigan limited liability
company,

        Plaintiff,

v.

NXP SEMICONDUCTORS USA, INC., a
Delaware corporation; AVNET, INC., a New York
corporation; and FUTABA CORPORATION OF
AMERICA, an Illinois corporation,

        Defendants.

_____/

David B. Viar (P43479)
Martha J. Olijnyk (P60191)
Attorneys for Plaintiff
THE MILLER LAW FIRM, P.C.
950 W. University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
dbv@miller.law
mjo@miller.law

_____/

Hon. KATHRYN VIVIANO

Case No.   21- 001133   CB

There is no other civil action arising out of the same
Transaction or occurrence as alleged in the Complaint
pending in this court, nor has any such action been previously
filed and dismissed after having been assigned to a Judge.

  /s/  David B. Viar
_____
David B. Viar (P43479)

**This case qualifies for assignment to the Business Court pursuant to MCR 2.112(O)(1)**

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, SPECIFIC PERFORMANCE,
EQUITABLE RELIEF AND DECLARATORY RELIEF**

    Plaintiff JVIS-USA, LLC, by its attorneys, The Miller Law Firm, P.C., and for its
Complaint against NXP Semiconductors USA, Inc., Avnet, Inc., and Futaba Corporation of
America, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

    1.    Plaintiff JVIS-USA, LLC ("JVIS") is a Michigan limited liability company with its
headquarters located in Shelby Township, Michigan and a production and assembly plant in

1

Clinton Township, Michigan.

2.       Defendant NXP Semiconductors USA, Inc. ("NXP"), is a Delaware corporation with a location in Novi, Michigan and with a resident agent located in East Lansing, Michigan.

3.       Defendant Avnet, Inc. ("Avnet") is a New York corporation with a location in Novi, Michigan and with a resident agent located in Plymouth, Michigan.

4.       Defendant Futaba Corporation of America ("Futaba") is an Illinois corporation with a resident agent located in Plymouth, Michigan.

5.       General and limited personal jurisdiction over Defendants exists in Michigan under MCL § 600.711 and § 600.715 because Defendants entered into agreements with Plaintiff in Michigan.  In addition, Defendants carry on a continuous and systematic part of their general business in Michigan.

6.       Further, Futaba has agreed to jurisdiction in this Court, pursuant to the terms and conditions governing the JVIS-Futaba contract at issue.

7.       Subject matter jurisdiction is proper in this Court pursuant to MCL § 600.605 because (a) the amount in controversy, exclusive of interest, costs and attorneys' fees, exceeds $25,000; and (b) Plaintiff seeks equitable relief.

8.       Venue is proper in this County as the contract at issue provides that venue is proper in this County, the agreements were negotiated and entered into in this County, tortious injury has been suffered by Plaintiff in this County, and Defendants conduct business in this County, including the events and/or transactions at issue in this case.

## GENERAL ALLEGATIONS

9.       JVIS is an automotive supplier that manufactures and assembles automotive components for Tier One suppliers and Original Equipment Manufacturers ("OEMs").  Pertaining

2

to the components at issue here, JVIS has an agreement to supply Stellantis, NV, f/k/a FCA US, LLC ("FCA") the integrated center stack for use in two vehicle series, the "W-Series," which includes the Jeep Grand Cherokee and the "L-Series," which includes the Dodge Challenger, Dodge Charger, and Chrysler 300 (collectively, the "Vehicles").

10.     JVIS purchases printed circuit board assemblies ("Boards") from Futaba, which are incorporated into the integrated center stacks for the W Series and L Series vehicles in order to control the vehicle heat, ventilation, air conditioning, and radio.

11.     JVIS and Futaba are parties to a written purchase order contract for JVIS's purchase of the Boards.  (Exhibit 1, Purchase Order 6672 (confidential pricing redacted))  The contract is governed by the JVIS Terms and Conditions of Purchase which are included in the purchase order document.  (*Id.*)

12.     JVIS ships the integrated center stacks to Mayco International, LLC ("Mayco") for integration into Mayco's instrument panel (dashboard) for the Vehicles at its Sterling Heights, Michigan, plant.  After incorporating the integrated center stacks, Mayco ships the instrument panels to FCA's assembly plants in Detroit, Michigan (W-Series) and Brampton, Ontario (L-Series).

13.     Futaba purchases microprocessors from NXP, through its distributor, Avnet, which Futaba incorporates into the Boards that it supplies to JVIS.

14.     Futaba purchases two-part numbers from Avnet and NXP, one that is incorporated into the W-Series vehicles and a different part number that is incorporated into the L-Series vehicles.

15.     Futaba, Avnet, and NXP have advised JVIS that NXP will not be supplying Avnet and Futaba with microprocessors in the quantities that Futaba has ordered in order to supply JVIS,

based on JVIS's orders to Futaba.  JVIS has attempted to work with Defendants in an effort to secure the required supply.  JVIS has even offered solutions such as suggesting that NXP produce no L-Series parts for a period of time and instead use its production capacity to produce W-Series parts, since JVIS is in a better position to eke out supply as to L-Series than W-Series.  Indeed, FCA recently announced that, due to shortages related to other suppliers, it is closing its Brampton, Ontario plant for three weeks such that JVIS will not need L-Series parts in the near term.  NXP has not agreed to switch production from L-Series parts to W-Series parts.

16.     Currently, JVIS's Board orders to Futaba require the use of approximately 70,000 of NXP's W-Series microprocessors for use in the second quarter of 2021.  On or about February 23, 2021, NXP and Avnet promised and agreed with JVIS that they would supply 42,000 W-Series microprocessors and 21,000 L-Series microprocessors for use in the Boards.  NXP and Avnet shared an electronic list of the part numbers it would supply with a detailed listing of the quantities of parts to be delivered each week.  This list was not provided to JVIS other than in a view only format on a computer screen, but JVIS was able to take a photo of the computer screen capturing these agreed quantities and shipment dates.  (Exhibit 2, Photo)

17.     Based on the substantial shortfall, JVIS exercise its legal rights under the Uniform Commercial Code and demanded adequate assurances of performance from Defendants on March 16, 2021.  (Exhibit 3, JVIS March 16, 2021 Letter)  Defendants each responded but did not provide the requested assurances.  Ten days after Plaintiff's demand for assurances, on March 26, 2021, NXP reduced the amount of W-Series microprocessors earmarked for JVIS from 42,000 to 27,000 and increased the L-Series quantity from 21,000 to 24,000, despite that JVIS had requested less L-Series microprocessors in favor of more W-Series microprocessors.  Based on the current

information, JVIS's assembly operations will shut down for lack of Boards on April 19, 2021 and

FCA's operations will shut down within approximately the first 10 days of May, 2021.

18.     NXP and Avnet have knowledge of JVIS's contract with Futaba and are aware of

Futaba's obligation to supply JVIS with its requirements of Boards under that contract.

19.     Futaba, as Seller, agreed to timely deliver the required quantities of Boards to JVIS

so that JVIS, as Buyer, could meet its ongoing obligations to FCA. Futaba agreed to the following,

among other things:

    a.  Under **Section 1 relating to the Orders**, the "Buyer's order for the purchase of any goods or services (the "Items") shall be expressly limited to the written purchase order issued by Buyer and the standard terms and conditions set forth herein," and that "any additional or different terms proposed by Seller are rejected unless specifically agreed to by Buyer in writing."

    b.  Under **Section 3 relating to Deliveries**, Futaba acknowledges that "time is of the essence" and that it is responsible for shipment to JVIS' facility;

    c.  Under **Section 7 relating to Production Orders**, if the purchase order is designated a blanket parts order, and if no quantity is specified, the "order is for all of Buyer's requirements of the Items while the order is in effect and Seller shall have the capacity to meet the peak volume demands of Buyer," and that unless otherwise stated, "blanket parts orders are for the life of the program subject to the life of the program …" (Exhibit 1.)

20.     The Purchase Order is a blanket order for JVIS's requirements of the parts.

21.     Futaba is the sole supplier of the Boards approved for use in the Vehicles and JVIS

relies upon continued shipment of the Boards in order to fulfill its supply obligations to FCA. The

automotive industry operates on a "just-in-time" delivery basis. This means automobile

components are delivered only as required by current production of the OEM customers, and often

either on the same day or just hours before the products are to be incorporated into an automobile.

22.     Because the automotive manufacturing process uses just-in-time manufacturing, an

inventory shortage of any components will result in a break in the supply chain. If Futaba does

not supply the Boards at issue on time and in the amounts required and ordered by JVIS, then JVIS will be unable to assemble the center portion of the instrument panel and its assembly operations will be shut down.  In turn, without JVIS's integrated center stacks, Mayco will be unable to assemble complete instrument panels for FCA and Mayco's assembly operations will shut down. Without instrument panels, FCA will be forced to shut down its assembly operations.  Without being able to complete its vehicles, which will have a further cascading effect on an already beleaguered supply base, halting operations for suppliers that provide other parts for the Vehicles which cannot be fully assembled without the instrument panels.

23.     Based on the just-in-time delivery system, JVIS and other suppliers in the chain do not have inventories of the components and if Futaba fails to supply JVIS will be forced to shut down its production facilities just a day or few days thereafter.  No other source is available for the Boards on an off the shelf basis as the Boards are unique.

24.     If Defendants fail to provide the agreed-upon microprocessors, they will cause irreparable harm to Plaintiff because it will cause an interruption in production at their plants, at Mayco and at FCA, shutting down operations at those plants and other suppliers in the industry as well, affecting dozens of companies and thousands of workers.  FCA is one of Plaintiff's most important customers and causing a shutdown at FCA will cause irreparable harm to JVIS's reputation and relationships with FCA.

## <u>COUNT I - INJUNCTIVE RELIEF (NXP, Futaba, Avnet)</u>

25.     Plaintiff incorporates by reference all preceding paragraphs.

26.     Defendants have breached or anticipatorily breached the Parties' agreements and promises by stating that they will no longer provide the specified parts at the required quantities.

27.     As a direct and proximate result of Defendants' breaches, Plaintiff will be greatly damaged without a continual supply of parts according to the Parties' agreements and promises

28.     Plaintiff will be unable to timely supply products to Mayco and FCA if Defendants do not provide the specified parts in the quantities required and ordered on a timely basis as required under the Parties' agreements and promises.

29.     Plaintiff cannot re-source supply from a substitute source in less than the time it will take for Plaintiff to suffer irreparable harm when production lines are shut down. When JVIS's production halts, workers will be adversely affected not only at Plaintiff's plant but also at Mayco and FCA's plants.  This will also have a ripple effect on the suppliers of other parts to the OEMs when shutdown occurs.

30.     In addition, Plaintiff will suffer damages to its relationship with FCA and the goodwill Plaintiff has worked hard to build up with FCA.

31.     Defendant's refusal to provide the parts to Plaintiff as required under the Parties' agreements will cause Plaintiff irreparable injury that cannot be remedied at law.

32.     WHEREFORE, Plaintiff requests that this Court enter the following orders:

    a.   Temporary, preliminary and permanent injunctive relief, under MCR 3.310(B) preventing Defendants from taking any action inconsistent with its agreements and promises with Plaintiff;

    b.   Temporary, preliminary and permanent mandatory injunctive relief, under MCR 3.310(B), requiring Defendants to supply Plaintiff pursuant to the parties' agreements with necessary quantities of components to satisfy Plaintiff's requirements for the Vehicles; and

c.  All such other relief as this Court may deem just, equitable or appropriate under the circumstances.

## COUNT II – BREACH OF CONTRACT (NXP)

33.  Plaintiff incorporates by reference all preceding paragraphs.

34.  Plaintiff entered into a valid and enforceable oral agreement with NXP pursuant to which NXP agreed to supply 42,000 W-Series microprocessors and 21,000 L-Series microprocessors to Plaintiff for use in the second quarter of 2021.

35.  NXP's notice to Plaintiff that it will not supply the components under its oral contract with Plaintiff constitutes a repudiation and breach of the parties' contracts, damaging to Plaintiff.

36.  Defendant has breached or anticipatorily breached the Parties' supply agreement by stating that Defendant will no longer provide the specified parts at the required quantities.

37.  As a direct and proximate result of Defendant's breaches of contract, Plaintiff will be greatly damaged without a continual supply of parts according to the Parties' agreements.

38.  WHEREFORE, Plaintiff requests that this Court enter the following orders:

a.  Temporary, preliminary and permanent injunctive relief, under MCR 3.310(B) preventing NXP from taking any action inconsistent with its agreement with Plaintiff;

b.  Temporary, preliminary and permanent mandatory injunctive relief, under MCR 3.310(B), requiring NXP to supply Plaintiff pursuant to the parties' agreements with necessary quantities of components to satisfy Plaintiff's requirements for the Vehicles;

c.   Such monetary damages in excess of $25,000 as this court shall find just, equitable, or appropriate;

d.   An award of legal fees and other costs; and

e.   All such other relief as this Court may deem just, equitable or appropriate under the circumstances.

## COUNT III – SPECIFIC PERFORMANCE (NXP, Futaba, Avnet)

39.   Plaintiff incorporates by reference all preceding paragraphs.

40.   If Defendants do not adequately perform their obligations under their contracts with Plaintiff, Plaintiff will have no adequate remedy at law for the harm caused by such breach.

41.   Under MCL § 440.2716 (Section 2716 of Michigan's Uniform Commercial Code), Plaintiff is entitled to Specific Performance. Section 2716 state, in pertinent part, that "specific performance may be decreed where the goods are unique or in other proper circumstances." The components at issue are unique. Further, proper circumstances exist because Plaintiff will not be able to obtain an alternative source of supply in sufficient time to avoid irreparable harm and will suffer dire consequences as noted above.

42.   Accordingly, Plaintiff requests that this Court order Defendants to continue to produce and supply components to Plaintiff pursuant to their agreements with Plaintiff.

43.   WHEREFORE, Plaintiff requests that this Court enter the following orders:

a.   Temporary, preliminary and permanent injunctive relief, under MCR 3.310(B) preventing Defendants from taking any action inconsistent with their agreements with Plaintiff;

b.   Temporary, preliminary and permanent mandatory injunctive relief, under MCR 3.310(B), requiring Defendants to supply Plaintiff pursuant to the parties'

9

agreements with necessary quantities of components to satisfy Plaintiff's requirements for the Vehicles;

c.   Such monetary damages in excess of $25,000 as this court shall find just, equitable, or appropriate;

d.   An award of legal fees and other costs; and

e.   All such other relief as this Court may deem just, equitable or appropriate under the circumstances.

**COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT (NXP and Avnet)**

44.   Plaintiff incorporates by reference all preceding paragraphs.

45.   Plaintiff has an existing contractual agreement with Futaba.  (Exhibit 1)

46.   NXP and Avnet have knowledge of Plaintiff's contract with Futaba.

47.   NXP and Avnet induced Futaba to breach the Agreement by refusing to supply Futaba with the necessary parts ordered by Futaba and failing to allocate requisite production capacity and parts for Futaba.

48.   Each failure by Futaba to meet the quantities required on the ship dates specified by Plaintiff constitutes a separate and distinct act of interference on the part of Defendants.

49.   NXP and Avnet engaged in multiple independent acts of interference including but not limited those listed above.

50.   NXP and Avnet's actions were intentional, were taken with malice, or were unjustified in law in order to invade the contractual rights of Plaintiff.

51.   NXP and Avnet were unjustified in their instigation of the breach of contract by Futaba.

52.     As a direct result of NXP and Avnet's interference with contract, Plaintiff has been harmed.

53.     WHEREFORE, Plaintiff requests that this Court enter the following orders:

a.  Temporary, preliminary and permanent injunctive relief, under MCR 3.310(B) preventing Futaba from taking any action inconsistent with its supply obligations to Plaintiff;

b.  Temporary, preliminary and permanent mandatory injunctive relief, under MCR 3.310(B), requiring Futaba to supply Plaintiff pursuant to the parties' agreements with necessary quantities of components to satisfy Plaintiff's requirements for the Vehicles;

c.  Such monetary damages in excess of $25,000 as this court shall find just, equitable, or appropriate;

d.  An award of legal fees and other costs; and

e.  All such other relief as this Court may deem just, equitable or appropriate under the circumstances.

**COUNT V - ANTICIPATORY REPUDIATION OF CONTRACT (Futaba)**

54.     Plaintiff incorporates by reference all preceding paragraphs.

55.     Plaintiff and Futaba entered into a valid and enforceable agreement whereby, among other things, Futaba agreed to supply Boards to Plaintiff.  (Exhibit 1)

56.     Futaba has threatened to stop performing, in violation of the Terms and Conditions of its contract with Plaintiff.

57.     The loss of Futaba's performance under the contract with Plaintiff will substantially impair the value of the contract to Plaintiff.

11

58.     Futaba has anticipatorily repudiated its contract with Plaintiff by stating that it will not supply Plaintiff with the required number of parts on time.

59.     As a result of Defendant's anticipatory repudiation, Plaintiff will be greatly damaged without a continual supply of parts according to the Parties' agreement.

60.     Plaintiff must rely exclusively on Defendant for the underlying parts and cannot go elsewhere for these parts, at least within a timeframe in which Plaintiff would be able to continue to fulfill its contractual obligations to FCA. Accordingly, a stoppage in the supply of these parts will eventually lead to damages to OEM plants as well.

61.     As a result of Futaba's anticipatory repudiation, Plaintiff is entitled to injunctive relief and an order of specific performance of the contract because the components are products that cannot be readily obtained from anyone else.

62.     WHEREFORE, Plaintiff requests that this Court enter the following orders:

a.  Temporary, preliminary and permanent injunctive relief, under MCR 3.310(B) preventing Futaba from taking any action inconsistent with its supply obligations to Plaintiff;

b.  Temporary, preliminary and permanent mandatory injunctive relief, under MCR 3.310(B), requiring Futaba to supply Plaintiff pursuant to the parties' agreements with necessary quantities of components to satisfy Plaintiff's requirements for the Vehicles;

c.  Such monetary damages in excess of $25,000 as this court shall find just, equitable, or appropriate;

d.  An award of legal fees and other costs; and

e.   All such other relief as this Court may deem just, equitable or appropriate under the circumstances.

## COUNT VI – BREACH OF CONTRACT (Futaba)

63.   Plaintiff incorporates by reference all preceding paragraphs.

64.   Plaintiff and Futaba entered into a valid and enforceable agreement whereby, among other things, Futaba agreed to supply Boards to Plaintiff.  (Exhibit 1)

65.   Defendant has breached or anticipatorily breached the Parties' supply agreement by stating that Defendant will no longer provide the specified parts at the required quantities.

66.   As a direct and proximate result of Defendant's breaches of contract, Plaintiff will be greatly damaged without a continual supply of parts according to the Parties' agreements.

67.   WHEREFORE, Plaintiff requests that this Court enter the following orders:

a.   Temporary, preliminary and permanent injunctive relief, under MCR 3.310(B) preventing Futaba from taking any action inconsistent with its supply obligations to Plaintiff;

b.   Temporary, preliminary and permanent mandatory injunctive relief, under MCR 3.310(B), requiring Futaba to supply Plaintiff pursuant to the parties' agreements with necessary quantities of components to satisfy Plaintiff's requirements for the Vehicles;

c.   Such monetary damages in excess of $25,000 as this court shall find just, equitable, or appropriate;

d.   An award of legal fees and other costs; and

e.   All such other relief as this Court may deem just, equitable or appropriate under the circumstances.

13

## COUNT VII – BREACH OF CONTRACT (Avnet)

68.    Plaintiff incorporates by reference all preceding paragraphs.

69.    Plaintiff entered into a valid and enforceable oral agreement with Avnet pursuant to which Avnet agreed to supply 42,000 W-Series microprocessors and 21,000 L-Series microprocessors to Plaintiff for use in the second quarter of 2021.

70.    Avnet's notice to Plaintiff that it will not supply the components under its oral contract with Plaintiff constitutes a repudiation and breach of the parties' contracts, damaging to Plaintiff.

71.    Defendant has breached or anticipatorily breached the Parties' supply agreement by stating that Defendant will no longer provide the specified parts at the required quantities.

72.    As a direct and proximate result of Defendant's breaches of contract, Plaintiff will be greatly damaged without a continual supply of parts according to the Parties' agreements.

73.    WHEREFORE, Plaintiff requests that this Court enter the following orders:

   a.   Temporary, preliminary and permanent injunctive relief, under MCR 3.310(B) preventing Avnet from taking any action inconsistent with its agreement with Plaintiff;

   b.   Temporary, preliminary and permanent mandatory injunctive relief, under MCR 3.310(B), requiring Avnet to supply Plaintiff pursuant to the parties' agreements with necessary quantities of components to satisfy Plaintiff's requirements for the Vehicles;

   c.   An award of legal fees and other costs; and

   d.   All such other relief as this Court may deem just, equitable or appropriate under the circumstances.

14

## COUNT VIII – DECLARATORY JUDGMENT (NXP, Futaba, Avnet)

74.    Plaintiff incorporates by reference all preceding paragraphs.

75.    Defendants advised Plaintiff that Defendant they intend to cease supplying Plaintiff with the promised and agreed parts on time.

76.    According to the Parties' agreements, Defendant does not have the right to unilaterally change the terms of the agreements or promises, including the quantities and shipment dates.

77.    This Court has the power under MCR 2.605 to adjudicate this issue and enter a judgment declaring the respective rights of the Parties.

78.    It is necessary for the Court to adjudicate these rights in order to guide the Parties' future conduct in this matter.

79.    WHEREFORE, Plaintiff request that this court enter a judgment in its favor declaring that Defendants does not have the right to change the terms of the agreements or promises, including the quantities and shipment dates, and all other relief as this Court may deem just, equitable, or appropriate under the circumstances.

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**
Attorneys for Plaintiff

*/s/  David B. Viar*
David B. Viar (P43479)
Martha J. Olijnyk (P60191)
950 W. University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200

Dated: March 31, 2021

## **VERIFICATION**

State of Michigan     }
                           }
County of Macomb    }

      I, Jack Fuery hereby certify that I am employed by JVIS-USA, LLC ("Plaintiff") as Vice President of Operations.  I am authorized to verify the foregoing Verified Complaint on behalf of Plaintiff, and do so based upon personal knowledge, Plaintiff's records, and/or matters made known to me.  I, therefore, verify that the facts stated in the foregoing Verified Complaint are true and correct to the best of my personal knowledge, information and belief.

_____
Jack Fuery

Subscribed to and sworn before me
on this 31 day of March, 2021

_____
Notary Public

DARIUS J. PREISLER
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES Dec 12, 2024
ACTING IN COUNTY OF _Macomb_

# EXHIBIT 1



**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | | FREIGHT CHARGES | |
|---|---|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X | COLLECT | INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| 5 | X40017300XX | PCB SPORT | .00 | EA | ███ | EA | ███ |
| 13 | X40016600XX | PCB ODD 3 BUTTON | .00 | EA | ███ | EA | ███ |
| 14 | X99040000XX | 3 button ATC<br>ECR 092215-0002<br>X99040000XX | .00 | EA | ███ | EA | ███ |
| 15 | X99041000XX | 4 button ATC<br>ECR 092215-0002<br>X99041000XX | .00 | EA | ███ | EA | ███ |
| 16 | X99042000XX | 4 button ATC<br>ECR 092215-0002<br>X99042000XX | .00 | EA | ███ | EA | ███ |
| 17 | X99043000XX | 1 button nonATC<br>ECR 092215-0002<br>X99043000XX | .00 | EA | ███ | EA | ███ |
| 18 | X99044000XX | 2 button nonATC<br>ECR 092215-0002<br>X99044000XX | .00 | EA | ███ | EA | ███ |
| 19 | X99045000XX | 2 button ATC | .00 | EA | ███ | EA | ███ |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| CONTINUED NEXT PAGE ...... | |

PAGE:  1



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| **S U P P L I E R** | **S H I P - T O** |
|---|---|
| Z117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | | SHIP VIA | | |
|---|---|---|---|---|---|
| NET 45 DAYS | SHIPPING POINT | | BEST WAY | | |
| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES | |
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT   INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | ECR 092215-0002<br>X99045000XX | | | | | |
| 20 | X99046000XX | 3 button ATC<br>ECR 092215-0002<br>X99046000XX | .00 | EA | ▮ | EA | ▮ |
| 21 | X99047000XX | 4 button ATC<br>ECR 092215-0002<br>X99047000XX | .00 | EA | ▮ | EA | ▮ |
| 22 | X99048000XX | 4 button ATC<br>ECR 092215-0002<br>X99048000XX | .00 | EA | ▮ | EA | ▮ |
| 35 | X40021301XX | PCB 5" 4 BUTTON<br>2018 WK/WD ICS | .00 | EA | ▮ | EA | ▮ |
| 36 | X40020901XX | PCB 5" 5 BUTTON<br>2018 WK/WD ICS | .00 | EA | ▮ | EA | ▮ |
| 37 | X99144001XX | 18 WK 8.4 3 BUTTON<br>AMBER PCB | .00 | EA | ▮ | EA | ▮ |
| 38 | X40021401XX | PCB 8.4" 4 BUTTON | .00 | EA | ▮ | EA | ▮ |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| <br><br>**CONTINUED NEXT PAGE ......** | |

PAGE:  2



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES | | |
|---|---|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID  X | COLLECT | INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | 2018 WK/WD ICS | | | | | |
| 39 | X40021101XX | PCB 8.4" 5 BUTTON<br>2018 WK/WD ICS | .00 | EA | ███ | EA | ███ |
| 40 | X40020602XX | PCB 8.4" 5 BUTTON SRT NAFTA<br>ALL BLUE & AMBER ESC | .00 | EA | ███ | EA | ███ |
| 41 | X40020802XX | PCB 8.4" 5 BUTTON SRT BUX<br>ALL BLUE & AMBER FRT & REAR<br>DEFROST & ESC | .00 | EA | ███ | EA | ███ |
| 42 | X40021701XX | PCB 8.4" 6 BUTTON<br>2018 WK/WD ICS | .00 | EA | ███ | EA | ███ |
| 43 | X40021501XX | PCB 8.4" 7 BUTTON<br>2018 WK ICS | .00 | EA | ███ | EA | ███ |
| 47 | X99186000XX | PCB 5" 6 BUTTON 2018 WD ICS<br>AMBER<br>X99186000XX | .00 | EA | ███ | EA | ███ |
| 48 | X99192000XX | 18 WK BUX 8.4" 4 BUTTON SRT<br>ECR 030617-0001<br>X99192000XX | .00 | EA | ███ | EA | ███ |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| SUPPLIER | SHIP-TO |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES | | |
|---|---|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X | COLLECT | INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| 49 | X40014000XX | PCB 8" 3 BUTTON<br>2015 WD ICS SERVICE<br>X40014000XX | .00 | EA | ███ | EA | ███ |
| 50 | X40013900XX | PCB 8" 2 BUTTON<br>2015 WD ICS SERVICE<br>X40013900XX | .00 | EA | ███ | EA | ███ |
| 51 | X40013700XX | PCB 5" 2 BUTTON<br>2015 WD ICS SERVICE<br>X40013700XX | .00 | EA | ███ | EA | ███ |

1. ORDER: Buyer's order for the purchase of any goods or services (the "Items") shall be expressly limited to the written purchase order issued by Buyer and the standard terms and conditions set forth herein. Any additional or different terms proposed by Seller are rejected unless specifically agreed to by Buyer in writing. Seller may accept the order by either:
(i)
written acknowledgement sent to Buyer or (ii) Seller's supply of the Items and Buyer's acceptance of the Items shall also give rise to an agreement on the terms and conditions stated herein. Buyer may modify these standard terms and conditions by posting the revised terms and conditions on Buyer's website or by sending directly to Seller
2. PRICES: Unless otherwise agreed in writing, prices shall be as stated

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE: 4



P.O. Box 530
**JVIS USA** LLC  Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | | SHIP VIA | |
|---|---|---|---|---|
| NET 45 DAYS | SHIPPING POINT | | BEST WAY | |

| DATE ORDERED<br>1/01/19 | DATE REQUIRED<br>Per Schedule | TAXABLE | NON-TAXABLE<br>X | PREPAID X | COLLECT | FREIGHT CHARGES<br>INVOICE |
|---|---|---|---|---|---|---|

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | in Buyer's purchase order.  The prices stated on the face of the purchase order include, and Seller therefore assumes and agrees to pay, any and all federal, state and/or local taxes applicable to the manufacture, transportation and sale of the Items by Seller to Buyer.  The prices also include the packaging and crating and transportation charges to Buyer's facility.  No charges will be allowed for transportation, packaging, packing or containers unless specifically stated.<br>Seller represents that the prices charged for the Items covered by the order are the lowest prices charged by Seller to buyers of the same class as Buyer under conditions similar to those specified in the order and that prices comply with applicable government regulations in effect at the time of quotation, sale, and delivery.  Seller agrees that any price reduction made in the Items covered by the order subsequent to its placement but prior to payment will be applicable to Buyer's order.  Buyer shall have the right to perform financial audits of Seller's books and records to verify the cost and pricing of the Items.<br>Buyer reserves the right to market test any Item being supplied and terminate for cause under Section 6 if Seller is not cost competitive. Service parts will be produced for at least ten years after the end of a program at the last production price.<br>3. DELIVERY:  Time is of the essence.  Buyer may refuse to accept all or any part of Items which are not received by the time specified, or if no delivery date is fixed, within a reasonable time.<br>Seller shall be responsible for shipment to Buyer's facility, unless otherwise agreed in writing.  A packing list shall accompany each shipment. | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE . . . . . .** | |

PAGE: 5



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| REVISION # | 21 |
|---|---|
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | | SHIP VIA | |
|---|---|---|---|---|
| NET 45 DAYS | SHIPPING POINT | | BEST WAY | |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES | | |
|---|---|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X | COLLECT | INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | Seller shall send Buyer an original invoice and one duplicate with bill of of lading inserted for each shipment. Invoices shall bear a number corresponding to Buyer's purchase order number.  Invoices must be received by the Buyer not later than the time the Items ordered arrive at Buyer's facility.<br>All shipments must be packaged and must conform with Buyer's packaging approval so as to permit efficient handling and to provide protection in shipment, and if tendered to a common carrier for delivery, must also conform to the packaging requirements applicable to such carrier. Damage to any articles resulting from improper packaging will be charged to Seller.<br>Weekend, holiday and after hours deliveries may be required by Buyer based on production demands of its customer.  Seller will be liable for expedited delivery expense if delivery is not timely made by normal means.<br>4.  WARRANTIES:  Seller warrants: (i) that the Items conform in all respects with the description, standards and specifications furnished or specified by Buyer and also with  any catalogue, manual, or brochure of the Seller;  (ii)  the Items conform in all respects to any models, samples, drawings or other description presented to Buyer by Seller in connection with such Items, or submitted by Buyer to Seller in connection with such Items ; (iii) that the Items are merchantable, fit for the purposes for which such Items are intended, free from defects of workmanship and materials; (iv) that Seller has good title to such Items and (v) that Seller has and will in the future comply with all applicable federal, state and local laws, rules and regulations. These express warranties shall not | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE:  6



**JVIS USA** LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID [X]  COLLECT [ ]  INVOICE [ ] |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | limit those warranties which are implied by applicable law and Seller may not disclaim such implied warranties.<br>Seller will comply with all requirements set forth in Buyer's Supplier Quality Manual. Seller may access the latest version of the Manual on Buyer's website or request a written copy from Buyer.<br>Seller agrees to comply with any customer requirements that Buyer is subject to which relate to the Items. Seller shall indemnify and defend Buyer for all claims and expenses that are in any way related to issues with the Items provided by Seller including, but not limited to, product liability claims and recalls and costs of sorting, testing and inspection.<br>5.  INSPECTION:  Buyer shall have the right to inspect and test all Items, including supplies, special tooling, materials and workmanship to the extent practicable at all times and places, including during the period of manufacture.  Seller shall also provide and maintain an adequate inspection system. If any Items delivered or services rendered hereunder are defective in material or workmanship (or otherwise not in conformity with the with the requirements of the order).<br>Buyer shall have the right, notwithstanding payment or any prior inspection or test, either to reject and/or revoke acceptance and return said Items to require its correction and/or to recover damages in accordance with applicable law including Article 2 of the Uniform Commercial Code.  Any work which is required shall be corrected by and at the expense of Seller promptly after notice. Property which is rejected or required to be corrected shall be removed (if permitted or required by Buyer) or corrected in place, by and at the expense of Seller promptly after | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE:   7



**JVIS USA** LLC
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| SUPPLIER | SHIP-TO |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X COLLECT INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | notice. If the Seller fails promptly to remove such property which is requested to be removed or promptly to replace or correct such property if correction or replacement is requested, Buyer shall have the right to (i) replace or correct such Item and charge to Seller the increased cost occasioned by Buyer thereby, or (ii) effect a termination for cause. Seller assumes the risk of damage to or loss of and all handling and transportation costs for defective property delivered hereunder. Buyer's inspection, discovery of any breach of warranty, failure to make an inspection or failure to discover any breach of warranty shall not waive any of Buyer's rights or remedies with respect to any breach of warranty by Seller whatsoever. Acceptance shall not remove or divert Buyer's rights or diminish Seller's responsibility for latent defects. Buyer shall have the right to debit any charges against amounts owed by Buyer to Seller. Any defective Items which are not sold to Buyer or are returned to Seller shall only be disposed of as scrap by Seller for material content. 6. TERMINATION: (a) Buyer may terminate an order without cause or for any reason whatsoever by written or electronic notice at any time. Buyer's only liability shall be with respect to those Items which are the subject of firm release orders submitted by Buyer and reasonable raw material and work in process expenses which Buyer directly authorized Seller to incur. In no case shall Seller have a claim for any other costs or expenses, including lost profits, overhead, facilities, machinery, equipment or engineering design and development unless a separate written agreement has been entered into covering such items. Seller shall submit its termination | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| <br><br>CONTINUED NEXT PAGE ...... | |

PAGE: 8



**JVISUSA** LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT    INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | claims within thirty (30) days after the notice of termination is given.<br>The provisions contained in this section shall not limit or affect Buyer's<br>right to terminate the order for cause.<br>b) Buyer may terminate the order for cause if Seller fails to meet the<br>quality and delivery requirements of Buyer, or otherwise fails to observe<br>or comply with any of the other instructions, terms, conditions<br>or warranties applicable to the order or fails to make progress so as to<br>endanger performance of the order or in the event of any proceedings by or<br>against Seller in bankruptcy or insolvency or proceedings for appointment<br>of a receiver or trustee or an assignment for the benefit of creditors.<br>.  In such event, Buyer may, in addition to any other right or remedy<br>provided by the order or by law, terminate all or any part of the order by<br>written or electronic notice to Seller without any liability of Buyer to<br>Seller on account thereof.<br>Buyer may require a financial statement from Seller at any time during the<br>term of the order for the purpose of determining Seller's financial<br>responsibility and failure to provide will be cause for termination.<br>7.  PRODUCTION ORDER- If the order is designated  a blanket parts  order,<br>it shall only be binding upon Buyer for Items designated to Seller in firm<br>release orders to be submitted from time to time in the future. If no<br>quantity is stated, the order is for all of Buyer's requirements of the<br>Items while the order is in effect and Seller shall have the capacity to<br>meet the peak volume demands of Buyer.<br>Estimated volumes may be provided by Buyer for production programs,<br>although Buyer does not commit to purchase the estimated quantity | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE:  9



**JVIS**USA **LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| **REVISION #** | 21 |
| **SPOT ORDER** | |
| **BLANKET ORDER** | X |

| PURCHASE ORDER NO |
|---|
| **6672** |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | | SHIP VIA | |
|---|---|---|---|---|
| NET 45 DAYS | SHIPPING POINT | | BEST WAY | |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES | | |
|---|---|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X | COLLECT | INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | Unless otherwise stated, blanket parts orders are for the life of the program subject to the provisions of these terms and conditions.<br>8.  INFRINGEMENT INDEMNITY:  Seller hereby agrees to defend, indemnify and hold Buyer, its successors, assigns, agents, customers, and users of the Items harmless from and against loss, damage or liability including costs and expenses which may be incurred on account of any suit, claim, judgment, or demand involving infringement or alleged infringement of any patents, trademarks, copyrights, trade secrets, licenses or other rights of third parties by the manufacture, use, sale and/or disposition of any Items supplied hereunder.<br>If Buyer is providing specifications, Seller waives any rights it might might have pursuant to Section 2-312 of the Uniform Commercial Code.<br>9.  ASSIGNMENT:  Neither the order nor any rights or obligations created herein may be assigned by Seller nor may Seller subcontract the performance of its duties without Buyer's prior written consent.  The terms and conditions of the order shall bind any permitted successors and assigns of Seller.  Any consent by Buyer to assignment shall not release Seller from its liability or be deemed to waive Buyer's right to recoupment and/or set off of claims arising out of the order or any other transactions with Seller, its divisions, affiliates or subsidiaries or to settle or adjust matters with Seller without notice to permitted successors and assigns.<br>10. CHANGES: Buyer may at any time, by written notice, make changes in the specifications, designs or drawings, samples or other descriptions to which the Items are to conform, in methods of shipment and packaging, or place of delivery.  If any such change causes an increase or decrease in the cost | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE: 10



**JVIS** USA LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315 |
| 60689-5330 | 48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED<br>1/01/19 | DATE REQUIRED<br>Per Schedule | TAXABLE | NON-TAXABLE<br>X | FREIGHT CHARGES |
|---|---|---|---|---|
| | | | | PREPAID X COLLECT INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | of, or the time required for, the performance of any part of the work under the order, whether changed or not changed by any such order, an equitable adjustment shall be made in the price or delivery schedule, or both, and the order modified in writing accordingly. Any claim by Seller for an adjustment must be made in writing immediately upon receipt of any such notice, provided however, that Buyer may in its discretion, receive and act upon any such claim so made at any time prior to final payment under the order. Nothing in this clause shall excuse the Seller from proceeding without delay to perform the order as changed.<br>11. PROPRIETARY RIGHTS: Other than for the performance of Buyer's order, Seller shall not reproduce, use or disclose any data, specifications, designs, drawings, pricing or other information (including customer owned information) belonging to or supplied by or on behalf of Buyer to Seller. All manifestations of the foregoing shall be returned to Buyer upon completion of Seller's obligations and duties. Any information which Seller discloses to Buyer regarding or which is incorporated into the the design, manufacture, sale or use of the Items shall be deemed disclosed as part of consideration paid for the Items and Buyer shall be entitled to reproduce, use and disclose the same under an irrevocable royalty-free license.<br>12. BUYER'S PROPERTY: All property used by Seller in connection with the order which is owned, furnished, charged to or paid for by Buyer or its customer, including but not limited to materials, tools, dies, jigs, molds, patterns, fixtures, equipment, drawings and other technical information, specifications, and any replacement thereof shall be and remain the | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| CONTINUED NEXT PAGE ...... | |



**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | | SHIP VIA | |
|---|---|---|---|---|
| NET 45 DAYS | SHIPPING POINT | | BEST WAY | |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES | | |
|---|---|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X | COLLECT | INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | property of Buyer subject to removal and inspection by Buyer at any time without cost or expense to Buyer and Buyer shall have free access to Seller's premises for the purpose of inspecting or removing such property. All such property shall be identified and marked as Buyer's property, used only for the order and adequately insured by Seller at its expense for Buyer's protection.  Seller shall assume all liability for and maintain and repair such property and return the same to Buyer in its original condition, reasonable wear and tear excepted. Seller agrees not to claim any statutory, equitable or other liens on Buyer's property. 13. GENERAL: (a) The rights and remedies provided herein shall be cumulative and shall not be exclusive of but shall be in addition to any any other rights remedies and benefits provided herein or allowed by applicable law. (b) Waiver by Buyer of a breach of any provision shall not be deemed a waiver of future compliance and such provision shall remain in full force and effect. (c) The order and the rights and obligations of the parties hereunder shall be governed by and construed pursuant to the laws of the State of Michigan without giving effect to conflicts of laws principles. The United Nations Convention for the International Sales of Goods shall not apply. (d) If Seller is located in the U.S.A., Seller consents to the exclusive jurisdiction of the federal and state courts in the State of Michigan to hear any dispute arising out of or in connection with the order and consents that any such action may be brought in the Circuit Court for the County of Macomb or the District Court for the 41A Judicial District. If Seller is located outside of the U.S.A., binding arbitration before one | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| CONTINUED NEXT PAGE ...... | |


**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | | |
|---|---|---|
| REVISION # | 21 | PURCHASE ORDER NO |
| SPOT ORDER | | 6672 |
| BLANKET ORDER | X | |

| SUPPLIER | SHIP - TO |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X COLLECT INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | arbitrator under the rules of the American Arbitration Association shall be held in the State of Michigan in the English language. (e) The invalidity of any provision shall not invalidate the balance of the invalid provision or any other provision. (f) The order, including the terms and conditions on the face and those set forth herein, contains the complete and final agreement between Buyer and Seller and except as otherwise provided herein, no other proposed terms or agreement in any way modifying such terms and conditions will be binding on Buyer unless made in writing and signed by Buyer's authorized representative. The specific terms of any supply, distribution or other agreement shall control over these standard terms if there is any inconsistency.<br>*<br>WHERE APPLICABLE SUPPLIERS ARE TO MEET AND SUPPORT THE FOLLOWING:<br>.<br>A) THE JVIS MFG PURCHASE ORDER NUMBER MUST BE NOTED ON ALL SHIPPING AND INVOICING DOCUMENTATION FOR PROPER PAYMENT. INVOICES ARE TO BE MAILED TO:<br>JVIS MANUFACTURING LLC<br>P.O. BOX 530<br>MT. CLEMENS, MI 48046<br>B) 100% ON TIME DELIVERY AND A GOAL OF ZERO PPM'S<br>C) THE SUPPLIER MUST BE CERTIFIED TO ONE OF THE FOLLOWING QUALTITY SYSTEM STANDARDS: TS16949 OR THE LATEST EDITION OF ISO 9001.<br>D) ALL CONTAINERS MUST HAVE AN APPROVED AIAG LABEL REFERENCING THE JVIS MFG PART NUMBER, PURCHASE ORDER NUMBER, LOT OR BATCH NUMBER, | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

**PAGE: 13**



**JVIS** USA LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| SUPPLIER | SHIP - TO |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT  INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | QUANTITY AND DESCRIPTION.  CONTAINERS WITHOUT CORRECT AIAG LABEL DESCRIPTION. CONTAINERS WITH OUT CORRECT AIAG LABEL WILL BE CONSIDERED NON-CONFORMING. | | | | | |

E) ALL NON-CONFORMING PRODUCT MUST BE DISPOSITIONED WITHIN 48 HOURS
   OF INITIAL NOTIFICATION.
F) AT JVIS MFG OPTION PRODUCTS NEEDING TO BE SORTED DUE TO NON-CONFORMANCE
   WILL BE SORTED BY VENDOR AT THEIR PREMISES. SHOULD SORTING BE REQUIRED
   BY JVIS MANUFACTURING PERSONAL, A CHARGE OF ▇▇▇▇ PER HOUR WILL BE
   BE APPLIED.
G) LEVEL 3 PPAP APPROVAL IS REQUIRED PRIOR TO SHIPMENT OF PRODUCTION PARTS/
   MATERIALS.
H) SUPPLIERS ARE REQUIRED TO ADHERE TO THE REQUIREMENTS DETAILED IN THE
   SUPPLIER QUALITY MANUAL ACCESSIBLE AT WWW.JVISUSALLC.COM.
I) WHERE APPLICABLE, A NAFTA CERTIFICATE OF ORIGIN IS TO BE SUBMITTED
   PRIOR TO THE FIRST SHIPMENT OF PRODUCT AND ANNUALLY THEREAFTER.
J) SUPPLIER IS REQUIED TO SUPPORT SERVICE PARTS REQUIREMENTS FOR 10 YEARS
   BEYOND PRODUCTION BUILD-OUT AT PRODUCT PIECE PRICE.
K) ALL PURCHASED PRODUCT SHALL CONFORM TO THE APPLICABLE REGULATORY
   REQUIREMENTS INCLUDING BUT NOT LIMITED TO MSDS & IMDS. PRODUCTION
   SUPPLIERS MUST INCLUDE PROOF OF IMDS DATA SUBMISSION WITH ANY PPAP
   PACKAGE FOR FULL ACCEPTANCE AND APPROVAL (IMDS#65433)
L) JVIS AND ITS CUSTOMERS SHALL BE AFFORDED THE RIGHT TO VERIFY THE
   SUPPLIER'S PRODUCTS, PROCESSES AND SYSTEMS AT JVIS OR SUPPLIER'S
   LOCATION(S).
M) SHIPMENTS LESS THAN 100 LBS ARE TO SHIP VIA FEDEX GROUND.

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |



**JVIS**USA LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT   INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | * | | | | | | |
| | Revision #1 03/09/2016: | Added new part numbers for the LD/LX/LA MY2017 | | | | | |
| | | . | | | | | |
| | REVISION #2 04/21/2016: | PRODUCTIVITY REDUCITON IN LINE WITH SOURCING<br>AGREEMENT FOR 2016 EFFECTIVE APRIL 15, 2016<br>LINE ITEMS 13 THRU 22 | | | | | |
| | | . | | | | | |
| | REVISION #3 09/14/2016: | PCB'S TRANSFERRED FROM BENTON HARBOR TO<br>JVIS SHELBY DUE TO THE WK/WD ICS LINE<br>MOVE.  LINE ITEMS 23 THRU 31<br>EFFECTIVE OCTOBER 16, 2016 PER<br>CN-60632-J32 | | | | | |
| | REVISION #4 09/21/2016: | ADD X40020501XX & X40020701XX TRANSFERRED<br>FROM BH TO JVIS SHELBY DUE TO WK/WD ICS LINE<br>MOVE.  LINE ITEMS 32 & 33<br>EFFECTIVE OCTOBER 16, 2016 PER<br>CN-60632-J32 | | | | | |
| | REVISION #5 10/25/2016: | ENCODER REDUCTION IN LINE WITH CUSTOMER<br>AGREEMENT | | | | | |
| | REVISION #6 12/02/2016: | ADD X99144000XX PER ECR #111016-0001<br>LINE ITEM 34 | | | | | |
| | REVISION #7 01/01/2017: | PRODUCTIVITY REDUCTION EFFECTIVE JANUARY 1, 2017 | | | | | |
| | REVISION #8 01/05/2017: | PRICE CORRECTION ON PART #X99144000XX -<br>LINE #34 | | | | | |
| | REVISION #9 02/28/2017: | REVISE PRICING ON PART #X40017300XX LINE #5 | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| CONTINUED NEXT PAGE ...... | |



**JVIS** USA LLC
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

REVISION #: 21
SPOT ORDER:
BLANKET ORDER: X

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|
| | | X | PREPAID X  COLLECT   INVOICE |

| DATE ORDERED | DATE REQUIRED |
|---|---|
| 1/01/19 | Per Schedule |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | TO MATCH THE RFQ | | | | | |
| | REVISION #10 03/13/2017: | PART NUMBER BUMP DUE TO ECN #020117-0001 | | | | | |
| | | LINE ITEMS 35 - 46 | | | | | |
| | REVISION #11 03/23/2017: | NEW PCB ADDED FOR 2018 WD PER ECR #021317-0001 | | | | | |
| | | LINE 47 | | | | | |
| | REVISION #12 03/30/2017: | ADD 2018 WK BUX SRT 8.4" W/BLUE PCB SRT | | | | | |
| | | LINE #48 | | | | | |
| | REVISION #13 01/02/2017: | PRODUCTIVITY REDUCTION OF 4% EFFECTIVE | | | | | |
| | | 1/1/2018 | | | | | |
| | REVISION #14 02/19/2018: | LINE ITEMS 44-45-46 CLOSED PARTS OBSOLETE | | | | | |
| | REVISION #15 04/27/2018: | ADD PART X40014000XX FOR A SERVICE ORDER. | | | | | |
| | REVISION #16 10/03/2018: | ADD PART X40013900XX FOR A SERVICE ORDER. | | | | | |
| | REVISION #17 10/19/2018: | ADD SERVICE PART #X40013700XX - LINE 51 | | | | | |
| | REVISION #18 01/10/2019: | PRODUCTIVITY REDUCTION OF 4% EFFECTIVE | | | | | |
| | | 1/1/2019 PER ARTHUR HARISKOS | | | | | |
| | REVISION #19 03/27/2019: | TARIFF IMPACT SETTLEMENT EFFECTIVE 1/1/2019 | | | | | |
| | REVISION #20 04/02/2019: | TARIFF IMPACT SETTLEMENT EFFECTIVE 1/1/2019 | | | | | |
| | | PART NUMBERS MISSED ON REVISION #19 | | | | | |
| | REVISION #21 08/29/2019: | TARIFF IMPACT SETTLEMENT EFFECTIVE 9/1/2019 | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| *Pat Ceton*  8/30/2019<br>AUTHORIZED SIGNATURE | |
| | TOTAL: ███ |
| | **CURRENCY** |
| | US FUNDS |

# EXHIBIT 2



# EXHIBIT 3



ROCHESTER
950 WEST UNIVERSITY DR. SUITE 300
ROCHESTER, MI 48307
248-841-2200 | WWW.MILLER.LAW

Martha J. Olijnyk
mjo@Miller.law

March 16, 2021

<u>**VIA ELECTRONIC MAIL AND U.S. MAIL**</u>

Mr. Takahiro Kuroda, President (tkuroda@futaba.com)
Mr. Robert Dohring, Senior Automotive Sales Mgr. (rdohring@futaba.com)
Futaba Corporation of America
711 E. State Parkway
Schaumburg, IL 60173

Ms. Denise Krank (Denise.Krank@Avnet.com)
Mr. Dennis Monroe (Dennis.Monroe@Avnet.com)
Avnet
39555 Orchard Hill Pl.
Novi, MI 48375

Ms. Lee-Ann Seymour (lee-ann.seymour@nxp.com)
NXP Semiconductor, Inc.
28125 Cabot Dr.
Novi, MI 48377

> Re:   *Printed Circuit Board Assemblies and Components*

Dear Mr. Kuroda, Mr. Dohring, Ms. Krank, Mr. Monroe, and Ms. Seymour:

I represent JVIS-USA, LLC ("JVIS") relating to the issue of lack of timely supply of printed circuit board assemblies and other products and components including, but not limited to, semiconductors. Futaba, Avnet, and NXP have advised that you will not be supplying components and parts to JVIS in the quantities ordered and the timing required by JVIS. The anticipated lack of supply constitutes grounds for insecurity on the part of JVIS and by this letter JVIS demands adequate assurances of performance.

Futaba, Avnet and NXP have all advised that they purportedly have excess demand for product that has resulted in insufficient quantities of components and assemblies to meet JVIS's requirements. However, you have not provided detailed explanation or documentary support for the positions you have taken. As you are aware, JVIS's terms and conditions provide that time is of the essence in the delivery of product to JVIS. (Copy of JVIS-Futaba PO and Terms and Conditions attached.) Further, JVIS has been sending weekly releases at normal levels for the last ten months; it never stopped ordering; and always provided its forecasts for planning purposes.



ROCHESTER
950 WEST UNIVERSITY DR. SUITE 300
ROCHESTER, MI 48307
248-841-2200 | WWW.MILLER.LAW

JVIS's orders are no surprise to any of you. Currently, JVIS will be out of components on April 11, 2021, and estimates that it will not be able to supply its customer, Stellantis, on or about April 21, 2021. If you do not honor your supply commitments, you will cause JVIS to breach its commitments to its customer and subject JVIS to irreparable harm to its relationship with Stellantis and catastrophic damages.

**Your actions give rise to insecurity under Michigan law, MCL § 440.2609 as well as the Uniform Commercial Code 2-609. Given the seriousness of your failure to supply fully and timely and the urgent time-pressure this creates, JVIS demands assurances that each of you will supply timely moving forward for the duration of the parties' Supply Agreement. Such assurances must be provided by Thursday, March 18, 2021 by 11am Eastern. Such assurances must include:**

    a.  a detailed explanation of the reasons for your respective failures to supply;
    b.  a detailed description of your allocations of products to customers, including any changes to those allocations in the past 18 months;
    c.  a copy of your contracts and terms and conditions with your customer in this supply chain (i.e. the Avnet-NXP contract and the Futaba-Avnet contract); and
    d.  a commitment to the timely and full supply of your goods including a timeline of deliveries.

**If parts are not delivered timely, you will be held responsible for all damages suffered by JVIS as a result of your refusal and/or failure to supply parts/components to JVIS in accordance with the parties' agreements.**

If JVIS does not receive adequate assurances and the appropriate shipment of assemblies and components, be advised that JVIS will take all necessary legal action to ensure continued supply, recover its damages, and protect its legal rights.

We look forward to your prompt response.

Very truly yours,

THE MILLER LAW FIRM, P.C.

Martha J. Olijnyk

cc:    Tim Bradley, Esq.
        Jack Fuery
        Jason Murar

        Encl.


**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
| 6672 |

**SUPPLIER**

2117
FUTABA CORPORATION OF AMERICA
3056 MOMENTUM PLACE
CHICAGO, IL 60689-5330
60689-5330

**SHIP - TO**

0683
JVIS USA LLC
52048 Shelby Parkway
Shelby Township, MI 48315
48315

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | | FREIGHT CHARGES | | |
|---|---|---|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X | COLLECT | INVOICE | |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| 5 | X40017300XX | PCB SPORT | .00 | EA | ▮ | EA | ▮ |
| 13 | X40016600XX | PCB ODD 3 BUTTON | .00 | EA | ▮ | EA | ▮ |
| 14 | X99040000XX | 3 button ATC<br>ECR 09ZZ15-0002<br>X99040000XX | .00 | EA | ▮ | EA | ▮ |
| 15 | X99041000XX | 4 button ATC<br>ECR 09ZZ15-0002<br>X99041000XX | .00 | EA | ▮ | EA | ▮ |
| 16 | X99042000XX | 4 button ATC<br>ECR 09ZZ15-0002<br>X99042000XX | .00 | EA | ▮ | EA | ▮ |
| 17 | X99043000XX | 1 button nonATC<br>ECR 09ZZ15-0002<br>X99043000XX | .00 | EA | ▮ | EA | ▮ |
| 18 | X99044000XX | 2 button nonATC<br>ECR 09ZZ15-0002<br>X99044000XX | .00 | EA | ▮ | EA | ▮ |
| 19 | X99045000XX | 2 button ATC | .00 | EA | ▮ | EA | ▮ |

**INSTRUCTIONS/REMARKS**

**TAX**

**CONTINUED NEXT PAGE ......**

PAGE: 1



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| Z117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT  INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | ECR 092215-0002<br>X99045000XX | | | | | |
| 20 | X99046000XX | 3 button ATC<br>ECR 092215-0002<br>X99046000XX | .00 | EA | ▇ | EA | ▇ |
| 21 | X99047000XX | 4 button ATC<br>ECR 092215-0002<br>X99047000XX | .00 | EA | ▇ | EA | ▇ |
| 22 | X99048000XX | 4 button ATC<br>ECR 092215-0002<br>X99048000XX | .00 | EA | ▇ | EA | ▇ |
| 35 | X40021301XX | PCB 5" 4 BUTTON<br>2018 WK/WD ICS | .00 | EA | ▇ | EA | ▇ |
| 36 | X40020901XX | PCB 5" 5 BUTTON<br>2018 WK/WD ICS | .00 | EA | ▇ | EA | ▇ |
| 37 | X99144001XX | 18 WK 8.4 3 BUTTON<br>AMBER PCB | .00 | EA | ▇ | EA | ▇ |
| 38 | X40021401XX | PCB 8.4" 4 BUTTON | .00 | EA | ▇ | EA | ▇ |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| <br><br>CONTINUED NEXT PAGE ...... | |

**PAGE:  2**



**JVIS** USA LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| **REVISION #** | 21 |
| **SPOT ORDER** | |
| **BLANKET ORDER** | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| SUPPLIER | SHIP-TO |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES | | |
|---|---|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X | COLLECT | INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | 2018 WK/WD ICS | | | | | |
| 39 | X40021101XX | PCB 8.4" 5 BUTTON<br>2018 WK/WD ICS | .00 | EA | ▮ | EA | ▮ |
| 40 | X40020602XX | PCB 8.4" 5 BUTTON SRT NAFTA<br>ALL BLUE & AMBER ESC | .00 | EA | ▮ | EA | ▮ |
| 41 | X40020802XX | PCB 8.4" 5 BUTTON SRT BUX<br>ALL BLUE & AMBER FRT & REAR<br>DEFROST & ESC | .00 | EA | ▮ | EA | ▮ |
| 42 | X40021701XX | PCB 8.4" 6 BUTTON<br>2018 WK/WD ICS | .00 | EA | ▮ | EA | ▮ |
| 43 | X40021501XX | PCB 8.4" 7 BUTTON<br>2018 WK ICS | .00 | EA | ▮ | EA | ▮ |
| 47 | X99186000XX | PCB 5" 6 BUTTON 2018 WD ICS<br>AMBER<br>X99186000XX | .00 | EA | ▮ | EA | ▮ |
| 48 | X99192000XX | 18 WK BUX 8.4" 4 BUTTON SRT<br>ECR 030617-0001<br>X99192000XX | .00 | EA | ▮ | EA | ▮ |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |



**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT  INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| 49 | X40014000XX | PCB 8" 3 BUTTON<br>2015 WD ICS SERVICE<br>X40014000XX | .00 | EA | ███ | EA | ███ |
| 50 | X40013900XX | PCB 8" 2 BUTTON<br>2015 WD ICS SERVICE<br>X40013900XX | .00 | EA | ███ | EA | ███ |
| 51 | X40013700XX | PCB 5" 2 BUTTON<br>2015 WD ICS SERVICE<br>X40013700XX | .00 | EA | ███ | EA | ███ |

1.   ORDER: Buyer's order for the purchase of any goods or services (the
"Items") shall be expressly limited to the written purchase order issued by
Buyer and the standard terms and conditions set forth herein. Any
additional or different terms proposed by Seller are rejected unless
specifically agreed to by Buyer in writing.  Seller may accept the order by
either:
(i)
written acknowledgement sent to Buyer or   (ii) Seller's supply of the
Items and Buyer's acceptance of the Items shall also give rise to an
agreement on the terms and conditions stated herein. Buyer may modify these
standard terms and conditions by posting the revised terms and conditions
on Buyer's website or by sending directly to Seller
2.   PRICES:  Unless otherwise agreed in writing, prices shall be as stated

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE . . . . . .** | |



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| **REVISION #** | 21 |
| **SPOT ORDER** | |
| **BLANKET ORDER** | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| **S U P P L I E R** | **S H I P - T O** |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | | SHIP VIA |
|---|---|---|---|
| NET 45 DAYS | SHIPPING POINT | | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT  INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | in Buyer's purchase order.  The prices stated on the face of the purchase order include, and Seller therefore assumes and agrees to pay, any and all federal, state and/or local taxes applicable to the manufacture, transportation and sale of the Items by Seller to Buyer.  The prices also include the packaging and crating and transportation charges to Buyer's facility.  No charges will be allowed for transportation, packaging, packing or containers unless specifically stated. Seller represents that the prices charged for the Items covered by the order are the lowest prices charged by Seller to buyers of the same class as Buyer under conditions similar to those specified in the order and that prices comply with applicable government regulations in effect at the time of quotation, sale, and delivery.  Seller agrees that any price reduction made in the Items covered by the order subsequent to its placement but prior to payment will be applicable to Buyer's order.  Buyer shall have the right to perform financial audits of Seller's books and records to verify the cost and pricing of the Items. Buyer reserves the right to market test any Item being supplied and terminate for cause under Section 6 if Seller is not cost competitive. Service parts will be produced for at least ten years after the end of a program at the last production price. 3. DELIVERY:  Time is of the essence.  Buyer may refuse to accept all or any part of Items which are not received by the time specified, or if no delivery date is fixed, within a reasonable time. Seller shall be responsible for shipment to Buyer's facility, unless otherwise agreed in writing.  A packing list shall accompany each shipment. | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |



**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT  INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | Seller shall send Buyer an original invoice and one duplicate with bill of of lading inserted for each shipment. Invoices shall bear a number corresponding to Buyer's purchase order number. Invoices must be received by the Buyer not later than the time the Items ordered arrive at Buyer's facility.<br>All shipments must be packaged and must conform with Buyer's packaging approval so as to permit efficient handling and to provide protection in shipment, and if tendered to a common carrier for delivery, must also conform to the packaging requirements applicable to such carrier. Damage to any articles resulting from improper packaging will be charged to Seller.<br>Weekend, holiday and after hours deliveries may be required by Buyer based on production demands of its customer. Seller will be liable for expedited delivery expense if delivery is not timely made by normal means.<br>4. WARRANTIES: Seller warrants: (i) that the Items conform in all respects with the description, standards and specifications furnished or specified by Buyer and also with any catalogue, manual, or brochure of the Seller; (ii) the Items conform in all respects to any models, samples, drawings or other description presented to Buyer by Seller in connection with such Items, or submitted by Buyer to Seller in connection with such Items ; (iii) that the Items are merchantable, fit for the purposes for which such Items are intended, free from defects of workmanship and materials; (iv) that Seller has good title to such Items and (v) that Seller has and will in the future comply with all applicable federal, state and local laws, rules and regulations. These express warranties shall not | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| CONTINUED NEXT PAGE ...... | |

PAGE: 6



**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

## S U P P L I E R

2117
FUTABA CORPORATION OF AMERICA
3056 MOMENTUM PLACE
CHICAGO, IL 60689-5330

60689-5330

## S H I P - T O

0683
JVIS USA LLC
52048 Shelby Parkway
Shelby Township, MI 48315

48315

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES | | |
|---|---|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID  X   COLLECT      INVOICE | | |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | limit those warranties which are implied by applicable law and Seller may not disclaim such implied warranties. Seller will comply with all requirements set forth in Buyer's Supplier Quality Manual. Seller may access the latest version of the Manual on Buyer's website or request a written copy from Buyer. Seller agrees to comply with any customer requirements that Buyer is subject to which relate to the Items. Seller shall indemnify and defend Buyer for all claims and expenses that are in any way related to issues with the Items provided by Seller including, but not limited to, product liability claims and recalls and costs of sorting, testing and inspection. 5.  INSPECTION:  Buyer shall have the right to inspect and test all Items, including supplies, special tooling, materials and workmanship to the extent practicable at all times and places, including during the period of manufacture.  Seller shall also provide and maintain an adequate inspection system. If any Items delivered or services rendered hereunder are defective in material or workmanship (or otherwise not in conformity with the with the requirements of the order), Buyer shall have the right, notwithstanding payment or any prior inspection or test, either to reject and/or revoke acceptance and return said Items to require its correction and/or or recover damages in accordance with applicable law including Article 2 of the Uniform Commercial Code.  Any work which is required shall be corrected by and at the expense of Seller promptly after notice. Property which is rejected or required to be corrected shall be removed (if permitted or required by Buyer) or corrected in place, by and at the expense of Seller promptly after | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE:  7



**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID [X]  COLLECT [ ]  INVOICE [ ] |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | notice.  If the Seller fails promptly to remove such property which is requested to be removed or promptly to replace or correct such property if correction or replacement is requested, Buyer shall have the right to (i) replace or correct such Item and charge to Seller the increased cost occasioned by Buyer thereby, or (ii) effect a termination for cause. Seller assumes the risk of damage to or loss of and all handling and transportation costs for defective property delivered hereunder. Buyer's inspection, discovery of any breach of warranty, failure to make an inspection or failure to discover any breach of warranty shall not waive any of Buyer's rights or remedies with respect to any breach of warranty by Seller whatsoever. Acceptance shall not remove or divert Buyer's rights or diminish Seller's responsibility for latent defects. Buyer shall have the right to debit any charges against amounts owed by Buyer to Seller. Any defective Items which are not sold to Buyer or are returned to Seller shall only be disposed of as scrap by Seller for material content. 6.  TERMINATION:  (a) Buyer may terminate an order without cause or for any reason whatsoever by written or electronic notice at any time.  Buyer's only liability shall be with respect to those Items which are the subject of firm release orders submitted by Buyer and reasonable raw material and work in process expenses which Buyer directly authorized Seller to incur. In no case shall Seller have a claim for any other costs or expenses, including lost profits, overhead, facilities, machinery, equipment or engineering design and development unless a separate written agreement has been entered into covering such items.  Seller shall submit its termination | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |



**JVISUSA** LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | | SHIP VIA | | |
|---|---|---|---|---|---|
| NET 45 DAYS | SHIPPING POINT | | BEST WAY | | |
| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | | FREIGHT CHARGES |
| 1/01/19 | Per Schedule | | X | PREPAID X COLLECT INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | claims within thirty (30) days after the notice of termination is given.<br>The provisions contained in this section shall not limit or affect Buyer's<br>right to terminate the order for cause.<br>b) Buyer may terminate the order for cause if Seller fails to meet the<br>quality and delivery requirements of Buyer, or otherwise fails to observe<br>or comply with any of the other instructions, terms, conditions<br>or warranties applicable to the order or fails to make progress so as to<br>endanger performance of the order or in the event of any proceedings by or<br>against Seller in bankruptcy or insolvency or proceedings for appointment<br>of a receiver or trustee or an assignment for the benefit of creditors.<br>.  In such event, Buyer may, in addition to any other right or remedy<br>provided by the order or by law, terminate all or any part of the order by<br>written or electronic notice to Seller without any liability of Buyer to<br>Seller on account thereof.<br>Buyer may require a financial statement from Seller at any time during the<br>term of the order for the purpose of determining Seller's financial<br>responsibility and failure to provide will be cause for termination.<br>7.  PRODUCTION ORDER: If the order is designated  a blanket parts  order,<br>it shall only be binding upon Buyer for Items designated to Seller in firm<br>release orders to be submitted from time to time in the future.  If no<br>quantity is stated, the order is for all of Buyer's requirements of the<br>Items while the order is in effect and Seller shall have the capacity to<br>meet the peak volume demands of Buyer.<br>Estimated volumes may be provided by Buyer for production programs,<br>although Buyer does not commit to purchase the estimated quantity | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

**PAGE:  9**



**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| SUPPLIER | SHIP - TO |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID [X]  COLLECT [ ]  INVOICE [ ] |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | Unless otherwise stated, blanket parts orders are for the life of the program subject to the provisions of these terms and conditions.<br>8.  INFRINGEMENT INDEMNITY:  Seller hereby agrees to defend, indemnify and hold Buyer, its successors, assigns, agents, customers, and users of the Items harmless from and against loss, damage or liability including costs and expenses which may be incurred on account of any suit, claim, judgment, or demand involving infringement or alleged infringement of any patents, trademarks, copyrights, trade secrets, licenses or other rights of third parties by the manufacture, use, sale and/or disposition of any Items supplied hereunder.<br>If Buyer is providing specifications, Seller waives any rights it might might have pursuant to Section 2-312 of the Uniform Commercial Code.<br>9.  ASSIGNMENT:  Neither the order nor any rights or obligations created herein may be assigned by Seller nor may Seller subcontract the performance of its duties without Buyer's prior written consent.  The terms and conditions of the order shall bind any permitted successors and assigns of Seller.  Any consent by Buyer to assignment shall not release Seller from its liability or be deemed to waive Buyer's right to recoupment and/or set off of claims arising out of the order or any other transactions with Seller, its divisions, affiliates or subsidiaries or to settle or adjust matters with Seller without notice to permitted successors and assigns.<br>10. CHANGES: Buyer may at any time, by written notice, make changes in the specifications, designs or drawings, samples or other descriptions to which the Items are to conform, in methods of shipment and packaging, or place of delivery.  If any such change causes an increase or decrease in the cost | | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE: 10



**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X COLLECT INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | of, or the time required for, the performance of any part of the work under the order, whether changed or not changed by any such order, an equitable adjustment shall be made in the price or delivery schedule, or both, and the order modified in writing accordingly. Any claim by Seller for an adjustment must be made in writing immediately upon receipt of any such notice, provided however, that Buyer may in its discretion, receive and act upon any such claim so made at any time prior to final payment under the order. Nothing in this clause shall excuse the Seller from proceeding without delay to perform the order as changed.<br>11. PROPRIETARY RIGHTS: Other than for the performance of Buyer's order, Seller shall not reproduce, use or disclose any data, specifications, designs, drawings, pricing or other information (including customer owned information) belonging to or supplied by or on behalf of Buyer to Seller. All manifestations of the foregoing shall be returned to Buyer upon completion of Seller's obligations and duties. Any information which Seller discloses to Buyer regarding or which is incorporated into the the design, manufacture, sale or use of the Items shall be deemed disclosed as part of consideration paid for the Items and Buyer shall be entitled to reproduce, use and disclose the same under an irrevocable royalty-free license.<br>12. BUYER'S PROPERTY: All property used by Seller in connection with the order which is owned, furnished, charged to or paid for by Buyer or its customer, including but not limited to materials, tools, dies, jigs, molds, patterns, fixtures, equipment, drawings and other technical information, specifications, and any replacement thereof shall be and remain the | | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE: 11



**JVIS**USA **LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| **REVISION #** | 21 |
| **SPOT ORDER** | |
| **BLANKET ORDER** | X |

| PURCHASE ORDER NO |
|---|
| **6672** |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT  INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | property of Buyer subject to removal and inspection by Buyer at any time without cost or expense to Buyer and Buyer shall have free access to Seller's premises for the purpose of inspecting or removing such property. All such property shall be identified and marked as Buyer's property, used only for the order and adequately insured by Seller at its expense for Buyer's protection. Seller shall assume all liability for and maintain and repair such property and return the same to Buyer in its original condition, reasonable wear and tear excepted. Seller agrees not to claim any statutory, equitable or other liens on Buyer's property. 13. GENERAL: (a) The rights and remedies provided herein shall be cumulative and shall not be exclusive of but shall be in addition to any any other rights remedies and benefits provided herein or allowed by applicable law. (b) Waiver by Buyer of a breach of any provision shall not be deemed a waiver of future compliance and such provision shall remain in full force and effect. (c) The order and the rights and obligations of the parties hereunder shall be governed by and construed pursuant to the laws of the State of Michigan without giving effect to conflicts of laws principles. The United Nations Convention for the International Sales of Goods shall not apply. (d) If Seller is located in the U.S.A., Seller consents to the exclusive jurisdiction of the federal and state courts in the State of Michigan to hear any dispute arising out of or in connection with the order and consents that any such action may be brought in the Circuit Court for the County of Macomb or the District Court for the 41A Judicial District. If Seller is located outside of the U.S.A., binding arbitration before one | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

**PAGE: 12**



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | | |
|---|---|---|
| REVISION # | 21 | **PURCHASE ORDER NO** |
| SPOT ORDER | | **6672** |
| BLANKET ORDER | X | |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X   COLLECT     INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | arbitrator under the rules of the American Arbitration Association shall be held in the State of Michigan in the English language. (e) The invalidity of any provision shall not invalidate the balance of the invalid provision or any other provision. (f) The order, including the terms and conditions on the face and those set forth herein, contains the complete and final agreement between Buyer and Seller and except as otherwise provided herein, no other proposed terms or agreement in any way modifying such terms and conditions will be binding on Buyer unless made in writing and signed by Buyer's authorized representative. The specific terms of any supply, distribution or other agreement shall control over these standard terms if there is any inconsistency.<br>*<br>WHERE APPLICABLE SUPPLIERS ARE TO MEET AND SUPPORT THE FOLLOWING:<br>.<br>A) THE JVIS MFG PURCHASE ORDER NUMBER MUST BE NOTED ON ALL SHIPPING<br>   AND INVOICING DOCUMENTATION FOR PROPER PAYMENT.<br>   INVOICES ARE TO BE MAILED TO:<br>           JVIS MANUFACTURING LLC<br>           P.O. BOX 530<br>           MT. CLEMENS, MI 48046<br>B) 100% ON TIME DELIVERY AND A GOAL OF ZERO PPM'S<br>C) THE SUPPLIER MUST BE CERTIFIED TO ONE OF THE FOLLOWING QUALTITY<br>   SYSTEM STANDARDS:  TS16949 OR THE LATEST EDITION OF ISO 9001.<br>D) ALL CONTAINERS MUST HAVE AN APPROVED AIAG LABEL REFERENCING THE<br>   JVIS MFG PART NUMBER, PURCHASE ORDER NUMBER, LOT OR BATCH NUMBER, | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE: 13



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

PURCHASE ORDER NO
6672

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT    INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | QUANTITY AND DESCRIPTION.  CONTAINERS WITHOUT CORRECT AIAG LABEL DESCRIPTION. CONTAINERS WITH OUT CORRECT AIAG LABEL WILL BE CONSIDERED NON-CONFORMING.<br>E) ALL NON-CONFORMING PRODUCT MUST BE DISPOSITIONED WITHIN 48 HOURS OF INITIAL NOTIFICATION.<br>F) AT JVIS MFG OPTION PRODUCTS NEEDING TO BE SORTED DUE TO NON-CONFORMANCE WILL BE SORTED BY VENDOR AT THEIR PREMISES. SHOULD SORTING BE REQUIRED BY JVIS MANUFACTURING PERSONAL, A CHARGE OF ▉▉▉ PER HOUR WILL BE BE APPLIED.<br>G) LEVEL 3 PPAP APPROVAL IS REQUIRED PRIOR TO SHIPMENT OF PRODUCTION PARTS/ MATERIALS.<br>H) SUPPLIERS ARE REQUIRED TO ADHERE TO THE REQUIREMENTS DETAILED IN THE SUPPLIER QUALITY MANUAL ACCESSIBLE AT WWW.JVISUSALLC.COM.<br>I) WHERE APPLICABLE, A NAFTA CERTIFICATE OF ORIGIN IS TO BE SUBMITTED PRIOR TO THE FIRST SHIPMENT OF PRODUCT AND ANNUALLY THEREAFTER.<br>J) SUPPLIER IS REQUIED TO SUPPORT SERVICE PARTS REQUIREMENTS FOR 10 YEARS BEYOND PRODUCTION BUILD-OUT AT PRODUCT PIECE PRICE.<br>K) ALL PURCHASED PRODUCT SHALL CONFORM TO THE APPLICABLE REGULATORY REQUIREMENTS INCLUDING BUT NOT LIMITED TO MSDS & IMDS. PRODUCTION SUPPLIERS MUST INCLUDE PROOF OF IMDS DATA SUBMISSION WITH ANY PPAP PACKAGE FOR FULL ACCEPTANCE AND APPROVAL (IMDS#65433)<br>L) JVIS AND ITS CUSTOMERS SHALL BE AFFORDED THE RIGHT TO VERIFY THE SUPPLIER'S PRODUCTS, PROCESSES AND SYSTEMS AT JVIS OR SUPPLIER'S LOCATION(S).<br>M) SHIPMENTS LESS THAN 100 LBS ARE TO SHIP VIA FEDEX GROUND. | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE: 14



**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| **REVISION #** | 21 |
| **SPOT ORDER** | |
| **BLANKET ORDER** | X |

| PURCHASE ORDER NO |
|---|
| **6672** |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID [X]  COLLECT [ ]  INVOICE [ ] |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | * | | | | | | |
| | Revision #1 03/09/2016: Added new part numbers for the LD/LX/LA MY2017 | | | | | | |
| | REVISION #2 04/21/2016: | PRODUCTIVITY REDUCITON IN LINE WITH SOURCING AGREEMENT FOR 2016 EFFECTIVE APRIL 15, 2016 LINE ITEMS 13 THRU 22 | | | | | |
| | REVISION #3 09/14/2016: | PCB'S TRANSFERRED FROM BENTON HARBOR TO JVIS SHELBY DUE TO THE WK/WD ICS LINE MOVE.  LINE ITEMS 23 THRU 31 EFFECTIVE OCTOBER 16, 2016 PER CN-60632-J32 | | | | | |
| | REVISION #4 09/21/2016: | ADD X40020501XX & X40020701XX TRANSFERRED FROM BH TO JVIS SHELBY DUE TO WK/WD ICS LINE MOVE.  LINE ITEMS 32 & 33 EFFECTIVE OCTOBER 16, 2016 PER CN-60632-J32 | | | | | |
| | REVISION #5 10/25/2016: | ENCODER REDUCTION IN LINE WITH CUSTOMER AGREEMENT | | | | | |
| | REVISION #6 12/02/2016: | ADD X99144000XX PER ECR #111016-0001 LINE ITEM 34 | | | | | |
| | REVISION #7 01/01/2017: | PRODUCTIVITY REDUCTION EFFECTIVE JANUARY 1, 2017 | | | | | |
| | REVISION #8 01/05/2017: | PRICE CORRECTION ON PART #X99144000XX - LINE #34 | | | | | |
| | REVISION #9 02/28/2017: | REVISE PRICING ON PART #X40017300XX LINE #5 | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |



**JVIS USA** LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| **REVISION #** | 21 |
| **SPOT ORDER** | |
| **BLANKET ORDER** | X |

| PURCHASE ORDER NO |
|---|
| **6672** |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID [X]   COLLECT [ ]   INVOICE [ ] |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | TO MATCH THE RFQ | | | | | |
| | REVISION #10 03/13/2017: | PART NUMBER BUMP DUE TO ECN #020117-0001 | | | | | |
| | | LINE ITEMS 35 - 46 | | | | | |
| | REVISION #11 03/23/2017: | NEW PCB ADDED FOR 2018 WD PER ECR #021317-0001 | | | | | |
| | | LINE 47 | | | | | |
| | REVISION #12 03/30/2017: | ADD 2018 WK BUX SRT 8.4" W/BLUE PCB SRT | | | | | |
| | | LINE #48 | | | | | |
| | REVISION #13 01/02/2017: | PRODUCTIVITY REDUCTION OF 4% EFFECTIVE | | | | | |
| | | 1/1/2018 | | | | | |
| | REVISION #14 02/19/2018: | LINE ITEMS 44-45-46 CLOSED PARTS OBSOLETE | | | | | |
| | REVISION #15 04/27/2018: | ADD PART X40014000XX FOR A SERVICE ORDER. | | | | | |
| | REVISION #16 10/03/2018: | ADD PART X40013900XX FOR A SERVICE ORDER. | | | | | |
| | REVISION #17 10/19/2018: | ADD SERVICE PART #X40013700XX - LINE 51 | | | | | |
| | REVISION #18 01/10/2019: | PRODUCTIVITY REDUCTION OF 4% EFFECTIVE | | | | | |
| | | 1/1/2019 PER ARTHUR HARISKOS | | | | | |
| | REVISION #19 03/27/2019: | TARIFF IMPACT SETTLEMENT EFFECTIVE 1/1/2019 | | | | | |
| | REVISION #20 04/02/2019: | TARIFF IMPACT SETTLEMENT EFFECTIVE 1/1/2019 | | | | | |
| | | PART NUMBERS MISSED ON REVISION #19 | | | | | |
| | REVISION #21 08/29/2019: | TARIFF IMPACT SETTLEMENT EFFECTIVE 9/1/2019 | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| *Pat Orton* 8/30/2019<br>AUTHORIZED SIGNATURE | |
| | TOTAL: |
| | **CURRENCY**<br>US FUNDS |

# EXHIBIT B

FILED by Macomb County Circuit Court
3/31/2021

Case 4:21-cv-10801-SDD-APP   ECF No. 1, PageID.66   Filed 04/09/21   Page 66 of 157

2021-001133-CB
JVIS USA LLC VS. N...

Approved, SCAO

| Original - Court | 2nd copy - Plaintiff |
| 1st copy - Defendant | 3rd copy - Return |

| **STATE OF MICHIGAN** | **SUMMONS** | **CASE NO.** |
| 16th    **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | | 2021-   001133   -CB |

| Court address | Court telephone no. |
| 40 N. Main Street, Mt Clemens, MI 48043 | 586-469-7171 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
| JVIS-USA, LLC, a Michigan limited liability company | v | NXP SEMICONDUCTORS USA, INC., a Delaware corporation<br><br>Registered Agent:<br>CSC-Lawyers Incorporating Serivce<br>601 Abbot Road<br>East Lansing, MI 48823 |

Plaintiff's attorney, bar no., address, and telephone no.
David B. Viar (P43479)
Martha J. Olijnyk (P60191)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer   pending.

Summons section completed by court clerk.    | SUMMONS |

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 03/31/2021 | Expiration date* 06/30/2021 | Court clerk *(signature)* |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

/s/ ANTHONY G. FORLINI
COUNTY CLERK

MC 01   (9/19)   **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS |
| --- |
| Case No. 2021-          -CB |

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
| --- | --- | --- |
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | |
| --- | --- | --- | --- |
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                                          Date

My commission expires: _____ Signature: _____
                                    Date                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                                    Attachments

_____ on _____
                                                        Day, date, time

_____ on behalf of _____.

Signature

# EXHIBIT C

FILED by Macomb County Circuit Court
3/31/2021
Approved, SCAO

Case 4:21-cv-10801-SDD-APP    ECF No. 1, PageID.69    Filed 04/09/21    Page 69 of 157

2021-001133-CB
JVIS USA LLC VS. N

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| **STATE OF MICHIGAN** | **SUMMONS** | **CASE NO.** |
|---|---|---|
| 16th    JUDICIAL DISTRICT / JUDICIAL CIRCUIT / COUNTY PROBATE | | 2021- 001133 -CB |

| Court address | Court telephone no. |
|---|---|
| 40 N. Main Street, Mt Clemens, MI 48043 | 586-469-7171 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| JVIS-USA, LLC, a Michigan limited liability company | v | AVNET, INC., a New York corporation |

Defendant's: Registered Agent: The Corporation Company, 40600 Ann Arbor Road, Suite 201, Plymouth, MI 48170

Plaintiff's attorney, bar no., address, and telephone no.
David B. Viar (P43479)
Martha J. Olijnyk (P60191)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date  03/31/2021 | Expiration date*  06/30/2021 | Court clerk  _Anthony Forlini_ |
|---|---|---|

/S/ ANTHONY G. FORLINI
COUNTY CLERK

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

04/01/2021

**SUMMONS**

Case No. 2021-          -CB

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | **TOTAL FEE** $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____.
Signature

# EXHIBIT D

FILED by Macomb County Circuit Court
3/31/2021
Approved, SCAO

Case 4:21-cv-10801-SDD-APP   ECF No. 1, PageID.72   Filed 04/09/21   Page 72 of 157
2021-001133-CB
JVIS USA LLC VS. N...

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| **STATE OF MICHIGAN** | | **CASE NO.** |
|---|---|---|
| 16th  **JUDICIAL DISTRICT**  **JUDICIAL CIRCUIT**  **COUNTY PROBATE** | **SUMMONS** | 2021- 001133 -CB |

| **Court address** | **Court telephone no.** |
|---|---|
| 40 N. Main Street, Mt Clemens, MI 48043 | 586-469-7171 |

| Plaintiff's name(s), address(es), and telephone no(s).  JVIS-USA, LLC, a Michigan limited liability company | | Defendant's name(s), address(es), and telephone no(s).  FUTABA CORPORATION OF AMERICA, an Illinois corporation  Registered Agent:  The Corporation Company  40600 Ann Arbor Road, Suite 201  Plymouth, MI 48170 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.  David B. Viar (P43479)  Martha J. Olijnyk (P60191)  THE MILLER LAW FIRM, P.C.  950 W. University Drive, Suite 300  Rochester, MI 48307 | v | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date  03/31/2021 | Expiration date*  06/30/2021 | Court clerk  /s/ ANTHONY G. FORLINI  COUNTY CLERK |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

04/01/2021

**SUMMONS**

Case No. 2021-        -CB

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____ .
Signature

# EXHIBIT E

FILED by Macomb County Circuit Court
4/1/2021 12:35:44 PM
Service, Submitted, and File
2:21-cv-10801-SDD-APP   ECF No. 1, PageID.75   Filed 04/09/21   Page 75 of 157
2021-001133-CB
JVIS USA LLC VS. N

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

JVIS-USA, LLC, a Michigan limited liability
company,

        Plaintiff,                                Hon. Kathryn Viviano
                                               Case No.: 21-001133-CB

v.

NXP SEMICONDUCTORS USA, INC., a
Delaware corporation; AVNET, INC., a New York
corporation; and FUTABA CORPORATION OF
AMERICA, an Illinois corporation,

        Defendants.

_____/

David B. Viar (P43479)
Martha J. Olijnyk (P60191)
Attorneys for Plaintiff
THE MILLER LAW FIRM, P.C.
950 W. University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
dbv@miller.law
mjo@miller.law

_____/

**PLAINTIFF'S VERIFIED EMERGENCY AND *EX PARTE* MOTION FOR A
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A
PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Plaintiff JVIS-USA, LLC, by its attorneys, The Miller Law Firm, P.C., pursuant to MCR

3.310(B), moves for the entry of a temporary restraining order which orders Defendants NXP

Semiconductors USA, Inc. ("NXP"), Avnet, Inc. ("Avnet"), and Futaba Corporation of America

("Futaba") to continue to deliver unique automotive parts to Plaintiff pursuant to the terms of the

parties' agreements and, therefore, to prevent the shutdown of Stellantis, N.V. f/k/a FCA US,

LLC's Jefferson North Assembly Plant in Detroit, MI, Mayco International, LLC's Sterling

Heights, MI plant and suppliers across the state and nation that will be shut down in turn, if the

FCA plants shut down. In support of this Motion, Plaintiff relies on the following brief and the Verified Complaint in this matter.

## **NEED FOR EMERGENCY RELIEF**

JVIS brings this motion on an emergency basis to avoid imminent shutdown of its operations and the operations of its largest customer – Stellantis, N.V. f/k/a FCA US, LLC ("FCA"). The looming shut down will immediately idle thousands of Michigan workers (hundreds of them in Macomb County) and will expose JVIS to millions of dollars in liquidated damages and result in irreparable harm to JVIS' workers, its supply chain, and thousands of people who rely on JVIS and FCA for their incomes. In the midst of a worldwide shortage of microprocessors and semiconductors, NXP has decided to allocate its production capacity away from the JVIS supply chain in favor of its other customers in violation of JVIS's agreements for supply of its requirements for microprocessors on a just in time basis. *NXP has the capacity produce enough microprocessors* to meet the requirements of Avnet, Futaba and JVIS, it has simply chosen not to do so.

JVIS has requested that NXP's capacity which has already been allocated to JVIS be shifted from making L-Series microprocessors to making the higher priority W-Series microprocessors in order to avoid a shutdown. NXP has refused to reallocate capacity already dedicated to JVIS in order to supply other customers (presumably at higher pricing) rather than honor its agreements with JVIS and avoid a catastrophic shut down.[1] Despite JVIS's requests, NXP has declined to provide JVIS with documentation of its orders, its capacity, and its method of allocating its capacity and products. NXP asks that JVIS take it at is word that must allocate

---

[1] NXP's actions have made it impossible or impracticable for *JVIS* to honor *its* commitments to produce for FCA.

and that it is doing so, in its words, "fairly and reasonably."   NXP should produce the documentation in support.

JVIS supplies the "center stack assembly" located at the center of instrument panels sold to FCA for the Jeep Grand Cherokee, Dodge Challenger, Dodge Charger, and Chrysler 300 (the "Vehicles").  JVIS and its sub-suppliers rely on NXP for the microprocessors used to power the circuit board assemblies which control the radio, heat, ventilation and cooling systems for the Vehicles.  JVIS has a contractual obligation to supply the center stack for the Vehicles to FCA.

The microprocessors produced by NXP and the circuit boards produced by Futaba for JVIS are highly specialized and unique products. They are custom designed pursuant to specifications provided by FCA for the Vehicles. Since the components are unique, JVIS cannot easily or quickly find an alternative supplier or move production to a new supplier. In order to re-source production to an alternative supplier, JVIS will need to: (a) find a new source of supply; (b) have the new supplier implement the engineering and validation testing necessary to produce the components; (c) have the new supplier free-up or build the required capacity for the volume of parts related to the supply of required components; (d) obtain the mandatory engineering validation, production certifications, and safety approvals from FCA – a process which usually takes several months; and (e) ramp-up manufacturing operations to production levels.  In any case, if NXP is refusing to deal with JVIS, then a new source of supply will likely not matter as the new source would be purchasing the same parts from NXP.

If Defendants fail to supply the agreed-upon parts at the quantities required by JVIS, JVIS will suffer irreparable harm because it will cause an interruption in production at JVIS which, in turn, means that Mayco will not be able to supply its products to FCA, which will cause  FCA to shut down the production of its best-selling vehicles at a time when the company and the State of

Michigan are still reeling from the economic impacts of the COVID-19 pandemic.

NXP's decision to supply other customers at the expense of JVIS and FCA constitutes a serious and material breach of their agreements with Plaintiff. Any disruption in the just-in-time production and delivery timing for FCA will cause serious, immediate and irreparable harm, including the shutdown of JVIS's facilities, as well as Mayco's facilities and FCA's assembly plants, causing irreparable harm to JVIS's relationship with FCA, one of JVIS's most important customers.

JVIS has done its best to mitigate this issue by purchasing as many microprocessors as possible from other sources and it has unsuccessfully negotiated with Defendants in an effort to avoid Court action, but NXP remains unwilling to use its open capacity to meet the requirements of the JVIS supply chain. There is nothing more JVIS can do than seek assistance from this Court. All of JVIS's business efforts to resolve this have proved futile, and this Court should intervene immediately in order to prevent the inevitable shutdown of JVIS and FCA that will result if NXP is permitted to withhold microprocessors from the JVIS supply chain.

## STATEMENT OF FACTS

JVIS is the sole supplier of the integrated center stack sold to FCA for use in its most popular vehicle platforms: the "W-Series," which includes the Jeep Grand Cherokee, and the "L-Series," which includes the Dodge Challenger, Dodge Charger, and Chrysler 300 vehicles.

JVIS purchases printed circuit board assemblies ("Boards") from Futaba, which are incorporated into the integrated center stacks for the W-Series and L-Series vehicles in order to control the vehicle heat, ventilation, air conditioning, and radio. JVIS ships the integrated center stacks to Mayco International, LLC ("Mayco") for assembly into Mayco's instrument panel (dashboard) for the Vehicles at its Sterling Heights, Michigan plant. After incorporating the

integrated center stacks, Mayco ships the instrument panels to FCA's assembly plant in Detroit, Michigan (W-Series) and Brampton, Ontario (L-Series).

JVIS and Futaba are parties to a written purchase order contract for JVIS's purchase of the Boards. (Complaint Exhibit 1, Purchase Order 6672 (confidential pricing redacted)) The contract is governed by the JVIS Terms and Conditions of Purchase which are included in the purchase order document. (*Id.*) Futaba purchases microprocessors from NXP, through its distributor, Avnet, which Futaba incorporates into the Boards that it supplies to JVIS. Futaba purchases two part numbers from Avnet and NXP, one that is incorporated into the W-Series vehicles and a different part number that is incorporated into the L-Series vehicles. NXP and Avnet have knowledge of JVIS's contract with Futaba and are aware of Futaba's obligation to supply JVIS with its requirements of Boards under that contract.

Futaba, as Seller, agreed to timely deliver the required quantities of Boards to JVIS so that JVIS, as Buyer, could meet its ongoing obligations to FCA. Futaba agreed to the following, among other things:

      a. Under **Section 1 relating to the Orders**, the "Buyer's order for the purchase of any goods or services (the "Items") shall be expressly limited to the written purchase order issued by Buyer and the standard terms and conditions set forth herein," and that "any additional or different terms proposed by Seller are rejected unless specifically agreed to by Buyer in writing."

      b. Under **Section 3 relating to Deliveries**, Futaba acknowledges that "time is of the essence" and that it is responsible for shipment to JVIS' facility;

      c. Under **Section 7 relating to Production Orders**, if the purchase order is designated a blanket parts order, and if no quantity is specified, the "order is for all of Buyer's requirements of the Items while the order is in effect and Seller shall have the capacity to meet the peak volume demands of Buyer," and that unless otherwise stated, "blanket parts orders are for the life of the program subject to the life of the program …" (Complaint at Exhibit 1.)

The Purchase Order is a blanket order for JVIS's requirements of the parts. Futaba is the sole

supplier of the Boards approved for use in the Vehicles and JVIS relies upon continued shipment of the Boards in order to fulfill its supply obligations to FCA.  The automotive industry operates on a "just-in-time" delivery basis.  This means automobile components are delivered only as required by current production of the OEM customers, and often either on the same day or just hours before the products are to be incorporated into an automobile.

Because the automotive manufacturing process uses just-in-time manufacturing, an inventory shortage of any components will result in a break in the supply chain.  If Futaba does not supply the Boards at issue on time and in the amounts required and ordered by JVIS, then JVIS will be unable to assemble the center portion of the instrument panel and its assembly operations will be shut down.  In turn, without JVIS's integrated center stacks, Mayco will be unable to assemble complete instrument panels for FCA and Mayco's assembly operations will shut down. Without instrument panels, FCA will be forced to shut down its assembly operations.  Without being able to complete its vehicles, which will have a further cascading effect on an already beleaguered supply base, halting operations for suppliers that provide other parts for the Vehicles which cannot be fully assembled without the instrument panels. Based on the just-in-time delivery system, JVIS and other suppliers in the chain do not have inventories of the components and if Futaba fails to supply JVIS will be forced to shut down its production facilities just a day or few days thereafter.  No other source is available for the Boards on an off the shelf basis as the Boards are unique.

Futaba, Avnet, and NXP have advised JVIS that NXP will not be supplying Avnet and Futaba in the quantities that Futaba has ordered in order to supply JVIS, based on JVIS's orders to Futaba.  JVIS has attempted to work with Defendants in an effort to secure the required supply. JVIS has even offered solutions such as suggesting that NXP produce no L-Series parts for a period

of time and instead use its production capacity to produce W-Series parts, since JVIS is in a better position to eke out supply as to L-Series than W-Series. Indeed, FCA recently announced that, due to shortages related to other suppliers, it is closing its Brampton, Ontario plant for three weeks such that JVIS will not need L-Series parts in the near term. NXP has not agreed to switch production from L-Series parts to W-Series parts.

JVIS's Board orders to Futaba require the use of approximately 70,000 of NXP's microprocessors for W-Series for use in the second quarter of 2021. On or about February 23, 2021, NXP and Avnet agreed with JVIS that they would supply 42,000 W-Series microprocessors and 21,000 L-Series microprocessors for use in the Boards. NXP and Avnet shared an electronic list of the part numbers it would supply with a detailed listing of the quantities of parts to be delivered each week. This list was not provided to JVIS other than in a view only format on a computer screen, but JVIS was able to take a photo of the computer screen capturing these agreed quantities and shipment dates. (Exhibit 2, Photo)

Based on the substantial shortfall, JVIS exercise its legal rights under the Uniform Commercial Code and demanded adequate assurances of performance from Defendants on March 16, 2021. (Exhibit 3, JVIS March 16, 2021 Letter) Defendants each responded but did not provide the requested assurances. Ten days after Plaintiff's demand for assurances, on March 26, 2021, NXP reduced the amount of components earmarked for JVIS from 42,000 to 27,000. Yet, inexplicably, NXP increased the amount of L-Series microprocessors from 21,000 to 24,000, despite that JVIS advised that the W-Series microprocessors are the priority requesting less L-Series microprocessors in order to make more W-Series microprocessors. Based on the current information, JVIS's assembly operations will shut down for lack of Boards on April 19, 2021 and FCA's operations will shut down within approximately the first 10 days of May 2021.

## ARGUMENT

### A.  JVIS Is Entitled to a Temporary Restraining Order

A temporary restraining order ("TRO") may be granted where "immediate and irreparable injury, loss, or damage will result to the applicant from the delay required to effect notice."[2] The purpose of a TRO is to preserve the status quo until a court can decide whether, after a hearing, a preliminary injunction should issue. *See, e.g., Procter & Gamble Co v Bankers Tr. Co*, 78 F.3d 219, 226 (6th Cir. 1996). The status quo "is the last actual, peaceable, noncontested status which preceded the pending controversy." *Bratton v Detroit Auto Inter-Ins Exch*, 120 Mich. App. 73, 79 (1982). Here, the status quo was that Defendants supplied JVIS parts pursuant to the orders in the supply chain.

Michigan courts have established four factors that must be balanced when considering whether to grant injunctive relief, such as a temporary restraining order:

(1) the likelihood that the party seeking the injunction will prevail on the merits,

(2) the danger that the party seeking the injunction will suffer irreparable harm if the injunction is not issued,

(3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief, and

(4) the harm to the public interest if the injunction is issued.

*Alliance for Mentally Ill of Michigan v Dept of Cmty Health*, 231 Mich. App. 647, 660–61 (1998). "A trial court's decision to grant injunctive relief is reviewed under an abuse of discretion standard." *Michigan State AFL-CIO v Secy of State*, 230 Mich. App. 1, 14 (1998). Accordingly, a trial court's decision whether to give injunctive relief "must be based on the facts of the particular

---

[2] For purposes of MCR 3.310(B)(1)(a) the Plaintiff also relies on its Verified Complaint to demonstrate "immediate and irreparable injury, loss, [and] damage.

case." *Id*. "The general rule is that whenever courts have found a mandatory injunction essential to the preservation of the *status quo* and a serious inconvenience and loss would result to plaintiff and there would be no great loss to defendant, they will grant it." *L & L Concession Co v Goldhar-Zimner Theatre Enterprises*, 332 Mich. 382, 388 (1952). Here, JVIS should be entitled to injunctive relief to preserve the status quo because the four temporary restraining order factors clearly, as discussed below, weigh in JVIS's favor.

### 1. **JVIS has a high likelihood to prevail on the merits**

In considering whether to grant a temporary restraining order, courts review JVIS's likelihood of success on the merits. Although this showing requires "more than a mere possibility of success . . . it is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Six Clinics Holding Corp, II v Cafcomp Sys, Inc*, 119 F.3d 393, 402 (6th Cir. 1997). Here, there is a high likelihood of success on the merits in showing that Defendants have anticipatorily repudiated and breached the parties' agreements and that NXP and Avnet have tortiously interfered with the JVIS-Futaba contract.

### a) **Defendants anticipatorily repudiated and breached their agreements**

It is well settled law that "the principle of freedom to contract does not permit a party *unilaterally* to alter the original contract." *Quality Products & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 364 (2003) (emphasis in original). Here, JVIS and Futaba agreed that Futaba would supply JVIS with its requirements of the Boards for the Vehicles. JVIS communicated its requirements to Futaba through releases based on the quantities demanded from JVIS's customer, FCA. JVIS and Futaba agreed that "time is of the essence" for its deliveries. They also agreed that the purchase order contract at issue is a blanket parts order "for all of [JVIS's] requirements

of the Items." (Exhibit 1 at §§3 and 7.)  However, despite JVIS's orders, Futaba has advised that it will not provide all of the ordered quantities on the dates required by JVIS.  As to NXP and Avnet, on or about February 23, 2021, both made oral agreements with JVIS to provide JVIS with 42,000 W-Series parts during the second quarter of 2021.  However, on March 26, 2021, NXP and Avnet breached that agreement, advising that they would only supply 27,000 W-Series microprocessors instead.

Defendants' notifications that they will not supply the agreed amounts is a breach and an anticipatory repudiation of the parties' agreements.  "Under the doctrine of repudiation or anticipatory breach, if, before the time of performance, a party to a contract unequivocally declares the intent not to perform, the innocent party has the option to either sue immediately for the breach of contract or wait until the time of performance." *Stoddard v Manufacturers Nat Bank of Grand Rapids*, 234 Mich App 140, 163 (1999). Here, there is no dispute that Defendants have stated that they will not supply the required quantities to JVIS.  This is clearly an anticipatory repudiation, as recognized under Michigan's UCC: "when under a fair reading [] amounts to a statement of intention not to perform except on conditions which go beyond the contract, it becomes a repudiation." MCL § 440.2610, Official Comment 2.

Further, in addition to the breaches of their own oral contracts, NXP and Avnet induced Futaba to breach the JVIS-Futaba contract by refusing to supply Futaba with the necessary parts ordered by Futaba and failing to allocate requisite production capacity and parts for Futaba.  NXP and Avnet were unjustified in their instigation of the breach of contract by Futaba.  This is especially true where they first agreed to supply 42,000 W-Series microprocessors but after JVIS exercised its legal right to demand assurances of performance, NXP and Avnet cut JVIS's supply by 15,000 units.

### b) Specific performance is an appropriate remedy

The JVIS-Futaba agreement is a requirements contract for the sale of goods under Michigan's UCC. MCL § 440.2306. The underlying parts are unique and cannot be readily obtained from any other supplier. Accordingly, the appropriate remedy here is specific performance. Under MCL § 440.2716, "[s]pecific performance may be decreed where the goods are unique or in other proper circumstances." MCL § 440.2716. Here, the underlying parts are both "unique" and "other proper circumstances" exist for specific performance because failure to provide the relevant parts, and the subsequent re-sourcing necessary would ultimately short circuit production at JVIS, causing irreparable damage.

Here, money damages are unhelpful and specific performance is necessary because without an order that Defendants continue to supply the parts according to the parties' agreements, JVIS's plant will, in short order, run out of stock, shutdown, and force FCA's and Mayco's assembly plants to do the same. In sum, JVIS has a very high likelihood to prevail on the merits and specific performance should be ordered.

### 2. JVIS will be irreparably harmed if a TRO is not issued

Next, in considering whether to grant a temporary restraining order, courts assess whether the Plaintiff will be irreparably harmed. "In order to establish irreparable injury, the moving party must demonstrate a non-compensable injury for which there is no legal measurement of damages or for which damages cannot be determined with a sufficient degree of certainty. The injury must be both certain and great, and it must be actual rather than theoretical." *Thermatool Corp v Borzym*, 227 Mich App 366, 377 (1998). In this situation, there is no adequate legal measurement of damages because of the size of the automotive supply chain and also because of automotive supplier's livelihood depends on their company's goodwill. Importantly, "loss of established

goodwill may irreparably harm a company." *Michigan Bell Tel Co v Engler*, 257 F3d 587, 599 (6th Cir, 2001). "By its very nature injury to goodwill and reputation is not easily measured or fully compensable in damages. Accordingly, this kind of harm is often held to be irreparable." *Ross-Simons of Warwick, Inc v Baccarat, Inc*, 102 F.3d 12, 20 (1st Cir 1996). "[S]howing injury to goodwill can constitute irreparable harm that is not compensable by an award of money damages." *Gateway E Ry Co v Terminal RR Ass'n of St Louis*, 35 F.3d 1134, 1140 (7th Cir 1994).

Here, unless Defendants are ordered otherwise, their failure to supply the full quantity according to the contract terms will irreparably harm JVIS. Unless JVIS receives the Boards from which include NXP's components, JVIS will be unable to fulfill its contractual agreements with FCA and will be unable to provide it with finished products. In that case, FCA will be unable to finalize the production of its vehicles and will be forced to shut down. Not only will this cease the production of vehicles, countless autoworkers will be unable to work. This is not just one small part and one small plant. *Futaba supplies JVIS with parts for FCA's Jeep Grand Cherokee the flagship vehicle for one of the biggest OEMs in the world*. The parts also affect FCA's operations in Brampton, Ontario, to a lesser extent but are important, nonetheless. This harm is immediate, because JVIS's plant will soon begin to run out of integrated center stacks, causing shutdowns at its own plant, Mayco, and FCA not long thereafter. JVIS's reputation would be tarnished throughout the entire OEM community for shutting down FCA. Various courts have recognized these situations as involving the exact type of harm that necessitates granting injunctive relief.

In *Eberspaecher N Am, Inc v Nelson Glob Prods, Inc*, 2012 WL 1247174 (ED Mich, April 13, 2012), Judge Robert Cleland found irreparable harm and noted many of these same problems that occur when a tier 2 supplier threatens not to supply:

> Plaintiff asserts that, if Defendant stops shipment of the parts, it will be unable to continue manufacturing the automotive exhaust systems for the OEMs, resulting in

the loss of customer goodwill. *See Basicomputer*, 973 F.2d at 512 ("The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute."). Such a result may have more dire consequences as well. **This court has held in a similar case that a cessation of shipments in the automobile industry can wreak particular havoc**. *See Intertek Sys., LLC v. Multimatic, Inc.*, No. 04–CV–73661–DT, at 6 (E.D. Mich. 2004) (order granting preliminary injunction), Dkt. # 8–2. Because, for the sake of efficiency, car manufacturers typically do not keep large reserve banks of parts, "component parts are often incorporated into a finished product within a few hours of their delivery." *Kelsey–Hayes Co. v. Galtaco Redlaw Castings Corp.*, 749 F.Supp. 794, 798 (E.D. Mich. 1990). As a result, "[a] supplier's failure to make scheduled shipments may have immediate and dramatic consequences," *id.*, in that "any interruption in [a manufacturer's] production schedules might result in a shutdown of certain assembly lines while [it] obtained new suppliers and made the necessary arrangements for new production tooling and dies," *In re Autostyle Plastics, Inc.*, 216 B.R. 784, 788 (Bankr. W.D. Mich. 1997). **These shutdowns, in turn, might cause the layoff of innumerable employees** and a damage claim against the supplier along the order of millions of dollars a day. *Id.*; *see also Gen. Motors Corp. v. Paramount Metal Prods. Co.*, 90 F.Supp.2d 861, 875 (E.D. Mich. 2000) (emph. added).

(Exhibit 4.) In this case, cessation of the full amount of shipments here will have an international impact and, thus, impact JVIS's reputation and goodwill worldwide.

In line with *Eberspaecher*, the Oakland County Business Court was persuaded by, and ruled in accordance with, the proposition "that irreparable harm can be established via the potentially catastrophic disruption of the supply chain to the automotive industry." *Robert Bosch Battery Systems, LLC v Samsung SDI America, Inc*, Case no. 14-141294-CK (Opinion and Order Issued June 19, 2014) (Hon. James Alexander). (Exhibit 5, *Bosch* Opinion and Order.) In *Bosch*, the defendant threatened to cease shipping batteries to the plaintiff which, according to the plaintiff, would ultimately shutdown Chrysler's production line. "Should this happen, Plaintiff's goodwill and reputation with Chrysler may be immeasurably damaged." *Id.* at 4. Accordingly, Judge Alexander found that the plaintiff was entitled to injunctive relief and ordered the defendant to continue to do business according to the parties' agreements. *Id.* at 4-5. This Court should similarly preserve the status quo.

13

Likewise, in *In Re Auto Style Plastics, Inc*, 216 BR 784, 788 (Bankr WD Mich 1997), the bankruptcy court approved measures to avoid a shutdown of General Motors' plants because the court recognized the disastrous consequences of cutting off a "single source" supplier of automotive parts:

> Because [debtor] was a "single source" supplier to General Motors Corporation (among others), it feared that any interruption in its production schedules might result in a shutdown of certain assembly lines while GM and other customers obtained new suppliers and made the necessary arrangements for new production tooling and dies. In turn these shutdowns might cause the layoff of innumerable employees of GM and Debtor's other customers... The Debtor calculated that a shutdown of a GM assembly line could result in a damage claim by GM and an offset against outstanding GM accounts receivable in excess of $9 million per day.

*See also General Motors Corp v Paramount Metal Products Co*, 90 FSupp2d 861, 875 (ED Mich 2000) (citing testimony that GM would have lost millions of dollars per day if Paramount immediately ceased production of the plaintiff's seat frame requirement). Unless this Court orders otherwise, JVIS will be irreparably harmed by Defendants' breaches and tortious interferences.

### 3. JVIS will be harmed if a TRO is not issued, but Defendants will not – they will only be required to abide by their contractual obligations

Third in considering whether to grant a temporary restraining order, courts assess which party would be harmed more, if at all, by granting injunctive relief. As discussed above, unless injunctive relief is granted, JVIS will be irreparably harmed. On the other hand, if injunctive relief is granted there will be no harm to Defendants because this Court would only be compelling them to do what they are already obligated to do. That is, ship certain parts to JVIS in accordance with the parties' agreement and refrain from interfering with the JVIS-Futaba contract. If anything, an order granting injunctive relief will help Defendants because it would greatly reduce the amount of damages they would otherwise be liable for in this lawsuit. The third factor clearly weighs in JVIS's favor.

### 4.   The public interest will be served by the issuance of a TRO

Last, in considering whether to grant a temporary restraining order, courts assess whether the public interest will be served by granting injunctive relief. There is no question that the public interest will be served by this Court issuing a TRO because all it would do is require Defendants to abide by their contracts and refrain from tortious conduct. It is well settled that "the public interest lies in preserving the enforceability of contracts." *Neveux v Webcraft Techs., Inc*, 921 FSupp 1568, 1573 (ED Mich, 1996). "The public has an interest in having valid contracts enforced." *Uniroyal Goodrich Tire Co v Hudson*, 873 FSupp 1037, 1049 (ED Mich, 1994). Defendants' attempt to unilaterally mandate a renegotiation of a previously agreed to contract term while holding JVIS hostage does not serve the public interest. Additionally, preventing shutdowns at FCA and Mayco will keep auto workers employed, who would otherwise lose work as a result of Defendants breaches. Clearly, the public interest is served by the issuance of a TRO.

### CONCLUSION

As described above, all four factors weigh heavily in favor of granting a temporary restraining order. There is no question that Defendants do not have the right to unilaterally change the parties' contractual quantity terms. Thus, JVIS has a high likelihood to prevail on the merits. Further, JVIS will be irreparably harmed unless Defendants arfe ordered to continue to operate under the parties' current agreements. JVIS cannot purchase these products "off the shelf." JVIS will lose goodwill, will be forced to shut down assembly of FCA's flagship vehicle, among others, and will ultimately suffer irreparable harm to its reputation among the OEM community. Next, there will not be any harm to Defendants by granting a TRO because they will only be required to do what they are already required to do. Lastly, the public interest will be served by enforcing the agreements which ensures the workforce and availability of automobiles will not be negatively

impacted. Accordingly, this Court should grant the temporary restraining order, in the form attached hereto as Exhibit 6, to preserve the status quo. Otherwise, there will be disastrous effects throughout the global automotive industry. Additionally, because the irreparable harm described above will continue after the expiration of a temporary restraining order, this Court should, pursuant to MCR 3.310(A)(1), hold a hearing and issue an order for Defendants to show cause why a preliminary injunction should not enter.

Respectfully Submitted,

**THE MILLER LAW FIRM, P.C.**
Attorneys for Plaintiff


*/s/ David B. Viar*
David B. Viar (P43479)
Martha J. Olijnyk (P60191)
950 W. University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
dbv@miller.law
mjo@miller.law

Dated:  April 1, 2021

## **VERIFICATION**

State of Michigan         }
                                }

County of Macomb       }

I, Jack Fuery hereby certify that I am employed by JVIS-USA, LLC ("Plaintiff") as Vice President of Operations. I am authorized to verify the foregoing Ex Parte Motion for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue on behalf of Plaintiff, and do so based upon personal knowledge, Plaintiff's records, and/or matters made known to me. I, therefore, verify that the facts stated in the foregoing Ex Parte Motion for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue are true and correct to the best of my personal knowledge, information and belief.

_____
Jack Fuery

Subscribed to and sworn before me
on this 3/ day of March, 2021.

_____
Notary Public

DARIUS J. PREISLER
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES Dec 12, 2024
ACTING IN COUNTY OF _Macomb_

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

JVIS-USA, LLC, a Michigan limited liability
company,

       Plaintiff,                                  Hon. Kathryn Viviano
                                                Case No.: 21-001133-CB

v.

NXP SEMICONDUCTORS USA, INC., a
Delaware corporation; AVNET, INC., a New York
corporation; and FUTABA CORPORATION OF
AMERICA, an Illinois corporation,

       Defendants.
_____/
David B. Viar (P43479)
Martha J. Olijnyk (P60191)
Attorneys for Plaintiff
THE MILLER LAW FIRM, P.C.
950 W. University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
_____/

**_EX PARTE_ TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE
WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

       This Court, having reviewed Plaintiff's Emergency and _Ex Parte_ Motion for a Temporary

Restraining Order and Order to Show Cause why a Preliminary Injunction Should Not Issue, brief

in support, and Verified Complaint, and the Court being otherwise duly advised in the premises:

**IT IS HEREBY ORDERED THAT**:

       1.      This Court is satisfied after reviewing the Motion, Brief, and Verified Complaint

that Plaintiff will face immediate irreparable injury unless a temporary restraining order is issued.

Without such an order, Plaintiff would suffer a disastrous loss of goodwill, its plant would shut

down, its OEM customer's plant would shut down as would the plant of the integrator, and

countless automobile workers would be unable to work. This Order was granted without notice because of the immediacy of the irreparable harm and the certainty that the Defendant will not rescind its threats. MCR 3.310(B)(2)(b).

2.      Accordingly, Defendants are ordered to continue to supply parts to the Plaintiff under the quantity and supply terms described in the controlling Purchase Order and Releases and JVIS Terms and Conditions of Purchase.

3.      On ___ ____, 2021 at _____, Defendants shall appear before this Court to show cause why a preliminary injunction ordering the relief described above should not be issued. MCR 3.310(B)(2)(c).

4.      Defendants shall file a brief in response to Plaintiff's Motion by _____ ____, 2021.

5.      Plaintiff shall serve a copy of this Order on Defendants within ____ days of its issuance.

6.      Plaintiff is not required to give security because the Court is satisfied this Order does nothing more than require Defendants to do what they are already contractually required to do. MCR 3.310(D)(1-2).

7.      This Order shall remain in effective immediately and remains effective until further order of this Court.

8.      This is not a final order and this order does not close this case.

**IT IS SO ORDERED**.

**Date**:_____                    _____
                                             Hon.
                                             Circuit Court Judge

# EXHIBIT 1


**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| REVISION # | 21 | PURCHASE ORDER NO |
|---|---|---|
| SPOT ORDER | | **6672** |
| BLANKET ORDER | X | |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES | | |
|---|---|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X | COLLECT | INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| 5 | X40017300XX | PCB SPORT | .00 | EA | ■■■ | EA | ■■■ |
| 13 | X40016600XX | PCB ODD 3 BUTTON | .00 | EA | ■■■ | EA | ■■■ |
| 14 | X99040000XX | 3 button ATC<br>ECR 092215-0002<br>X99040000XX | .00 | EA | ■■■ | EA | ■■■ |
| 15 | X99041000XX | 4 button ATC<br>ECR 092215-0002<br>X99041000XX | .00 | EA | ■■■ | EA | ■■■ |
| 16 | X99042000XX | 4 button ATC<br>ECR 092215-0002<br>X99042000XX | .00 | EA | ■■■ | EA | ■■■ |
| 17 | X99043000XX | 1 button nonATC<br>ECR 092215-0002<br>X99043000XX | .00 | EA | ■■■ | EA | ■■■ |
| 18 | X99044000XX | 2 button nonATC<br>ECR 092215-0002<br>X99044000XX | .00 | EA | ■■■ | EA | ■■■ |
| 19 | X99045000XX | 2 button ATC | .00 | EA | ■■■ | EA | ■■■ |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| CONTINUED NEXT PAGE ...... | |

PAGE:  1



**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| Z117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT   INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | ECR 092215-0002<br>X99045000XX | | | | | |
| 20 | X99046000XX | 3 button ATC<br>ECR 092215-0002<br>X99046000XX | .00 | EA | ███ | EA | ███ |
| 21 | X99047000XX | 4 button ATC<br>ECR 092215-0002<br>X99047000XX | .00 | EA | ███ | EA | ███ |
| 22 | X99048000XX | 4 button ATC<br>ECR 092215-0002<br>X99048000XX | .00 | EA | ███ | EA | ███ |
| 35 | X40021301XX | PCB 5" 4 BUTTON<br>2018 WK/WD ICS | .00 | EA | ███ | EA | ███ |
| 36 | X40020901XX | PCB 5" 5 BUTTON<br>2018 WK/WD ICS | .00 | EA | ███ | EA | ███ |
| 37 | X99144001XX | 18 WK 8.4 3 BUTTON<br>AMBER PCB | .00 | EA | ███ | EA | ███ |
| 38 | X40021401XX | PCB 8.4" 4 BUTTON | .00 | EA | ███ | EA | ███ |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| Z117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT   INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | 2018 WK/WD ICS | | | | | |
| 39 | X40021101XX | PCB 8.4" 5 BUTTON<br>2018 WK/WD ICS | .00 | EA | ▇▇▇ | EA | ▇▇▇ |
| 40 | X40020602XX | PCB 8.4" 5 BUTTON SRT NAFTA<br>ALL BLUE & AMBER ESC | .00 | EA | ▇▇▇ | EA | ▇▇▇ |
| 41 | X40020802XX | PCB 8.4" 5 BUTTON SRT BUX<br>ALL BLUE & AMBER FRT & REAR<br>DEFROST & ESC | .00 | EA | ▇▇▇ | EA | ▇▇▇ |
| 42 | X40021701XX | PCB 8.4" 6 BUTTON<br>2018 WK/WD ICS | .00 | EA | ▇▇▇ | EA | ▇▇▇ |
| 43 | X40021501XX | PCB 8.4" 7 BUTTON<br>2018 WK ICS | .00 | EA | ▇▇▇ | EA | ▇▇▇ |
| 47 | X99186000XX | PCB 5" 6 BUTTON 2018 WD ICS<br>AMBER<br>X99186000XX | .00 | EA | ▇▇▇ | EA | ▇▇▇ |
| 48 | X99192000XX | 18 WK BUX 8.4" 4 BUTTON SRT<br>ECR 030617-0001<br>X99192000XX | .00 | EA | ▇▇▇ | EA | ▇▇▇ |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

CONTINUED NEXT PAGE ......



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| REVISION # | 21 |
|---|---|
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT   INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| 49 | X40014000XX | PCB 8" 3 BUTTON<br>2015 WD ICS SERVICE<br>X40014000XX | .00 | EA | ███ | EA | ███ |
| 50 | X40013900XX | PCB 8" 2 BUTTON<br>2015 WD ICS SERVICE<br>X40013900XX | .00 | EA | ███ | EA | ███ |
| 51 | X40013700XX | PCB 5" 2 BUTTON<br>2015 WD ICS SERVICE<br>X40013700XX | .00 | EA | ███ | EA | ███ |

1.   ORDER:  Buyer's order for the purchase of any goods or services (the "Items") shall be expressly limited to the written purchase order issued by Buyer and the standard terms and conditions set forth herein. Any additional or different terms proposed by Seller are rejected unless specifically agreed to by Buyer in writing.  Seller may accept the order by either:
(i)
written acknowledgement sent to Buyer or   (ii) Seller's supply of the Items and Buyer's acceptance of the Items shall also give rise to an agreement on the terms and conditions stated herein. Buyer may modify these standard terms and conditions by posting the revised terms and conditions on Buyer's website or by sending directly to Seller
2.   PRICES:  Unless otherwise agreed in writing, prices shall be as stated

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE:  4



**JVIS** USA LLC
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X COLLECT ☐ INVOICE ☐ |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | in Buyer's purchase order.  The prices stated on the face of the purchase order include, and Seller therefore assumes and agrees to pay, any and all federal, state and/or local taxes applicable to the manufacture, transportation and sale of the Items by Seller to Buyer.  The prices also include the packaging and crating and transportation charges to Buyer's facility.  No charges will be allowed for transportation, packaging, packing or containers unless specifically stated.<br>Seller represents that the prices charged for the Items covered by the order are the lowest prices charged by Seller to buyers of the same class as Buyer under conditions similar to those specified in the order and that prices comply with applicable government regulations in effect at the time of quotation, sale, and delivery.  Seller agrees that any price reduction made in the Items covered by the order subsequent to its placement but prior to payment will be applicable to Buyer's order.  Buyer shall have the right to perform financial audits of Seller's books and records to verify the cost and pricing of the Items.<br>Buyer reserves the right to market test any Item being supplied and terminate for cause under Section 6 if Seller is not cost competitive.<br>Service parts will be produced for at least ten years after the end of a program at the last production price.<br>3. DELIVERY:  Time is of the essence.  Buyer may refuse to accept all or any part of Items which are not received by the time specified, or if no delivery date is fixed, within a reasonable time.<br>Seller shall be responsible for shipment to Buyer's facility, unless otherwise agreed in writing.  A packing list shall accompany each shipment. | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE:  5

 **JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT   INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | Seller shall send Buyer an original invoice and one duplicate with bill of of lading inserted for each shipment.  Invoices shall bear a number corresponding to Buyer's purchase order number.  Invoices must be received by the Buyer not later than the time the Items ordered arrive at Buyer's facility.<br>All shipments must be packaged and must conform with Buyer's packaging approval so as to permit efficient handling and to provide protection in shipment, and if tendered to a common carrier for delivery, must also conform to the packaging requirements applicable to such carrier. Damage to any articles resulting from improper packaging will be charged to Seller.<br>Weekend, holiday and after hours deliveries may be required by Buyer based on production demands of its customer.  Seller will be liable for expedited delivery expense if delivery is not timely made by normal means.<br>4.  WARRANTIES:  Seller warrants: (i) that the Items conform in all respects with the description, standards and specifications furnished or specified by Buyer and also with  any catalogue, manual, or brochure of the Seller;  (ii)  the Items conform in all respects to any models, samples, drawings or other description presented to Buyer by Seller in connection with such Items, or submitted by Buyer to Seller in connection with such Items ; (iii) that the Items are merchantable, fit for the purposes for which such Items are intended, free from defects of workmanship and materials; (iv) that Seller has good title to such Items and (v) that Seller has and will in the future comply with all applicable federal, state and local laws, rules and regulations.  These express warranties shall not | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE:  6



**JVIS USA** LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| REVISION # | 21 |
|---|---|
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT    INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | limit those warranties which are implied by applicable law and Seller may not disclaim such implied warranties. Seller will comply with all requirements set forth in Buyer's Supplier Quality Manual. Seller may access the latest version of the Manual on Buyer's website or request a written copy from Buyer. Seller agrees to comply with any customer requirements that Buyer is subject to which relate to the Items. Seller shall indemnify and defend Buyer for all claims and expenses that are in any way related to issues with the Items provided by Seller including, but not limited to, product liability claims and recalls and costs of sorting, testing and inspection. 5.  INSPECTION:  Buyer shall have the right to inspect and test all Items, including supplies, special tooling, materials and workmanship to the extent practicable at all times and places, including during the period of manufacture.  Seller shall also provide and maintain an adequate inspection system. If any Items delivered or services rendered hereunder are defective in material or workmanship (or otherwise not in conformity with the with the requirements of the order), Buyer shall have the right, notwithstanding payment or any prior inspection or test, either to reject and/or revoke acceptance and return said Items to require its correction and/or or recover damages in accordance with applicable law including Article 2 of the Uniform Commercial Code.  Any work which is required shall be corrected by and at the expense of Seller promptly after notice. Property which is rejected or required to be corrected shall be removed (if permitted or required by Buyer) or corrected in place, by and at the expense of Seller promptly after | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE:  7



**JVIS USA** LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | ☐ | X | PREPAID X  COLLECT ☐  INVOICE ☐ |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | notice. If the Seller fails promptly to remove such property which is requested to be removed or promptly to replace or correct such property if correction or replacement is requested, Buyer shall have the right to (i) replace or correct such Item and charge to Seller the increased cost occasioned by Buyer thereby, or (ii) effect a termination for cause. Seller assumes the risk of damage to or loss of and all handling and transportation costs for defective property delivered hereunder. Buyer's inspection, discovery of any breach of warranty, failure to make an inspection or failure to discover any breach of warranty shall not waive any of Buyer's rights or remedies with respect to any breach of warranty by Seller whatsoever. Acceptance shall not remove or divert Buyer's rights or diminish Seller's responsibility for latent defects. Buyer shall have the right to debit any charges against amounts owed by Buyer to Seller. Any defective Items which are not sold to Buyer or are returned to Seller shall only be disposed of as scrap by Seller for material content. 6. TERMINATION: (a) Buyer may terminate an order without cause or for any reason whatsoever by written or electronic notice at any time. Buyer's only liability shall be with respect to those Items which are the subject of firm release orders submitted by Buyer and reasonable raw material and work in process expenses which Buyer directly authorized Seller to incur. In no case shall Seller have a claim for any other costs or expenses, including lost profits, overhead, facilities, machinery, equipment or engineering design and development unless a separate written agreement has been entered into covering such items. Seller shall submit its termination | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

**PAGE:  8**



**JVISUSA** LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br>                    60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br>                    48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID  X  COLLECT   INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | claims within thirty (30) days after the notice of termination is given.<br>The provisions contained in this section shall not limit or affect Buyer's<br>right to terminate the order for cause.<br>b) Buyer may terminate the order for cause if Seller fails to meet the<br>quality and delivery requirements of Buyer, or otherwise fails to observe<br>or comply with any of the other instructions, terms, conditions<br>or warranties applicable to the order or fails to make progress so as to<br>endanger performance of the order or in the event of any proceedings by or<br>against Seller in bankruptcy or insolvency or proceedings for appointment<br>of a receiver or trustee or an assignment for the benefit of creditors.<br>.  In such event, Buyer may, in addition to any other right or remedy<br>provided by the order or by law, terminate all or any part of the order by<br>written or electronic notice to Seller without any liability of Buyer to<br>Seller on account thereof.<br>Buyer may require a financial statement from Seller at any time during the<br>term of the order for the purpose of determining Seller's financial<br>responsibility and failure to provide will be cause for termination.<br>7.  PRODUCTION ORDER: If the order is designated  a blanket parts  order,<br>it shall only be binding upon Buyer for Items designated to Seller in firm<br>release orders to be submitted from time to time in the future. If no<br>quantity is stated, the order is for all of Buyer's requirements of the<br>Items while the order is in effect and Seller shall have the capacity to<br>meet the peak volume demands of Buyer.<br>Estimated volumes may be provided by Buyer for production programs,<br>although Buyer does not commit to purchase the estimated quantity | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE: 9



**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| SUPPLIER | SHIP - TO |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X COLLECT INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | Unless otherwise stated, blanket parts orders are for the life of the program subject to the provisions of these terms and conditions.<br>8. INFRINGEMENT INDEMNITY: Seller hereby agrees to defend, indemnify and hold Buyer, its successors, assigns, agents, customers, and users of the Items harmless from and against loss, damage or liability including costs and expenses which may be incurred on account of any suit, claim, judgment, or demand involving infringement or alleged infringement of any patents, trademarks, copyrights, trade secrets, licenses or other rights of third parties by the manufacture, use, sale and/or disposition of any Items supplied hereunder.<br>If Buyer is providing specifications, Seller waives any rights it might might have pursuant to Section 2-312 of the Uniform Commercial Code.<br>9. ASSIGNMENT: Neither the order nor any rights or obligations created herein may be assigned by Seller nor may Seller subcontract the performance of its duties without Buyer's prior written consent. The terms and conditions of the order shall bind any permitted successors and assigns of Seller. Any consent by Buyer to assignment shall not release Seller from its liability or be deemed to waive Buyer's right to recoupment and/or set off of claims arising out of the order or any other transactions with Seller, its divisions, affiliates or subsidiaries or to settle or adjust matters with Seller without notice to permitted successors and assigns.<br>10. CHANGES: Buyer may at any time, by written notice, make changes in the specifications, designs or drawings, samples or other descriptions to which the Items are to conform, in methods of shipment and packaging, or place of delivery. If any such change causes an increase or decrease in the cost | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| CONTINUED NEXT PAGE ...... | |

PAGE: 10



**JVIS**USA LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | | SHIP VIA | |
|---|---|---|---|---|
| NET 45 DAYS | SHIPPING POINT | | BEST WAY | |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT   INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | of, or the time required for, the performance of any part of the work under the order, whether changed or not changed by any such order, an equitable adjustment shall be made in the price or delivery schedule, or both, and the order modified in writing accordingly. Any claim by Seller for an adjustment must be made in writing immediately upon receipt of any such notice, provided however, that Buyer may in its discretion, receive and act upon any such claim so made at any time prior to final payment under the order. Nothing in this clause shall excuse the Seller from proceeding without delay to perform the order as changed.<br>11. PROPRIETARY RIGHTS: Other than for the performance of Buyer's order, Seller shall not reproduce, use or disclose any data, specifications, designs, drawings, pricing or other information (including customer owned information) belonging to or supplied by or on behalf of Buyer to Seller. All manifestations of the foregoing shall be returned to Buyer upon completion of Seller's obligations and duties. Any information which Seller discloses to Buyer regarding or which is incorporated into the the design, manufacture, sale or use of the Items shall be deemed disclosed as part of consideration paid for the Items and Buyer shall be entitled to reproduce, use and disclose the same under an irrevocable royalty-free license.<br>12. BUYER'S PROPERTY: All property used by Seller in connection with the order which is owned, furnished, charged to or paid for by Buyer or its customer, including but not limited to materials, tools, dies, jigs, molds, patterns, fixtures, equipment, drawings and other technical information, specifications, and any replacement thereof shall be and remain the | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE: 11



**JVIS USA** LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

REVISION #  21
SPOT ORDER
BLANKET ORDER  X

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID  X  COLLECT  INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | property of Buyer subject to removal and inspection by Buyer at any time without cost or expense to Buyer and Buyer shall have free access to Seller's premises for the purpose of inspecting or removing such property. All such property shall be identified and marked as Buyer's property, used only for the order and adequately insured by Seller at its expense for Buyer's protection.  Seller shall assume all liability for and maintain and repair such property and return the same to Buyer in its original condition, reasonable wear and tear excepted. Seller agrees not to claim any statutory, equitable or other liens on Buyer's property.<br>13. GENERAL: (a) The rights and remedies provided herein shall be cumulative and shall not be exclusive of but shall be in addition to any any other rights remedies and benefits provided herein or allowed by applicable law. (b) Waiver by Buyer of a breach of any provision shall not be deemed a waiver of future compliance and such provision shall remain in full force and effect. (c) The order and the rights and obligations of the parties hereunder shall be governed by and construed pursuant to the laws of the State of Michigan without giving effect to conflicts of laws principles. The United Nations Convention for the International Sales of Goods shall not apply.<br>(d) If Seller is located in the U.S.A., Seller consents to the exclusive jurisdiction of the federal and state courts in the State of Michigan to hear any dispute arising out of or in connection with the order and consents that any such action may be brought in the Circuit Court for the County of Macomb or the District Court for the 41A Judicial District. If Seller is located outside of the U.S.A., binding arbitration before one | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE: 12



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT    INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | arbitrator under the rules of the American Arbitration Association shall be held in the State of Michigan in the English language. (e) The invalidity of any provision shall not invalidate the balance of the invalid provision or any other provision. (f) The order, including the terms and conditions on the face and those set forth herein, contains the complete and final agreement between Buyer and Seller and except as otherwise provided herein, no other proposed terms or agreement in any way modifying such terms and conditions will be binding on Buyer unless made in writing and signed by Buyer's authorized representative. The specific terms of any supply, distribution or other agreement shall control over these standard terms if there is any inconsistency.<br>*<br>WHERE APPLICABLE SUPPLIERS ARE TO MEET AND SUPPORT THE FOLLOWING:<br>.<br>A) THE JVIS MFG PURCHASE ORDER NUMBER MUST BE NOTED ON ALL SHIPPING<br>    AND INVOICING DOCUMENTATION FOR PROPER PAYMENT.<br>    INVOICES ARE TO BE MAILED TO:<br>        JVIS MANUFACTURING LLC<br>        P.O. BOX 530<br>        MT. CLEMENS, MI 48046<br>B) 100% ON TIME DELIVERY AND A GOAL OF ZERO PPM'S<br>C) THE SUPPLIER MUST BE CERTIFIED TO ONE OF THE FOLLOWING QUALTITY<br>    SYSTEM STANDARDS:  TS16949 OR THE LATEST EDITION OF ISO 9001.<br>D) ALL CONTAINERS MUST HAVE AN APPROVED AIAG LABEL REFERENCING THE<br>    JVIS MFG PART NUMBER, PURCHASE ORDER NUMBER, LOT OR BATCH NUMBER, | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

**PAGE: 13**



## JVIS USA LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| SUPPLIER | SHIP - TO |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X COLLECT INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | QUANTITY AND DESCRIPTION. CONTAINERS WITHOUT CORRECT AIAG LABEL DESCRIPTION. CONTAINERS WITH OUT CORRECT AIAG LABEL WILL BE CONSIDERED NON-CONFORMING. | | | | | |

E) ALL NON-CONFORMING PRODUCT MUST BE DISPOSITIONED WITHIN 48 HOURS
   OF INITIAL NOTIFICATION.
F) AT JVIS MFG OPTION PRODUCTS NEEDING TO BE SORTED DUE TO NON-CONFORMANCE
   WILL BE SORTED BY VENDOR AT THEIR PREMISES. SHOULD SORTING BE REQUIRED
   BY JVIS MANUFACTURING PERSONAL, A CHARGE OF ▇▇▇▇ PER HOUR WILL BE
   BE APPLIED.
G) LEVEL 3 PPAP APPROVAL IS REQUIRED PRIOR TO SHIPMENT OF PRODUCTION PARTS/
   MATERIALS.
H) SUPPLIERS ARE REQUIRED TO ADHERE TO THE REQUIREMENTS DETAILED IN THE
   SUPPLIER QUALITY MANUAL ACCESSIBLE AT WWW.JVISUSALLC.COM.
I) WHERE APPLICABLE, A NAFTA CERTIFICATE OF ORIGIN IS TO BE SUBMITTED
   PRIOR TO THE FIRST SHIPMENT OF PRODUCT AND ANNUALLY THEREAFTER.
J) SUPPLIER IS REQUIED TO SUPPORT SERVICE PARTS REQUIREMENTS FOR 10 YEARS
   BEYOND PRODUCTION BUILD-OUT AT PRODUCT PIECE PRICE.
K) ALL PURCHASED PRODUCT SHALL CONFORM TO THE APPLICABLE REGULATORY
   REQUIREMENTS INCLUDING BUT NOT LIMITED TO MSDS & IMDS. PRODUCTION
   SUPPLIERS MUST INCLUDE PROOF OF IMDS DATA SUBMISSION WITH ANY PPAP
   PACKAGE FOR FULL ACCEPTANCE AND APPROVAL (IMDS#65433)
L) JVIS AND ITS CUSTOMERS SHALL BE AFFORDED THE RIGHT TO VERIFY THE
   SUPPLIER'S PRODUCTS, PROCESSES AND SYSTEMS AT JVIS OR SUPPLIER'S
   LOCATION(S).
M) SHIPMENTS LESS THAN 100 LBS ARE TO SHIP VIA FEDEX GROUND.

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE: 14



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| | | TAXABLE | NON-TAXABLE | | FREIGHT CHARGES | | |
|---|---|---|---|---|---|---|---|
| DATE ORDERED<br>1/01/19 | DATE REQUIRED<br>Per Schedule | | X | PREPAID X | COLLECT | INVOICE | |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | * | | | | | | |
| | Revision #1 03/09/2016: | Added new part numbers for the LD/LX/LA MY2017 | | | | | |
| | REVISION #2 04/21/2016: | PRODUCTIVITY REDUCITON IN LINE WITH SOURCING<br>AGREEMENT FOR 2016 EFFECTIVE APRIL 15, 2016<br>LINE ITEMS 13 THRU 22 | | | | | |
| | REVISION #3 09/14/2016: | PCB'S TRANSFERRED FROM BENTON HARBOR TO<br>JVIS SHELBY DUE TO THE WK/WD ICS LINE<br>MOVE.  LINE ITEMS 23 THRU 31<br>EFFECTIVE OCTOBER 16, 2016 PER<br>CN-60632-J32 | | | | | |
| | REVISION #4 09/21/2016: | ADD X40020501XX & X40020701XX TRANSFERRED<br>FROM BH TO JVIS SHELBY DUE TO WK/WD ICS LINE<br>MOVE.  LINE ITEMS 32 & 33<br>EFFECTIVE OCTOBER 16, 2016 PER<br>CN-60632-J32 | | | | | |
| | REVISION #5 10/25/2016: | ENCODER REDUCTION IN LINE WITH CUSTOMER<br>AGREEMENT | | | | | |
| | REVISION #6 12/02/2016: | ADD X99144000XX PER ECR #11016-0001<br>LINE ITEM 34 | | | | | |
| | REVISION #7 01/01/2017: | PRODUCTIVITY REDUCTION EFFECTIVE JANUARY 1, 2017 | | | | | |
| | REVISION #8 01/05/2017: | PRICE CORRECTION ON PART #X99144000XX -<br>LINE #34 | | | | | |
| | REVISION #9 02/28/2017: | REVISE PRICING ON PART #X40017300XX LINE #5 | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE: 15



**JVIS USA** LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

**PURCHASE ORDER NO**
6672

| SUPPLIER | SHIP-TO |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT  INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | TO MATCH THE RFQ | | | | | |
| | | REVISION #10 03/13/2017:  PART NUMBER BUMP DUE TO ECN #020117-0001<br>                            LINE ITEMS 35 - 46 | | | | | |
| | | REVISION #11 03/23/2017:  NEW PCB ADDED FOR 2018 WD PER ECR #021317-0001<br>                            LINE 47 | | | | | |
| | | REVISION #12 03/30/2017:  ADD 2018 WK BUX SRT 8.4" W/BLUE PCB SRT<br>                            LINE #48 | | | | | |
| | | REVISION #13 01/02/2017:  PRODUCTIVITY REDUCTION OF 4% EFFECTIVE<br>                            1/1/2018 | | | | | |
| | | REVISION #14 02/19/2018:  LINE ITEMS 44-45-46 CLOSED PARTS OBSOLETE | | | | | |
| | | REVISION #15 04/27/2018:  ADD PART X40014000XX FOR A SERVICE ORDER. | | | | | |
| | | REVISION #16 10/03/2018:  ADD PART X40013900XX FOR A SERVICE ORDER. | | | | | |
| | | REVISION #17 10/19/2018:  ADD SERVICE PART #X40013700XX - LINE 51 | | | | | |
| | | REVISION #18 01/10/2019:  PRODUCTIVITY REDUCTION OF 4% EFFECTIVE<br>                            1/1/2019 PER ARTHUR HARISKOS | | | | | |
| | | REVISION #19 03/27/2019:  TARIFF IMPACT SETTLEMENT EFFFECTIVE 1/1/2019 | | | | | |
| | | REVISION #20 04/02/2019:  TARIFF IMPACT SETTLEMENT EFFECTIVE 1/1/2019<br>                            PART NUMBERS MISSED ON REVISION #19 | | | | | |
| | | REVISION #21 08/29/2019:  TARIFF IMPACT SETTLEMENT EFFECTIVE 9/1/2019 | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| *Pat Orton* 8/30/2019<br>AUTHORIZED SIGNATURE | |
| | TOTAL: ████ |
| | **CURRENCY**<br>US FUNDS |

PAGE: 16

# EXHIBIT 2



# EXHIBIT 3



ROCHESTER
950 WEST UNIVERSITY DR. SUITE 300
ROCHESTER, MI 48307
248-841-2200 | WWW.MILLER.LAW

Martha J. Olijnyk
mjo@Miller.law

March 16, 2021

**VIA ELECTRONIC MAIL AND U.S. MAIL**

Mr. Takahiro Kuroda, President (tkuroda@futaba.com)
Mr. Robert Dohring, Senior Automotive Sales Mgr. (rdohring@futaba.com)
Futaba Corporation of America
711 E. State Parkway
Schaumburg, IL 60173

Ms. Denise Krank (Denise.Krank@Avnet.com)
Mr. Dennis Monroe (Dennis.Monroe@Avnet.com)
Avnet
39555 Orchard Hill Pl.
Novi, MI 48375

Ms. Lee-Ann Seymour (lee-ann.seymour@nxp.com)
NXP Semiconductor, Inc.
28125 Cabot Dr.
Novi, MI 48377

   Re:   *Printed Circuit Board Assemblies and Components*

Dear Mr. Kuroda, Mr. Dohring, Ms. Krank, Mr. Monroe, and Ms. Seymour:

   I represent JVIS-USA, LLC ("JVIS") relating to the issue of lack of timely supply of printed circuit board assemblies and other products and components including, but not limited to, semiconductors. Futaba, Avnet, and NXP have advised that you will not be supplying components and parts to JVIS in the quantities ordered and the timing required by JVIS. The anticipated lack of supply constitutes grounds for insecurity on the part of JVIS and by this letter JVIS demands adequate assurances of performance.

   Futaba, Avnet and NXP have all advised that they purportedly have excess demand for product that has resulted in insufficient quantities of components and assemblies to meet JVIS's requirements. However, you have not provided detailed explanation or documentary support for the positions you have taken. As you are aware, JVIS's terms and conditions provide that time is of the essence in the delivery of product to JVIS. (Copy of JVIS-Futaba PO and Terms and Conditions attached.) Further, JVIS has been sending weekly releases at normal levels for the last ten months; it never stopped ordering; and always provided its forecasts for planning purposes.



ROCHESTER
950 WEST UNIVERSITY DR. SUITE 300
ROCHESTER, MI 48307
248-841-2200 | WWW.MILLER.LAW

JVIS's orders are no surprise to any of you.  Currently, JVIS will be out of components on April 11, 2021, and estimates that it will not be able to supply its customer, Stellantis, on or about April 21, 2021.  If you do not honor your supply commitments, you will cause JVIS to breach its commitments to its customer and subject JVIS to irreparable harm to its relationship with Stellantis and catastrophic damages.

**Your actions give rise to insecurity under Michigan law, MCL § 440.2609 as well as the Uniform Commercial Code 2-609.  Given the seriousness of your failure to supply fully and timely and the urgent time-pressure this creates, JVIS demands assurances that each of you will supply timely moving forward for the duration of the parties' Supply Agreement.  Such assurances must be provided by Thursday, March 18, 2021 by 11am Eastern.  Such assurances must include:**

    a. a detailed explanation of the reasons for your respective failures to supply;
    b. a detailed description of your allocations of products to customers, including any changes to those allocations in the past 18 months;
    c. a copy of your contracts and terms and conditions with your customer in this supply chain (i.e. the Avnet-NXP contract and the Futaba-Avnet contract); and
    d. a commitment to the timely and full supply of your goods including a timeline of deliveries.

**If parts are not delivered timely, you will be held responsible for all damages suffered by JVIS as a result of your refusal and/or failure to supply parts/components to JVIS in accordance with the parties' agreements.**

If JVIS does not receive adequate assurances and the appropriate shipment of assemblies and components, be advised that JVIS will take all necessary legal action to ensure continued supply, recover its damages, and protect its legal rights.

We look forward to your prompt response.

Very truly yours,

THE MILLER LAW FIRM, P.C.

Martha J. Olijnyk

cc:    Tim Bradley, Esq.
        Jack Fuery
        Jason Murar

       Encl.



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
| 6672 |

| SUPPLIER | SHIP-TO |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT  INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| 5 | X40017300XX | PCB SPORT | .00 | EA | ███ | EA | ███ |
| 13 | X40016600XX | PCB ODD 3 BUTTON | .00 | EA | ███ | EA | ███ |
| 14 | X99040000XX | 3 button ATC<br>ECR 092215-0002<br>X99040000XX | .00 | EA | ███ | EA | ███ |
| 15 | X99041000XX | 4 button ATC<br>ECR 092215-0002<br>X99041000XX | .00 | EA | ███ | EA | ███ |
| 16 | X99042000XX | 4 button ATC<br>ECR 092215-0002<br>X99042000XX | .00 | EA | ███ | EA | ███ |
| 17 | X99043000XX | 1 button nonATC<br>ECR 092215-0002<br>X99043000XX | .00 | EA | ███ | EA | ███ |
| 18 | X99044000XX | 2 button nonATC<br>ECR 092215-0002<br>X99044000XX | .00 | EA | ███ | EA | ███ |
| 19 | X99045000XX | 2 button ATC | .00 | EA | ███ | EA | ███ |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| CONTINUED NEXT PAGE ...... | |

PAGE:  1



**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| Z117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br>48315 |

| TERMS | F.O.B. | | SHIP VIA | |
|---|---|---|---|---|
| NET 45 DAYS | SHIPPING POINT | | BEST WAY | |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT   INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | ECR 092215-000Z<br>X99045000XX | | | | | |
| 20 | X99046000XX | 3 button ATC<br>ECR 092215-000Z<br>X99046000XX | .00 | EA | ███ | EA | ███ |
| 21 | X99047000XX | 4 button ATC<br>ECR 092215-000Z<br>X99047000XX | .00 | EA | ███ | EA | ███ |
| 22 | X99048000XX | 4 button ATC<br>ECR 092215-000Z<br>X99048000XX | .00 | EA | ███ | EA | ███ |
| 35 | X40021301XX | PCB 5" 4 BUTTON<br>2018 WK/WD ICS | .00 | EA | ███ | EA | ███ |
| 36 | X40020901XX | PCB 5" 5 BUTTON<br>2018 WK/WD ICS | .00 | EA | ███ | EA | ███ |
| 37 | X99144001XX | 18 WK 8.4 3 BUTTON<br>AMBER PCB | .00 | EA | ███ | EA | ███ |
| 38 | X40021401XX | PCB 8.4" 4 BUTTON | .00 | EA | ███ | EA | ███ |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| CONTINUED NEXT PAGE ...... | |



**JVIS USA LLC** P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| SUPPLIER | SHIP-TO |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X COLLECT INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | 2018 WK/WD ICS | | | | | |
| 39 | X40021101XX | PCB 8.4" 5 BUTTON<br>2018 WK/WD ICS | .00 | EA | ███ | EA | ███ |
| 40 | X40020602XX | PCB 8.4" 5 BUTTON SRT NAFTA<br>ALL BLUE & AMBER ESC | .00 | EA | ███ | EA | ███ |
| 41 | X40020802XX | PCB 8.4" 5 BUTTON SRT BUX<br>ALL BLUE & AMBER FRT & REAR<br>DEFROST & ESC | .00 | EA | ███ | EA | ███ |
| 42 | X40021701XX | PCB 8.4" 6 BUTTON<br>2018 WK/WD ICS | .00 | EA | ███ | EA | ███ |
| 43 | X40021501XX | PCB 8.4" 7 BUTTON<br>2018 WK ICS | .00 | EA | ███ | EA | ███ |
| 47 | X99186000XX | PCB 5" 6 BUTTON 2018 WD ICS<br>AMBER<br>X99186000XX | .00 | EA | ███ | EA | ███ |
| 48 | X99192000XX | 18 WK BUX 8.4" 4 BUTTON SRT<br>ECR 030617-0001<br>X99192000XX | .00 | EA | ███ | EA | ███ |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |



**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X   COLLECT   INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| 49 | X40014000XX | PCB 8" 3 BUTTON<br>2015 WD ICS SERVICE<br>X40014000XX | .00 | EA | ■■■■ | EA | ■■■■ |
| 50 | X40013900XX | PCB 8" 2 BUTTON<br>2015 WD ICS SERVICE<br>X40013900XX | .00 | EA | ■■■■ | EA | ■■■■ |
| 51 | X40013700XX | PCB 5" 2 BUTTON<br>2015 WD ICS SERVICE<br>X40013700XX | .00 | EA | ■■■■ | EA | ■■■■ |

1.   ORDER:  Buyer's order for the purchase of any goods or services (the
"Items") shall be expressly limited to the written purchase order issued by
Buyer and the standard terms and conditions set forth herein. Any
additional or different terms proposed by Seller are rejected unless
specifically agreed to by Buyer in writing.  Seller may accept the order by
either:
(i)
written acknowledgement sent to Buyer or  (ii) Seller's supply of the
Items and Buyer's acceptance of the Items shall also give rise to an
agreement on the terms and conditions stated herein. Buyer may modify these
standard terms and conditions by posting the revised terms and conditions
on Buyer's website or by sending directly to Seller
2.   PRICES:  Unless otherwise agreed in writing, prices shall be as stated

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| CONTINUED NEXT PAGE ...... | |

PAGE:  4



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

**PURCHASE ORDER NO**
6672

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | | SHIP VIA |
|---|---|---|---|
| NET 45 DAYS | SHIPPING POINT | | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID [X]  COLLECT [ ]  INVOICE [ ] |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | in Buyer's purchase order.  The prices stated on the face of the purchase order include, and Seller therefore assumes and agrees to pay, any and all federal, state and/or local taxes applicable to the manufacture, transportation and sale of the Items by Seller to Buyer.  The prices also include the packaging and crating and transportation charges to Buyer's facility.  No charges will be allowed for transportation, packaging, packing or containers unless specifically stated.<br>Seller represents that the prices charged for the Items covered by the order are the lowest prices charged by Seller to buyers of the same class as Buyer under conditions similar to those specified in the order and that prices comply with applicable government regulations in effect at the time of quotation, sale, and delivery.  Seller agrees that any price reduction made in the Items covered by the order subsequent to its placement but prior to payment will be applicable to Buyer's order.  Buyer shall have the right to perform financial audits of Seller's books and records to verify the cost and pricing of the Items.<br>Buyer reserves the right to market test any Item being supplied and terminate for cause under Section 6 if Seller is not cost competitive. Service parts will be produced for at least ten years after the end of a program at the last production price.<br>3. DELIVERY:  Time is of the essence.  Buyer may refuse to accept all or any part of Items which are not received by the time specified, or if no delivery date is fixed, within a reasonable time.<br>Seller shall be responsible for shipment to Buyer's facility, unless otherwise agreed in writing.  A packing list shall accompany each shipment. | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE . . . . . .** | |

PAGE:  5



**JVIS** USA LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br>48315 |

| TERMS | F.O.B. | | SHIP VIA | |
|---|---|---|---|---|
| NET 45 DAYS | SHIPPING POINT | | BEST WAY | |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES | | |
|---|---|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X | COLLECT | INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | Seller shall send Buyer an original invoice and one duplicate with bill of of lading inserted for each shipment.  Invoices shall bear a number corresponding to Buyer's purchase order number.  Invoices must be received by the Buyer not later than the time the Items ordered arrive at Buyer's facility.<br>All shipments must be packaged and must conform with Buyer's packaging approval so as to permit efficient handling and to provide protection in shipment, and if tendered to a common carrier for delivery, must also conform to the packaging requirements applicable to such carrier. Damage to any articles resulting from improper packaging will be charged to Seller.<br>Weekend, holiday and after hours deliveries may be required by Buyer based on production demands of its customer.  Seller will be liable for expedited delivery expense if delivery is not timely made by normal means.<br>4.  WARRANTIES:  Seller warrants: (i) that the Items conform in all respects with the description, standards and specifications furnished or specified by Buyer and also with  any catalogue, manual, or brochure of the Seller;  (ii)  the Items conform in all respects to any models, samples, drawings or other description presented to Buyer by Seller in connection with such Items, or submitted by Buyer to Seller in connection with such Items ; (iii) that the Items are merchantable, fit for the purposes for which such Items are intended, free from defects of workmanship and materials; (iv) that Seller has good title to such Items and (v) that Seller has and will in the future comply with all applicable federal, state and local laws, rules and regulations.  These express warranties shall not | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

PAGE:  6



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| REVISION # | 21 |
|---|---|
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X COLLECT INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | limit those warranties which are implied by applicable law and Seller may not disclaim such implied warranties.<br>Seller will comply with all requirements set forth in Buyer's Supplier Quality Manual. Seller may access the latest version of the Manual on Buyer's website or request a written copy from Buyer.<br>Seller agrees to comply with any customer requirements that Buyer is subject to which relate to the Items. Seller shall indemnify and defend Buyer for all claims and expenses that are in any way related to issues with the Items provided by Seller including, but not limited to, product liability claims and recalls and costs of sorting, testing and inspection.<br>5. INSPECTION: Buyer shall have the right to inspect and test all Items, including supplies, special tooling, materials and workmanship to the extent practicable at all times and places, including during the period of manufacture. Seller shall also provide and maintain an adequate inspection system. If any Items delivered or services rendered hereunder are defective in material or workmanship (or otherwise not in conformity with the with the requirements of the order),<br>Buyer shall have the right, notwithstanding payment or any prior inspection or test, either to reject and/or revoke acceptance and return said Items to require its correction and/or or recover damages in accordance with applicable law including Article 2 of the Uniform Commercial Code. Any work which is required shall be corrected by and at the expense of Seller promptly after notice. Property which is rejected or required to be corrected shall be removed (if permitted or required by Buyer) or corrected in place, by and at the expense of Seller promptly after | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE . . . . . .** | |

PAGE: 7



**JVIS USA LLC**
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| **REVISION #** | 21 |
| **SPOT ORDER** | |
| **BLANKET ORDER** | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT   INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | notice.  If the Seller fails promptly to remove such property which is requested to be removed or promptly to replace or correct such property if correction or replacement is requested, Buyer shall have the right to (i) replace or correct such Item and charge to Seller the increased cost occasioned by Buyer thereby, or (ii) effect a termination for cause. Seller assumes the risk of damage to or loss of and all handling and transportation costs for defective property delivered hereunder. Buyer's inspection, discovery of any breach of warranty, failure to make an inspection or failure to discover any breach of warranty shall not waive any of Buyer's rights or remedies with respect to any breach of warranty by Seller whatsoever. Acceptance shall not remove or divert Buyer's rights or diminish Seller's responsibility for latent defects. Buyer shall have the right to debit any charges against amounts owed by Buyer to Seller. Any defective Items which are not sold to Buyer or are returned to Seller shall only be disposed of as scrap by Seller for material content. 6.  TERMINATION:  (a) Buyer may terminate an order without cause or for any reason whatsoever by written or electronic notice at any time.  Buyer's only liability shall be with respect to those Items which are the subject of firm release orders submitted by Buyer and reasonable raw material and work in process expenses which Buyer directly authorized Seller to incur. In no case shall Seller have a claim for any other costs or expenses, including lost profits, overhead, facilities, machinery, equipment or engineering design and development unless a separate written agreement has been entered into covering such items.  Seller shall submit its termination | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

**PAGE:  8**



**JVIS** USA LLC
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT   INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | claims within thirty (30) days after the notice of termination is given.<br>The provisions contained in this section shall not limit or affect Buyer's<br>right to terminate the order for cause.<br>b) Buyer may terminate the order for cause if Seller fails to meet the<br>quality and delivery requirements of Buyer, or otherwise fails to observe<br>or comply with any of the other instructions, terms, conditions<br>or warranties applicable to the order or fails to make progress so as to<br>endanger performance of the order or in the event of any proceedings by or<br>against Seller in bankruptcy or insolvency or proceedings for appointment<br>of a receiver or trustee or an assignment for the benefit of creditors.<br>.  In such event, Buyer may, in addition to any other right or remedy<br>provided by the order or by law, terminate all or any part of the order by<br>written or electronic notice to Seller without any liability of Buyer to<br>Seller on account thereof.<br>Buyer may require a financial statement from Seller at any time during the<br>term of the order for the purpose of determining Seller's financial<br>responsibility and failure to provide will be cause for termination.<br>7.  PRODUCTION ORDER: If the order is designated  a blanket parts  order,<br>it shall only be binding upon Buyer for Items designated to Seller in firm<br>release orders to be submitted from time to time in the future. If no<br>quantity is stated, the order is for all of Buyer's requirements of the<br>Items while the order is in effect and Seller shall have the capacity to<br>meet the peak volume demands of Buyer.<br>Estimated volumes may be provided by Buyer for production programs,<br>although Buyer does not commit to purchase the estimated quantity | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| CONTINUED NEXT PAGE ...... | |

PAGE:  9



**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| SUPPLIER | SHIP - TO |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT   INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | Unless otherwise stated, blanket parts orders are for the life of the program subject to the provisions of these terms and conditions.<br>8. INFRINGEMENT INDEMNITY: Seller hereby agrees to defend, indemnify and hold Buyer, its successors, assigns, agents, customers, and users of the Items harmless from and against loss, damage or liability including costs and expenses which may be incurred on account of any suit, claim, judgment, or demand involving infringement or alleged infringement of any patents, trademarks, copyrights, trade secrets, licenses or other rights of third parties by the manufacture, use, sale and/or disposition of any Items supplied hereunder.<br>If Buyer is providing specifications, Seller waives any rights it might might have pursuant to Section 2-312 of the Uniform Commercial Code.<br>9. ASSIGNMENT: Neither the order nor any rights or obligations created herein may be assigned by Seller nor may Seller subcontract the performance of its duties without Buyer's prior written consent. The terms and conditions of the order shall bind any permitted successors and assigns of Seller. Any consent by Buyer to assignment shall not release Seller from its liability or be deemed to waive Buyer's right to recoupment and/or set off of claims arising out of the order or any other transactions with Seller, its divisions, affiliates or subsidiaries or to settle or adjust matters with Seller without notice to permitted successors and assigns.<br>10. CHANGES: Buyer may at any time, by written notice, make changes in the specifications, designs or drawings, samples or other descriptions to which the Items are to conform, in methods of shipment and packaging, or place of delivery. If any such change causes an increase or decrease in the cost | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| CONTINUED NEXT PAGE ...... | |

PAGE: 10



**JVIS**USA LLC   P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT   INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | of, or the time required for, the performance of any part of the work under the order, whether changed or not changed by any such order, an equitable adjustment shall be made in the price or delivery schedule, or both, and the order modified in writing accordingly.  Any claim by Seller for an adjustment must be made in writing immediately upon receipt of any such notice, provided however, that Buyer may in its discretion, receive and act upon any such claim so made at any time prior to final payment under the order.  Nothing in this clause shall excuse the Seller from proceeding without delay to perform the order as changed.<br>11. PROPRIETARY RIGHTS: Other than for the performance of Buyer's order, Seller shall not reproduce, use or disclose any data, specifications, designs, drawings, pricing or other information (including customer owned information) belonging to or supplied by or on behalf of Buyer to Seller. All manifestations of the foregoing shall be returned to Buyer upon completion of Seller's obligations and duties.  Any information which Seller discloses to Buyer regarding or which is incorporated into the the design, manufacture, sale or use of the Items shall be deemed disclosed as part of consideration paid for the Items and Buyer shall be entitled to reproduce, use and disclose the same under an irrevocable royalty-free license.<br>12. BUYER'S PROPERTY: All property used by Seller in connection with the order which is owned, furnished, charged to or paid for by Buyer or its customer, including but not limited to materials, tools, dies, jigs, molds, patterns, fixtures, equipment, drawings and other technical information, specifications, and any replacement thereof shall be and remain the | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| CONTINUED NEXT PAGE ...... | |

PAGE: 11



JVIS USA LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| SUPPLIER | SHIP - TO |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X  COLLECT   INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | property of Buyer subject to removal and inspection by Buyer at any time without cost or expense to Buyer and Buyer shall have free access to Seller's premises for the purpose of inspecting or removing such property. All such property shall be identified and marked as Buyer's property, used only for the order and adequately insured by Seller at its expense for Buyer's protection.  Seller shall assume all liability for and maintain and repair such property and return the same to Buyer in its original condition, reasonable wear and tear excepted. Seller agrees not to claim any statutory, equitable or other liens on Buyer's property.<br>13. GENERAL: (a) The rights and remedies provided herein shall be cumulative and shall not be exclusive of but shall be in addition to any any other rights remedies and benefits provided herein or allowed by applicable law. (b) Waiver by Buyer of a breach of any provision shall not be deemed a waiver of future compliance and such provision shall remain in full force and effect. (c) The order and the rights and obligations of the parties hereunder shall be governed by and construed pursuant to the laws of the State of Michigan without giving effect to conflicts of laws principles. The United Nations Convention for the International Sales of Goods shall not apply.<br>(d) If Seller is located in the U.S.A., Seller consents to the exclusive jurisdiction of the federal and state courts in the State of Michigan to hear any dispute arising out of or in connection with the order and consents that any such action may be brought in the Circuit Court for the County of Macomb or the District Court for the 41A Judicial District. If Seller is located outside of the U.S.A., binding arbitration before one | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE . . . . . .** | |



**JVIS**USA LLC

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

| PURCHASE ORDER NO |
|---|
| 6672 |

| S U P P L I E R | S H I P - T O |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES | | | |
|---|---|---|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X | COLLECT | INVOICE | |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | arbitrator under the rules of the American Arbitration Association shall be held in the State of Michigan in the English language. (e) The invalidity of any provision shall not invalidate the balance of the invalid provision or any other provision. (f) The order, including the terms and conditions on the face and those set forth herein, contains the complete and final agreement between Buyer and Seller and except as otherwise provided herein, no other proposed terms or agreement in any way modifying such terms and conditions will be binding on Buyer unless made in writing and signed by Buyer's authorized representative. The specific terms of any supply, distribution or other agreement shall control over these standard terms if there is any inconsistency.<br>*<br>WHERE APPLICABLE SUPPLIERS ARE TO MEET AND SUPPORT THE FOLLOWING:<br>.<br>A) THE JVIS MFG PURCHASE ORDER NUMBER MUST BE NOTED ON ALL SHIPPING<br>    AND INVOICING DOCUMENTATION FOR PROPER PAYMENT.<br>    INVOICES ARE TO BE MAILED TO:<br>              JVIS MANUFACTURING LLC<br>              P.O. BOX 530<br>              MT. CLEMENS, MI 48046<br>B) 100% ON TIME DELIVERY AND A GOAL OF ZERO PPM'S<br>C) THE SUPPLIER MUST BE CERTIFIED TO ONE OF THE FOLLOWING QUALTITY<br>    SYSTEM STANDARDS:  TS16949 OR THE LATEST EDITION OF ISO 9001.<br>D) ALL CONTAINERS MUST HAVE AN APPROVED AIAG LABEL REFERENCING THE<br>    JVIS MFG PART NUMBER, PURCHASE ORDER NUMBER, LOT OR BATCH NUMBER, | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| CONTINUED NEXT PAGE ...... | |

PAGE: 13



**JVIS USA** LLC
P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

REVISION #     21
SPOT ORDER
BLANKET ORDER     X

| PURCHASE ORDER NO |
| --- |
| 6672 |

| S U P P L I E R | S H I P - T O |
| --- | --- |
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | SHIP VIA |
| --- | --- | --- |
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
| --- | --- | --- | --- | --- |
| 1/01/19 | Per Schedule | ☐ | X | PREPAID X COLLECT ☐ INVOICE ☐ |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | QUANTITY AND DESCRIPTION.  CONTAINERS WITHOUT CORRECT AIAG LABEL DESCRIPTION. CONTAINERS WITH OUT CORRECT AIAG LABEL WILL BE CONSIDERED NON-CONFORMING. | | | | | |

E) ALL NON-CONFORMING PRODUCT MUST BE DISPOSITIONED WITHIN 48 HOURS
   OF INITIAL NOTIFICATION.
F) AT JVIS MFG OPTION PRODUCTS NEEDING TO BE SORTED DUE TO NON-CONFORMANCE
   WILL BE SORTED BY VENDOR AT THEIR PREMISES. SHOULD SORTING BE REQUIRED
   BY JVIS MANUFACTURING PERSONAL, A CHARGE OF ▓▓▓▓ PER HOUR WILL BE
   BE APPLIED.
G) LEVEL 3 PPAP APPROVAL IS REQUIRED PRIOR TO SHIPMENT OF PRODUCTION PARTS/
   MATERIALS.
H) SUPPLIERS ARE REQUIRED TO ADHERE TO THE REQUIREMENTS DETAILED IN THE
   SUPPLIER QUALITY MANUAL ACCESSIBLE AT WWW.JVISUSALLC.COM.
I) WHERE APPLICABLE, A NAFTA CERTIFICATE OF ORIGIN IS TO BE SUBMITTED
   PRIOR TO THE FIRST SHIPMENT OF PRODUCT AND ANNUALLY THEREAFTER.
J) SUPPLIER IS REQUIED TO SUPPORT SERVICE PARTS REQUIREMENTS FOR 10 YEARS
   BEYOND PRODUCTION BUILD-OUT AT PRODUCT PIECE PRICE.
K) ALL PURCHASED PRODUCT SHALL CONFORM TO THE APPLICABLE REGULATORY
   REQUIREMENTS INCLUDING BUT NOT LIMITED TO MSDS & IMDS. PRODUCTION
   SUPPLIERS MUST INCLUDE PROOF OF IMDS DATA SUBMISSION WITH ANY PPAP
   PACKAGE FOR FULL ACCEPTANCE AND APPROVAL (IMDS#65433)
L) JVIS AND ITS CUSTOMERS SHALL BE AFFORDED THE RIGHT TO VERIFY THE
   SUPPLIER'S PRODUCTS, PROCESSES AND SYSTEMS AT JVIS OR SUPPLIER'S
   LOCATION(S).
M) SHIPMENTS LESS THAN 100 LBS ARE TO SHIP VIA FEDEX GROUND.

| INSTRUCTIONS/REMARKS | TAX |
| --- | --- |
| CONTINUED NEXT PAGE ...... | |

PAGE: 14



**JVIS USA LLC**

P.O. Box 530
Mt. Clemens, MI 48046
PH: 586-884-5832

# PURCHASE ORDER

| | |
|---|---|
| **REVISION #** | 21 |
| **SPOT ORDER** | |
| **BLANKET ORDER** | X |

| PURCHASE ORDER NO |
|---|
| **6672** |

| SUPPLIER | SHIP-TO |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br><br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br><br>48315 |

| TERMS | F.O.B. | | SHIP VIA |
|---|---|---|---|
| NET 45 DAYS | SHIPPING POINT | | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID  X   COLLECT      INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | * | | | | | | |
| | Revision #1 03/09/2016: | Added new part numbers for the LD/LX/LA MY2017 | | | | | |
| | REVISION #2 04/21/2016: | PRODUCTIVITY REDUCITON IN LINE WITH SOURCING AGREEMENT FOR 2016 EFFECTIVE APRIL 15, 2016 LINE ITEMS 13 THRU 22 | | | | | |
| | REVISION #3 09/14/2016: | PCB'S TRANSFERRED FROM BENTON HARBOR TO JVIS SHELBY DUE TO THE WK/WD ICS LINE MOVE.  LINE ITEMS 23 THRU 31 EFFECTIVE OCTOBER 16, 2016 PER CN-60632-J32 | | | | | |
| | REVISION #4 09/21/2016: | ADD X40020501XX & X40020701XX TRANSFERRED FROM BH TO JVIS SHELBY DUE TO WK/WD ICS LINE MOVE.  LINE ITEMS 32 & 33 EFFECTIVE OCTOBER 16, 2016 PER CN-60632-J32 | | | | | |
| | REVISION #5 10/25/2016: | ENCODER REDUCTION IN LINE WITH CUSTOMER AGREEMENT | | | | | |
| | REVISION #6 12/02/2016: | ADD X99144000XX PER ECR #111016-0001 LINE ITEM 34 | | | | | |
| | REVISION #7 01/01/2017: | PRODUCTIVITY REDUCTION EFFECTIVE JANUARY 1, 2017 | | | | | |
| | REVISION #8 01/05/2017: | PRICE CORRECTION ON PART #X99144000XX - LINE #34 | | | | | |
| | REVISION #9 02/28/2017: | REVISE PRICING ON PART #X40017300XX LINE #5 | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| **CONTINUED NEXT PAGE ......** | |

**PAGE: 15**



## PURCHASE ORDER

**JVIS USA** LLC  
P.O. Box 530  
Mt. Clemens, MI 48046  
PH: 586-884-5832

| | |
|---|---|
| REVISION # | 21 |
| SPOT ORDER | |
| BLANKET ORDER | X |

**PURCHASE ORDER NO**  
6672

| SUPPLIER | SHIP-TO |
|---|---|
| 2117<br>FUTABA CORPORATION OF AMERICA<br>3056 MOMENTUM PLACE<br>CHICAGO, IL 60689-5330<br>60689-5330 | 0683<br>JVIS USA LLC<br>52048 Shelby Parkway<br>Shelby Township, MI 48315<br>48315 |

| TERMS | F.O.B. | SHIP VIA |
|---|---|---|
| NET 45 DAYS | SHIPPING POINT | BEST WAY |

| DATE ORDERED | DATE REQUIRED | TAXABLE | NON-TAXABLE | FREIGHT CHARGES |
|---|---|---|---|---|
| 1/01/19 | Per Schedule | | X | PREPAID X COLLECT INVOICE |

| ITEM | PART NUMBER | DESCRIPTION | QTY ORDERED | ORD U/M | UNIT PRICE | PRC U/M | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | TO MATCH THE RFQ | | | | | |
| | | REVISION #10 03/13/2017: PART NUMBER BUMP DUE TO ECN #020117-0001 | | | | | |
| | | LINE ITEMS 35 - 46 | | | | | |
| | | REVISION #11 03/23/2017: NEW PCB ADDED FOR 2018 WD PER ECR #021317-0001 | | | | | |
| | | LINE 47 | | | | | |
| | | REVISION #12 03/30/2017: ADD 2018 WK BUX SRT 8.4" W/BLUE PCB SRT | | | | | |
| | | LINE #48 | | | | | |
| | | REVISION #13 01/02/2017: PRODUCTIVITY REDUCTION OF 4% EFFECTIVE | | | | | |
| | | 1/1/2018 | | | | | |
| | | REVISION #14 02/19/2018: LINE ITEMS 44-45-46 CLOSED PARTS OBSOLETE | | | | | |
| | | REVISION #15 04/27/2018: ADD PART X40014000XX FOR A SERVICE ORDER. | | | | | |
| | | REVISION #16 10/03/2018: ADD PART X40013900XX FOR A SERVICE ORDER. | | | | | |
| | | REVISION #17 10/19/2018: ADD SERVICE PART #X40013700XX - LINE 51 | | | | | |
| | | REVISION #18 01/10/2019: PRODUCTIVITY REDUCTION OF 4% EFFECTIVE | | | | | |
| | | 1/1/2019 PER ARTHUR HARISKOS | | | | | |
| | | REVISION #19 03/27/2019: TARIFF IMPACT SETTLEMENT EFFFECTIVE 1/1/2019 | | | | | |
| | | REVISION #20 04/02/2019: TARIFF IMPACT SETTLEMENT EFFECTIVE 1/1/2019 | | | | | |
| | | PART NUMBERS MISSED ON REVISION #19 | | | | | |
| | | REVISION #21 08/29/2019: TARIFF IMPACT SETTLEMENT EFFECTIVE 9/1/2019 | | | | | |

| INSTRUCTIONS/REMARKS | TAX |
|---|---|
| *Pat Orton* 8/30/2019<br>AUTHORIZED SIGNATURE | |

| | |
|---|---|
| TOTAL: | ▮ |
| **CURRENCY** | |
| US FUNDS | |

# EXHIBIT 4

KeyCite Yellow Flag - Negative Treatment
Distinguished by Automotive Mexico Body Systems v. Pittsburgh Glass Works, LLC, E.D.Mich., October 28, 2015

2012 WL 1247174
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

EBERSPAECHER NORTH
AMERICA, INC., Plaintiff,
v.
NELSON GLOBAL PRODUCTS, INC., Defendant.

No. 12–11045.
|
April 13, 2012.

**Attorneys and Law Firms**

Steven C. Susser, Young & Susser, Farmington Hills, MI, for Plaintiff.

**ORDER VACATING "ORDER TERMINATING AS MOOT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION," GRANTING PLAINTIFF'S "MOTION FOR PRELIMINARY INJUNCTION," AND DENYING PLAINTIFF'S "MOTION FOR ENTRY OF STATUS QUO ORDER"**

ROBERT H. CLELAND, District Judge.

**\*1** Plaintiff Eberspaecher North America, Inc., a Tier–1 automotive supplier, initiated this action on March 8, 2012, against Defendant Nelson Global Products, Inc., one of its Tier–2 suppliers, after Defendant indicated that it would cease supply of eighteen parts unless Plaintiff agreed to a price increase. As Defendant had identified April 1, 2012, as the date when shipments of the parts would stop, Plaintiff filed a motion for a preliminary injunction on March 20, 2012. The court convened a hearing on the motion on April 2, 2012, during which counsel for the parties appeared to agree to an interim arrangement that would be put in place until the court made a final determination on Plaintiff's claim for a permanent injunction. As a result, on April 5, 2012, the court terminated as moot Plaintiff's motion for a preliminary injunction, noting that the parties had consented on the record to a conditional resolution, the details of which would be reduced to writing and placed on the court's docket by counsel.

In subsequent days, however, counsel's negotiation of the terms of the stipulated resolution broke down. It seems that, while counsel for both parties had consented in principle to an arrangement under which Defendant would continue supplying parts to Plaintiff at the original, lower price if Plaintiff would deposit the difference between that price and the higher, requested price into an escrow account, they have reached an impasse regarding the method for funding the escrow account. On April 10, 2012, Plaintiff filed a "Motion for Entry of Status Quo Order," asking the court to impose their suggested method of payment. Defendant responded in short order, and the court conducted two off-the-record telephone conferences with counsel on April 11, 2012, and April 12, 2012, in an attempt to help bridge the differences between the parties' positions. Later in the day on April 12, 2012, in a telephone conference held on the record, counsel informed the court that the parties were unable to come to an agreement, and they would like the court to decide the following questions: (1) whether Defendant must continue shipment of the parts at the lower price pending a final disposition of the case on the merits; and (2) if so, whether and on what terms Plaintiff would escrow the excess amount Plaintiff would be obligated to pay under Defendant's requested price increases.

To facilitate a resolution of these questions, the court will vacate its previous order terminating Plaintiff's motion for a preliminary injunction. Upon considering the matter on the briefs submitted on that motion, the testimony taken and arguments made at the preliminary injunction hearing, and the papers submitted on Plaintiff's "Motion for Entry of Status Quo Order," the court determines a further hearing is not necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the court will grant Plaintiff's motion for a preliminary injunction requiring Defendant to continue shipments to Plaintiff of the disputed parts on the terms set forth in Plaintiff's Purchase Orders. As security for these shipments, the court will also order Plaintiff to make monthly payments into a court-controlled escrow account equal to the accrued price difference it will owe Defendant, should Defendant prevail on the merits. In light of this disposition, the court will deny Plaintiff's "Motion for Entry of Status Quo Order," which advocates different terms for the maintenance of the escrow account prior to a final disposition.

## I. BACKGROUND

**\*2** Plaintiff is a Tier–1 automotive supplier that provides exhaust systems to original equipment manufacturers ("OEMs") including General Motors, Mercedes, and BMW. (Montean Aff. ¶ 2, Dkt. # 8–3; Dougald Aff. ¶ 4, Dkt. # 15–3.) Defendant, a Tier–2 supplier, provides outlet, center muffler inlet, intermediate, and tail pipe to Plaintiff for use in manufacturing these exhaust systems. (Montean Aff. ¶ 2; Dougald Aff. ¶ 4.)

The supply relationship between Plaintiff and Defendant is governed by a series of Purchase Orders executed by the parties at various times throughout 2008 to 2011. The Purchase Orders purport to be requirements contracts specifying the price Plaintiff would pay for each part. (Montean Aff. ¶ 6; Dougald Aff. ¶ 4.) Under this system, Plaintiff places specific orders with Defendant by way of periodic releases designating a quantity of parts to be delivered on a particular date. (Montean Aff. ¶ 3; Dougald Aff. ¶ 8.) Then, Plaintiff must pay Defendant in full within either 45 or 60 days. (*See, e.g.,* 12/15/09 Purchase Order 1, Dkt. # 8–4, at 2; 8/31 /10 Purchase Order 1, Dkt. # 8–4, at 5.) Although several of the Purchase Orders appear open-ended as to their termination date, Plaintiff alleges that they are all currently in effect and will remain valid over the life of the vehicle program for which the parts are manufactured. (Montean Aff. ¶ 4; Montean Supp. Aff. ¶ 5, Dkt. # 16–1; *see also* 2007 Terms & Conditions § 3, Dkt. # 8–5; 2011 Terms & Conditions § 4, Dkt. # 8–6.)

Sometime in 2011, Defendant realized that it was losing money on at least eighteen of the parts it produces for Plaintiff. (Dougald Aff. ¶¶ 9, 13.) On November 23, 2011, Defendant provided a list of proposed price increases on these parts, which it planned to implement on January 1, 2012. (*Id.* ¶ 16.) Plaintiff and Defendant discussed the issue at a meeting on January 4, 2012, but Plaintiff was not receptive to Defendant's request for a price adjustment. (*Id.* ¶ 17.) As a result, on February 13, 2012, Defendant sent Plaintiff a letter indicating that it would stop shipment of parts to Plaintiff on April 1, 2012, unless Plaintiff agreed to pay the price increase. (2/3/12 Letter, Dkt. # 8–7.) Plaintiff filed this suit on March 8, 2012, averring that Defendant's letter constituted an anticipatory breach of contract and seeking specific performance of the Purchase Orders. Plaintiff alleges that the price demanded by Defendant would result in the payment of approximately $1,000,000 more per year than the current prices in the Purchase Orders. (Montean Aff. ¶ 5.)

## II. STANDARD

Federal Rule of Civil Procedure 65(a) allows a court to enter a preliminary injunction if notice is given the adverse party. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). A plaintiff seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. NRDC,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). No one factor is dispositive, as the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Village of Gambell, Alaska,* 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987). The preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter,* 555 U.S. at 24 (citing *Munaf v. Green,* 553 U.S. 674, 689–90, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008)).

## III. DISCUSSION

**\*3** In their briefs and at oral argument, Plaintiff and Defendant presented competing claims as to whether the four preliminary injunction factors weigh in favor of their respective positions. After considering each factor, the court determines that the balance tips in favor of Plaintiff and will enter a preliminary injunction requiring Defendant to continue shipping parts at the original price, consistent with the relevant Purchase Orders. Nevertheless, the court will also order Plaintiff to give security for the shipments received in the form of monthly deposits to an interest-bearing escrow account of the monetary difference between the price designated in the Purchase Orders and the increased price Defendant has demanded for the parts.

### A. Likelihood of Success on the Merits

"[I]n seeking a preliminary injunction, a federal plaintiff has the burden of establishing the likelihood of success on the

Case 4:21-cv-10801-SDD-APP ECF No. 1, PageID.135 Filed 04/09/21 Page 135 of 157

Eberspaecher North America, Inc. v. Nelson Global..., Not Reported in...

merits." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.,* 511 F.3d 535, 546 n. 2 (6th Cir.2007). "In order to establish a likelihood of success on the merits of a claim, a plaintiff must show more than a mere possibility of success." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.,* 119 F.3d 393, 402 (6th Cir.1997) (citing *Mason Cnty. Med. Ass'n v. Knebel,* 563 F.2d 256, 261 n. 4 (6th Cir.1977)). "However, it is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Id.* (citing *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir.1985)); *see also Brandeis Mach. & Supply Corp. v. Barber–Greene Co.,* 503 F.2d 503, 505 (6th Cir.1974) ("In determining whether sufficient likelihood of success exists as one of the necessary conditions to preliminary injunctive relief, the trial court was required to 'satisfy itself, not that the plaintiff certainly has a right, but that he has a fair question to raise as to the existence of such a right.' " (quoting *Am. Fed'n of Musicians v. Stein,* 213 F.2d 679, 683 (6th Cir.1954))).

The crux of the parties' dispute on the merits is whether, as Plaintiff argues, the Purchase Orders for the parts at issue constitute enforceable contracts, which Defendant anticipatorily breached by threatening to stop shipment unless Plaintiff agreed to a higher purchase price. Defendant asserts that, because the Purchase Orders do not set forth a quantity of parts to be supplied, they are invalid under Michigan's codification of the Uniform Commercial Code ("UCC") statute of frauds, *see* Mich. Comp. Laws § 440.2201(1), which "requires that the quantity term of a contract for the sale of goods be in writing before the contract is enforceable," *Lorenz Supply Co. v. Am. Standard, Inc.,* 419 Mich. 610, 358 N.W.2d 845, 846–47 (Mich.1984). Plaintiff responds that the Purchase Orders "measure[ ] the quantity by ... the requirements of the buyer," Mich. Comp. Laws § 440.2306(1), and are therefore enforceable under the UCC as requirements contracts, *see In re Frost,* 130 Mich.App. 556, 344 N.W.2d 331, 335 n. 2 (Mich.Ct.App.1984) ( "[R]equirements contracts governed by § 2306 of the Uniform Commercial Code could often not specify a quantity with mathematical exactness yet are still enforceable contracts ....").

**\*4** The relevant language of the Purchase Orders provides enough support for Plaintiff's position to demonstrate the requisite degree of likely success on the merits. Each Purchase Order states that "[t]his Purchase Order is a Requirements Contract" and is subject to Plaintiff's 2007 or 2011 Terms

and Conditions. (*See, e.g.,* 12/15/09 Purchase Order 3.) The Terms and Conditions confirm that the Purchase Orders are "requirements contract[s] under which [Defendant] is required to supply [Plaintiff's] requirements," defining "requirements" as "those quantities ordered by [Plaintiff] from time to time, as evidenced by written releases issued by [Plaintiff] from time to time." (2007 Terms & Conditions § 2(c); 2011 Terms & Conditions § 2(c).) Defendant contends that, notwithstanding their use of the word "requirements," the Purchase Orders are not true requirements contracts because they define that term solely in terms of what Plaintiff orders in subsequent releases. However, the agreements at issue in the cases cited in support of this assertion are sufficiently distinguishable from the terms of the Purchase Orders to create a colorable issue as to whether the later are, in fact, requirements contracts. [1]

Neither do Defendant's other arguments prevent Plaintiff from showing a substantial question on the merits. Defendant maintains that the Purchase Orders lack mutuality because Plaintiff reserved the right to terminate them for convenience and because they have impermissibly vague end dates. But if, as Plaintiff maintains, the Purchase Orders are true requirements contracts, Plaintiff's duty to purchase its "actual ... requirements as may occur in good faith," Mich. Comp. Laws § 440.2306(1), provides a mutuality of obligation, *Johnson Controls, Inc. v. TRW Vehicle Safety Sys., Inc. .,* 491 F.Supp.2d 707, 719 (E.D.Mich.2007).

Defendant also avers that Plaintiff has both consistently failed to pay invoices on time and made deductions to invoices without explanation, (Dougald Aff. ¶ 10), which conduct constitutes a substantial breach precluding Plaintiff from demanding Defendant's performance, *see Ehlinger v. Bodi Lake Lumber Co.,* 324 Mich. 77, 36 N.W.2d 311, 316 (Mich.1949) ("He who commits the first substantial breach of a contract cannot maintain an action against the other contracting party for failure to perform." (internal quotation marks omitted)). A "complete failure of consideration" may excuse performance. *McCarty v. Mercury Metalcraft Co.,* 372 Mich. 567, 127 N.W.2d 340, 343 (Mich.1964). Nevertheless, late payment, or even non-payment, of some invoices would not excuse Defendant from its obligation to perform the contract, as any such breach would not "effect[ ] such a change in essential operative elements of the contract that further performance by the other party is thereby rendered ineffective or impossible," *id.; see Coupled Prods. LLC v. Component Bar Prods., Inc.,* No. 09–12081, 2012 WL 954646, at \*3 (E.D.Mich. Mar.21, 2012) ("Courts have held

that failure to timely meet payment does not constitute a substantial breach." (citing *Baith v. Knapp–Stiles, Inc.,* 380 Mich. 119, 156 N.W.2d 575 (Mich.1968))). The court is satisfied that Plaintiff has raised a fair question as to its entitlement of relief on its claims, and this factor weighs in favor of issuing a preliminary injunction.

### B. Irreparable Harm

**\*5** "[P]laintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter,* 555 U.S. at 22. "A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet v. Lexington–Fayette Urban Cnty. Gov't,* 305 F.3d 566, 578 (6th Cir.2002) (citing *Basicomputer Corp. v. Scott,* 973 F.2d 507, 511 (6th Cir.1992)). " 'The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.' " *Sampson v. Murray,* 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974) (quoting *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n,* 259 F.2d 921, 925 (D.C.Cir.1958)).

Plaintiff asserts that, if Defendant stops shipment of the parts, it will be unable to continue manufacturing the automotive exhaust systems for the OEMs, resulting in the loss of customer goodwill. *See Basicomputer,* 973 F.2d at 512 ("The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute."). Such a result may have more dire consequences as well. This court has held in a similar case that a cessation of shipments in the automobile industry can wreak particular havoc. *See Intertek Sys., LLC v. Multimatic, Inc.,* No. 04–CV–73661–DT, at 6 (E.D.Mich.2004) (order granting preliminary injunction), Dkt. # 8–2. Because, for the sake of efficiency, car manufacturers typically do not keep large reserve banks of parts, "component parts are often incorporated into a finished product within a few hours of their delivery." *Kelsey–Hayes Co. v. Galtaco Redlaw Castings Corp.,* 749 F.Supp. 794, 798 (E.D.Mich.1990). As a result, "[a] supplier's failure to make scheduled shipments may have immediate and dramatic consequences," *id.,* in that "any interruption in [a manufacturer's] production schedules might result in a shut down of certain assembly lines while [it] obtained new suppliers and made the necessary arrangements for new production tooling and dies," *In re Autostyle Plastics, Inc.,* 216 B.R. 784, 788 (Bankr.W.D.Mich.1997). These

shut downs, in turn, might cause the layoff of innumerable employees and a damage claim against the supplier along the order of millions of dollars a day. *Id.; see also Gen. Motors Corp. v. Paramount Metal Prods. Co.,* 90 F.Supp.2d 861, 875 (E.D.Mich.2000).

Defendant attempts to overcome this seemingly substantial threat of irreparable harm by claiming that Plaintiff can avoid it by paying the increased price requested by Defendant and thereby guaranteeing shipment of all parts. On this point, Defendant cites *Eberspaecher North America, Inc. v. Van–Rob, Inc.,* 544 F.Supp.2d 592 (E.D.Mich.2008), a similar case in which the court declined to issue the instant Plaintiff a preliminary injunction against a threatened shipment stoppage by another of its Tier–2 suppliers. There, the court reasoned that, even though the defendant was the only possible supplier of the relevant parts, Plaintiff would not suffer irreparable injury because it could "cover" by paying the inflated purchase price demanded by the defendant and later sue for damages. *Id.* at 600–02; *see* Mich. Comp. Laws § 449.2715(2)(a) (excluding from a buyer's consequential damages any loss that could reasonably have been prevented by cover).

**\*6** The court does not find *Van–Rob* persuasive. The UCC defines "cover" as "any reasonable purchase of or contract to purchase goods *in substitution for* those due from the seller." Mich. Comp. Laws § 440.2712(1) (emphasis added). In the court's view, this must mean that a buyer is obligated to search for an alternative source of supply other than the breaching seller. Otherwise, the obligation to cover would reward a breaching seller's efforts at extorting a price increase by mandating that the buyer pay that price, at least for time. This would be a troubling result, particularly in cases where, as here, there are questions about the seller's financial viability. (*See* Montean Supp. Aff. ¶ 6.)

Additionally, Defendant argues that the parade of horribles touted by Plaintiff is insufficiently speculative to support a finding of irreparable harm. Contrary to this assertion, the potentially catastrophic effects of a disruption in the supply chain of automotive parts is well established in the case law of this court. *See, e.g., KelseyHayes Co.,* 749 F.Supp. at 798. Plaintiff has made a sufficient showing of irreparable harm to justify a preliminary injunction.

### C. Balance of Equities and Public Interest

Case 4:21-cv-10801-SDD-APP ECF No. 1, PageID.137 Filed 04/09/21 Page 137 of 157

Eberspaecher North America, Inc. v. Nelson Global..., Not Reported in...

The final two considerations require the court to balance the irreparable harm alleged by Plaintiff against any harm that Defendant or the general public will suffer as a result of a preliminary injunction. The only concrete, countervailing harm Defendant advances is the monetary losses it will continue to absorb if forced to keep supplying Plaintiff at the prices reflected in the Purchase Orders, when it would otherwise be free to allocate its resources to procuring more profitable business. (*See* Dougald Aff. ¶¶ 14–15.) This pales in comparison to the potential production shut downs and work stoppages that may result if Defendant stops shipping to Plaintiff. *See Zurn Constructors, Inc. v. B.F. Goodrich Co.,* 685 F.Supp. 1172, 1182 (D.Kan.1988). Moreover, it is in the public's interest to preventing such occurrences, which could have far-reaching consequences. Thus, all four preliminary injunction factors weigh in favor of Plaintiff. The court will order Defendant to continue shipment of the disputed parts to Plaintiff according to the terms laid out in the relevant Purchase Orders, until such time as this case is resolved on the merits or until further order of the court.

### D. Escrow Payments

Rule 65(c) specifies that "[t]he court may issue a preliminary injunction ... only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." The court deems it equitable to implement an arrangement similar to that contemplated by counsel when they tentatively agreed to resolve this matter by stipulation. The court will establish an interest-bearing escrow account into which Plaintiff must pay the amount of the difference between the Purchase Order price and the increased price Defendant has requested for all parts shipped on or after April 1, 2012. Such payments will be made on a monthly basis, as outlined below, and will continue until a final resolution of this litigation. The court considers these payment terms preferable to those outlined in Plaintiff's

"Motion for Entry of Status Quo Order" and will therefore deny that motion.

### IV. CONCLUSION

*7 In accordance with the above analysis, IT IS ORDERED that the "Order Terminating as Moot Plaintiff's Motion for Preliminary Injunction" [Dkt. # 20] is VACATED.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Preliminary Injunction" [Dkt. # 8] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Entry of Status Quo Order" [Dkt. # 23] is DENIED.

Finally, IT IS ORDERED that Defendant shall continue production and shipment to Plaintiff of the parts at issue, under the terms of the governing Purchase Orders, until such time as this case is resolved on the merits or until further order of the court. Plaintiff shall place the monetary difference between the price paid for each shipment under the Purchase Orders and the higher price asked for by Defendant into an interestbearing escrow account. Plaintiff is DIRECTED to deposit this amount for all shipments invoiced to Plaintiff within a calendar month, beginning on **April 1, 2012,** with the Clerk of Court, no later than the **fifth business day of the following month.** Plaintiff shall include with each deposit a statement detailing the parts and shipments accounted for in that deposit. Pursuant to Eastern District of Michigan Local Rule 67.1, "[t]he Clerk of Court shall accept only cash, certified check, cashier's check or money order for deposit in an interest-bearing account." The Clerk of Court is hereby DIRECTED to deduct from the account any fee authorized by the Judicial Conference of the United States.

### All Citations

Not Reported in F.Supp.2d, 2012 WL 1247174

---

Footnotes

1    *See Advanced Plastics Corp. v. White Consol. Indus., Inc.,* 47 F.3d 1167, at *2 (6th Cir.1995) (unpublished table decision) (finding no requirements contract when contract stated that "Seller agrees to furnish Buyer's requirements for the goods or services covered by this Purchase Order *to the extent of and in accordance with ...* Buyer's written instructions," "Buyer shall have no obligation to honor invoices for goods or services fabricated, rendered, or delivered other than according to the ... written instructions of Buyer," and "Buyer shall be entitled to make other purchases at its discretion in order to assure its production operations and maintain reasonable alternative sources of supply"); *Johnson Elec. N. Am. v. CRH N. Am., Inc.,* No. 10–13184, 2011 WL 6016527, at *3 (E.D.Mich. Dec.2, 2011) ("There is no language in the Scheduling Agreements or Releases that the contract ... is on a requirements basis...."); *Harris Thomas Indus., Inc.*

Case 4:21-cv-10801-SDD-APP   ECF No. 1, PageID.138   Filed 04/09/21   Page 138 of 157

Eberspaecher North America, Inc. V. Nelson Global..., Not Reported in...

*v. ZF Lemforder Corp.,* No. 3:06CV190, 2007 WL 3071676, at *3 (S.D.Ohio Oct.19, 2007) (determining that blanket purchase order was not requirements contract when it "ma[de] clear that [buyer] never guaranteed to buy the target quantity/estimated annual usage that would be listed on the [purchase order and buyer instead] was directed to see the Scheduling Agreement Releases for product quantities and dates for delivery"); *MacSteel, Inc. v. Eramet N. Am.,* No. 05–74566, 2006 WL 3334019, at *6 (E.D.Mich. Nov.16, 2006) (holding that term "additional material" is not a quantity term that satisfies Michigan's statute of frauds); *Acemo, Inc. v. Olympic Steel Lafayette, Inc.,* No. 256638, 2005 WL 2810716, at *4 (Mich.Ct.App. Oct.27, 2005) (unpublished per curiam decision) (finding no valid quantity term when contract specified only that "the Seller agrees to sell to the Buyer such quantities of the Products as the Buyer may specify in its purchase orders, which the buyer may deliver at its discretion").

---

**End of Document**                                            © 2019 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 5

Received for Filing Oakland County Clerk 2014 JUN 19 PM 01:25

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**
**BUSINESS COURT**

**ROBERT BOSCH BATTERY SYSTEMS, LLC,**
     **Plaintiff,**

v.
                                    **Case No. 14-141294-CK**
                                    **Hon. James M. Alexander**

**SAMSUNG SDI AMERICA, INC, and**
**SAMSUNG SDI CO, LTD,**
     **Defendants.**
_____/

**OPINION AND ORDER RE:**
**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff's motion for preliminary injunction. Defendant is the sole supplier of certain batteries that Plaintiff uses to create the battery pack that Chrysler exclusively uses in its Fiat 500e electric automobile. The parties currently dispute whether Defendant is supplying "conforming" batteries under the terms of the parties' agreements.

Plaintiff claims that Defendants breached the agreements by supplying non-conforming batteries. Defendants, on the other hand, claim that Plaintiff breached the supply agreements by withholding PPAP approval of the batteries. Defendants also claim that Plaintiff's required battery specifications both impossible to produce and not required under the agreements. As a result, Defendants claim that Plaintiff breached or repudiated the supply agreement.

As a result of this dispute, Defendants have or have threatened to stop shipping these batteries, which Plaintiff claims will result in the shutdown of Chrysler's 500e production. To

Received for Filing Oakland County Clerk 2014 JUN 19 PM 01:25

stop this from happening, Plaintiff filed the present motion – seeking a preliminary injunction requiring Defendants to continue shipping the batteries while the parties' underlying dispute is resolved through arbitration.

When considering whether to grant injunctive relief:

> a court must consider (1) the likelihood that the party seeking the injunction will prevail on the merits, (2) the danger that the party seeking the injunction will suffer irreparable harm if the injunction is not issued, (3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief, and (4) the harm to the public interest if the injunction is issued. Mich AFSCME Council 25 v Woodhaven-Brownstown Sch Dist, 293 Mich App 143, 148; 809 NW2d 444 (2011).

On the first element, Plaintiff argues that it is likely to prevail on its claim that Defendants must continue supplying the battery cells while the parties resolve their underlying dispute because the parties' agreements so provide.

On September 14, 2012, the parties entered into both a Master Supply Agreement (MSA) and a Multi-Annual Contract (MAC). Paragraph 26 of the MSA specifically incorporated Bosch's North American Terms and Conditions of Purchase (POTC) requirements. In fact, said paragraph provides that, in the event that the MSA and another individual contract contradict, the POTC "shall prevail." (MSA at paragraph 26).

Under Paragraph 32 of the POTC (emphasis added):

> 32.1    Buyer and Seller shall first endeavor to resolve through good faith negotiations any dispute arising under the Order. IF a dispute cannot be resolved through good faith negotiations within a reasonable time, either party may request non-binding mediation by a mediator approved by both parties. If mediation fails to resolve the dispute within thirty (30) days after the first mediation session, all disputes arising out of or relating to the Order shall be resolved through binding arbitration. The arbitration proceedings shall be conducted before a panel of three arbitrators (one appointed by each party and the neutral appointed by the other two arbitrators) in accordance with the Commercial Rules of the American Arbitration Association including application of the Optional Rules for Emergency Measures of Protection and shall be governed by the United States

Arbitration Act and this Section 32. The arbitration shall be conducted in the city and state, district or province of Buyer's primary place of business, and the language of the arbitration shall be English. The arbitrators shall issue a written opinion setting forth the basis for the arbitrator's decision, which may include an award of legal fees and costs. **While arbitration proceedings are pending, the parties shall continue to perform their obligations under the Contract without setoff for any matters being contested in the arbitration proceedings.**

Based on the foregoing, Plaintiff argues that Defendants are "required to continue supplying the Battery Cells . . . while the parties engage in the dispute resolution provisions required by the Supply Agreements." And, Plaintiff points out, despite claiming that the batteries are non-conforming, it has continued to place orders for batteries and accept shipments of the same regardless of the merit of Defendants' breach of contract claim – as it is bound by the same performance obligation.

In response, Defendants spend much of their time arguing the merits of the underlying dispute – rather than the true issue – whether battery shipments must continue while the parties resolve their underlying dispute.

What little is offered by Defendants – that the Cobasys Terms control rather than the POTC – is unpersuasive. Further, the Court rejects Defendants' argument that the arbitration is a prerequisite to continuing performance. This reading strains logic and a common-sense interpretation of this provision. Read as a whole, Paragraph 32.1 takes great pains to provide that the parties try to resolve disputes through various ADR methods, and while those methods are explored, the parties continue to perform their obligations under their Agreements.

Next, Plaintiff argues that it will suffer irreparable harm if Defendants stop battery shipments – which would stop production of Chrysler's 500e and significantly damage Plaintiff's relationship with Chrysler. Further, under Paragraph 8.2 of the POTC, the parties agreed that

Received for Filing Oakland County Clerk 2014 JUN 19 PM 01:25

3

Received for Filing Oakland County Clerk 2014 JUN 19 PM 01:25

money damages were not a sufficient remedy if Defendant stopped performing under the agreements.

In support of its claim that a damaged business reputation can constitute irreparable harm, Plaintiff cites to Kelsey-Hayes Co v Galtaco Redlaw Castings Corp, 749 F Supp 794, 798 (ED Mich 1990). The Kelsey-Hayes Court concluded that irreparable harm can be established via the potentially catastrophic disruption of the supply chain to the automotive industry. The Court is persuaded by this reasoning.

While this case does not involve typical "just-in-time" delivery, the batteries are produced in Korea and shipped by sea to Plaintiff. The transit time is long, and any disruption could potentially cause Plaintiff to be unable to provide the battery packs to Chrysler, which would result in 500e production shutdown. Should this happen, Plaintiff's goodwill and reputation with Chrysler may be immeasurably damaged.

Next, Plaintiff argues that the issuance of an injunction will not harm Defendants more than not issuing one. The Court agrees and rejects Defendants claim that Plaintiff is building its damages with each battery shipment. Rather, as Plaintiff argues, it is mitigating its potential damages by accepting the "non-conforming" battery cells and subsequently modifying them to meet specifications. Damages are likely far worse than Defendants not shipping any batteries – causing a production shutdown.

Finally, Plaintiff claims that "public policy strongly favors the issuance of an injunction." The Court agrees and Defendants offer no real substantive argument otherwise.

For all of the foregoing reasons, the Court finds that Plaintiff has established its entitlement to a preliminary injunction. Defendants are to continue shipping the battery cells as

required by the parties' agreements while the parties engage in the ADR process to resolve their underlying dispute.  Plaintiff may prepare and file an appropriate Injunctive Order.


**IT IS SO ORDERED.**


June 19, 2014_____                    __/s/ James M. Alexander_____
Date                                     Hon. James M. Alexander, Circuit Court Judge

Received for Filing Oakland County Clerk 2014 JUN 19 PM 01:25

# EXHIBIT 6

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

JVIS-USA, LLC, a Michigan limited liability
company,

        Plaintiff,

v.

NXP SEMICONDUCTORS USA, INC., a
Delaware corporation; AVNET, INC., a New York
corporation; and FUTABA CORPORATION OF
AMERICA, an Illinois corporation,

        Defendants.

Hon.

Case No.    21-        CB

_____/

David B. Viar (P43479)
Martha J. Olijnyk (P60191)
Attorneys for Plaintiff
THE MILLER LAW FIRM, P.C.
950 W. University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
_____/

## *EX PARTE* TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

This Court, having reviewed Plaintiff's Emergency and *Ex Parte* Motion for a Temporary Restraining Order and Order to Show Cause why a Preliminary Injunction Should Not Issue, brief in support, and Verified Complaint, and the Court being otherwise duly advised in the premises:

**IT IS HEREBY ORDERED THAT**:

1.    This Court is satisfied after reviewing the Motion, Brief, and Verified Complaint that Plaintiff will face immediate irreparable injury unless a temporary restraining order is issued. Without such an order, Plaintiff would suffer a disastrous loss of goodwill, its plant would shut down, its OEM customer's plant would shut down as would the plant of the integrator, and

countless automobile workers would be unable to work. This Order was granted without notice because of the immediacy of the irreparable harm and the certainty that the Defendant will not rescind its threats. MCR 3.310(B)(2)(b).

2.      Accordingly, Defendants are ordered to continue to supply parts to the Plaintiff under the quantity and supply terms described in the controlling Purchase Order and Releases and JVIS Terms and Conditions of Purchase.

3.      On ___ ____, 2021 at _____, Defendants shall appear before this Court to show cause why a preliminary injunction ordering the relief described above should not be issued. MCR 3.310(B)(2)(c).

4.      Defendants shall file a brief in response to Plaintiff's Motion by _____ ____, 2021.

5.      Plaintiff shall serve a copy of this Order on Defendants within ____ days of its issuance.

6.      Plaintiff is not required to give security because the Court is satisfied this Order does nothing more than require Defendants to do what they are already contractually required to do. MCR 3.310(D)(1-2).

7.      This Order shall remain in effective immediately and remains effective until further order of this Court.

8.      This is not a final order and this order does not close this case.

**IT IS SO ORDERED**.

**Date**:_____              _____
                                       Hon.
                                       Circuit Court Judge

# EXHIBIT F

FILED by Macomb County Circuit Court
4/1/2021 12:33:44 PM
STATE OF MICHIGAN
2:21-cv-10801-SDD-APP   ECF No. 1-1, PageID.149   Filed 04/09/21   Page 149 of 157
2021-001133-CB
JVIS USA LLC VS. N2

# EMERGENCY
## REQUEST FOR HEARING
## ON A MOTION
## NOTICE OF HEARING
## PROOF OF SERVICE

| | Circuit Court No: |
|---|---|
| STATE OF MICHIGAN<br>COUNTY OF MACOMB<br>CIRCUIT COURT | 2021-001133-CB |

| Plaintiff Name:<br>JVIS-USA, LLC | v | Defendant Name:<br>NXP Semiconductors USA, INC., et al |
|---|---|---|

1. Motion(s): Plaintiff's Verified Emergency & Ex Parte Motion for a TRO & Order to Show Cause

2. Relief sought: Grant Motion for TRO

3. Moving Party: Plaintiff

   Attorney for moving party: David B. Viar                               (P 43479 )

   Phone Number of Attorney/Moving Party: ( 248 ) 841-2200

4. Responding parties/attorneys (include Bar No.(s))

   | (P    ) | | (P    ) |
   |---|---|---|
   | (P    ) | | (P    ) |
   | (P    ) | | (P    ) |

5. ☐ I certify that I made personal contact with the individual(s) listed below requesting concurrence in the relief sought but it was denied:

   ☐ I certify that I made reasonable and diligent efforts to contact the individual(s) listed below but was unable to do so:

   Concurrence was not sought for the reasons stated in the Certification of Counsel        4/1/21

   _Individual(s) contacted_                                                                _Date(s)_

6. **NOTICE OF HEARING:**      The above motion(s) will be heard as follows:

   | Judge<br>Hon Judge Kathryn Viviano | Date<br>04/12/2021 | Time<br>8:30am |
   |---|---|---|

   **Please note:  Per LCR 2.119 and MCR 2.116(G)(1)(c) and MCR 2.119(A)(2), a copy of a motion or response must be provided to the office of the judge hearing the motion!  Judge's copy must be clearly marked "JUDGE'S COPY."**

   _/s/ David B. Viar_                                        April 1, 2021

   Signature of moving attorney or party                  Date

   | ☐ Motion Fee Paid    **FOR COURT USE ONLY** | |
   |---|---|
   | Adj to: _____ | ☐ THIS MOTION IS REFERRED TO A FRIEND OF THE COURT REFEREE |

7. **PROOF OF SERVICE:**

   I certify that I mailed a copy of this document and the motion(s) referred to in paragraph 1 to the attorneys or parties of record by ordinary mail addressed to their last known addresses.  I declare that the statements above are true to the best of my information, knowledge and belief.

   _Angelique Batchelder_                                     April 1, 2021

   Signature of person serving document                   Date

(2/24/05)

# EXHIBIT G

FILED by Macomb County Circuit Court
4/1/2021 12:33:44 PM
Service, Submitted, and File

2:21-CV-10801-SDD-APP    ECF No. 1, PageID.151    Filed 04/09/21    Page 151 of 157

2021-001133-CB
JVIS USA LLC VS. N

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

JVIS-USA, LLC, a Michigan limited liability
company,

        Plaintiff,                           Hon. Kathryn Viviano
                                           Case No.: 21-001133-CB

v.

NXP SEMICONDUCTORS USA, INC., a
Delaware corporation; AVNET, INC., a New York
corporation; and FUTABA CORPORATION OF
AMERICA, an Illinois corporation,

        Defendants.

_____/

David B. Viar (P43479)
Martha J. Olijnyk (P60191)
Attorneys for Plaintiff
THE MILLER LAW FIRM, P.C.
950 W. University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
dbv@miller.law
mjo@miller.law
_____/

## **CERTIFICATION OF COUNSEL**

When Plaintiff's counsel contacted Defendant NXP seeking adequate assurances of
performance pursuant to the Uniform Commercial Code, NXP immediately reduced the number
of microprocessors allocated to JVIS by 15,000 microprocessors.  Plaintiff has not attempted to
contact Defendants directly to advise them of the filing of this lawsuit and of the relief sought
herein because of past history and based on a justifiable fear that if Defendants are contacted today,
NXP will immediately discontinue all supply microprocessors or make further and substantial cuts
in is allocation of microprocessors it makes available to JVIS; thereby guarantying the shut down
of JVIS and FCA production for the Jeep Grand Cherokee and other high volume FCA vehicles.

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**
*Attorneys for Plaintiff*

*/s/  David B. Viar*
David B. Viar (P43479)
950 W. University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
dbv@miller.law
mjo@miller.law

Dated:  April 1, 2021

# EXHIBIT H



# *Anthony G. Forlini*

## Macomb County Clerk
### Register of Deeds

**Kathy Smith**
Chief Deputy Clerk

---

TO: ___FILER_____

FROM: Macomb County Clerk of the Court

RE: _2021-001133-CB_____ 16th Circuit Court Case Number

JUDGE: _KATHRYN VIVIANO_____

---

This is to inform you that the above mentioned case is deemed an e-filing case pursuant to Administrative Order No. 2019-4. It is MANDATORY that all further filings in this matter are to be filed electronically through the court's e-filing website at:

### http:// mifile.courts.michigan.gov

Registration instructions, filing instructions, the administrative order and frequently asked questions can be found on the court's website at:

### http://circuitcourt.macombgov.org/CircuitCourt-eFilingResources

All parties must register with the court and opposing parties one e-mail address for service. Service will be provided electronically to the email address that you provide. All parties must also register an email address with the TruFiling e-filing system. Each individual is responsible for the accuracy of the registered email address.

For TrueFiling technical support, please call 1-855-959-8868, or send an email to:

### support@truefiling.com.

You are required to serve this notification on all parties when perfecting service on the Complaint. Also, if you have not previously provided your email address to our office when submitting documents for filing, it is now required that you furnish it in order for us to update our records.

If you need help in submitting your filing electronically, assistance is available in the Circuit Court I.T. Department on the 6th Floor. Computers, scanners and staff are available to assist you during normal business hours 8:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m.

**Court Section**
40 North Main Street, 1st Floor
Mount Clemens, MI 48043

586-469-5351; Fax: 586-469-5364
macombgov.org/ClerkRoD
courtclerk@macombgov.org

**Court Section File Room**

40 North Main Street, 1st
Floor Mount Clemens,
MI 48043
586-469-5199; Fax: 586-469-5365
macombgov.org/ClerkRoD
fileroom@macombgov.org
01.17.2020

# EXHIBIT I

Dear Litigant,

In an effort to minimize contact with the risk of COVID-19, the Court will not conduct in-court, personal proceedings.  All court proceedings will be conducted remotely by Zoom video and/or audio conferences. (See instructions below.)

You are receiving this communication because the hearing on **MOTION FOR INJUNCTION** is scheduled on **04/12/21** which will be held remotely.

PROCEDURE:

1. <u>Hearing Date and Time</u>.  Your remote hearing is scheduled on **4/12/21** at **8:30 AM**

2. <u>Join the Zoom Meeting – Instructions</u>.  All parties should do one of the following to join the meeting at the time of the call:

   - Windows, Android, and Apple Devices - https://miscao.zoom.us/j/9046634929

   - Alternative for Windows Desktops and Laptops  - Go to the Zoom Web Site (zoom.us), Click on "Join a Meeting" and enter Meeting ID 904 663 4929.

   - Alternative for Android and Apple Phones and Tablets - Download the Zoom app from the store prior to the call.  Click on "Join a Meeting" and enter Meeting ID 904 663 4929.

   Password Note:  If secure call then use Password for all access methods.

   - Phone Call Only (No Video) - Call 646 876 9923 and enter Meeting ID 904 663 4929

   - Polycom and other H323 Systems - Dial 162.255.37.11##9046634929

3.  Enter your name and case number for "**Your Name**".  For example "John Doe 20-1234-NI".

4.  Click "**Join with Computer Audio**" (for Desktops and Laptops).  Click "**Call using Internet Audio**" (for Phones and Tablets).

5. <u>Waiting Room</u>. **You will be immediately placed into a waiting room** called "Hon. Kathy Viviano's Personal Meeting Room".  Upon calling in, your line will be MUTED. *Do not hang up or leave the meeting.*

6.  The Judicial Clerk will bring you "into" the virtual hearing at or around the designated time.  *Before speaking, please wait until your line is unmuted by the Court.*

7.  Once you are done with the virtual hearing click "**Leave Meeting**".

Please contact me with any questions.